FILED
U.S DISTRICT COURT
EASTERN DISTRICT ARKANSAS

JUL 27 2016

JAMES W. McCORMACK, CLERK
By:_____
                    DEP CLERK

UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF ARKANSAS
LITTLE ROCK DIVISION

DAVID A. STEBBINS                                                 PLAINTIFF

VS.                    CASE NO. 16-4:16cv545

STATE OF ARKANSAS, ARKANSAS
REHABILITATION SERVICES, AND AMY JONES           DEFENDANTS

## MOTION FOR APPOINTMENT OF COUNSEL

Comes now, *pro se* Plaintiff David Stebbins, who hereby submits the following motion for appointment of counsel in the above-styled action.

1. This court has the authority to appoint counsel in cases where the Plaintiff is proceeding *in forma pauperis*. See 28 U.S.C. § 1915(e)(1). The Eighth Circuit holds that these motions should routinely be granted in civil rights cases, as those cases tend to be inherently complex in the factual and legal issues they raise. See *Peterson v. Nadler*, 452 F. 2d 754, 757 (8th Cir. 1971). Discrimination claims have also been held to meet this standard. See *Slaughter v. City of Maplewood*, 731 F. 2d 587, 589 (8th Cir. 1984).

2. *Slaughter* has also held that the three major factors, in addition to the complexity of to consider are (1) the plaintiff's financial resources, (2) the plaintiff's efforts to secure counsel, and (3) the merits of the discrimination claim. See *id* at 590.

3. Plaintiff is, unquestionably, indigent. See his Application for Leave to Proceed In Forma Pauperis.

4. Plaintiff has attempted to secure counsel. However, the only counsel Plaintiff can afford is the *pro bono* law firm of Disability Rights Arkansas. These people have refused to provide Plaintiff any services, and Plaintiff does not know why. See Exhbiit A. Plaintiff attempted to find a private attorney willing to represent him in this case on contingency, but the Disability Rights

AR attorney was unable to find any private attorneys willing to do this, back when he was willing to provide any legal services to Plaintiff whatsoever. See Exhibit B.

5.  Lastly, Plaintiff's claim has merit. He has provided such facts that, if proven, no reasonable jury could possibly issue a verdict in the Defendants' favor. The Defendants in this case went out of their way to deny Plaintiff services and funding almost entirely on the basis of Plaintiff's disabilities and statutorily protected activities. It is clear, from Plaintiff's Complaint, that they acted entirely out of spite and malice, and never even took two minutes to consider the possibility that Plaintiff might be able to push through his disabilities and thrive despite them, or if he could thrive with reasonable accommodations. They did not even pretend like it was even a little bit legitimate.

6.  Therefore, public policy, as set by Eighth Circuit precedent, dictates that Plaintiff be allowed the appointment of counsel.

7.  WHEREFORE, premises considered, Plaintiff respectfully requests that he be appointed counsel, and any other relief to which he may be entitled.

So requested on this, the 18th day of July, 2016.

David Stebbins
123 W. Ridge St.,
APT D
Harrison, AR 72601
870-204-6516
stebbinsd@yahoo.com

**Subject:** RE: Scanned image from MX-4141N
**From:** Thomas Nichols (TNichols@disabilityrightsar.org)
**To:** stebbinsd@yahoo.com;
**Date:** Friday, July 15, 2016 3:09 PM

I've spoken with my legal director and she shares my concern that we cannot meet your expectations. That said, I am closing your file. If I do receive records from you're your therapist beyond what I've already provided, then I will send them to you. I will forward you our grievance policy with my closing letter.

–Thomas

Exhibit A

**Subject:** RE: Are you going to reply?
**From:** Thomas Nichols (TNichols@disabilityrightsar.org)
**To:** stebbinsd@yahoo.com;
**Date:** Thursday, March 31, 2016 3:17 PM

I've not been able to find any attorneys who are willing to take an ADA Title II case on contingency. Have you reapplied to ARS?

—Thomas

Exhibit B