# IN THE UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF ARKANSAS
# WESTERN DIVISION

DAVID A. STEBBINS                                                                           PLAINTIFF

V.                                       No. 4:16CV00545-JM

STATE OF ARKANSAS,
ARKANSAS REHABILITATION SERVICES,
and AMY JONES                                                                              DEFENDANTS

## ORDER

On July 27, 2016, Plaintiff David A. Stebbins filed this *pro se* civil action alleging disability-discrimination and retaliation claims under the Americans with Disabilities Act ("ADA") and 42 U.S.C. § 1983. *Doc. 2*. He also filed a Motion for Leave to Proceed *In Forma Pauperis*, *Doc. 1*, and a Motion for Appointment of Counsel, *Doc. 3*. The motions have been referred for decision. *Doc. 4*.

**I.     Motion for Leave to Proceed *In Forma Pauperis* (*Doc. 1*)**

Based on the financial information provided, Mr. Stebbins does not have sufficient funds to pay the filing fee. Accordingly, his Motion for Leave to Proceed *In Forma Pauperis* is GRANTED.[1] Mr. Stebbins may proceed without prepayment

---

[1] For purposes of initial screening under the *in forma pauperis* statute, the Court has liberally construed Mr. Stebbins's *pro se* complaint and given him every benefit of the doubt. *See* 28 U.S.C. § 1915(e)(2)(B) (requiring dismissal of *in forma pauperis* actions that are frivolous or malicious, fail to state a claim on which relief can be granted, or seek monetary relief against a defendant who is immune from such relief). However, this does not mean that

of fees and costs or security therefor.

Service cannot be ordered at this time because Mr. Stebbins has not provided mailing addresses for any of the Defendants, which are necessary to prepare the summonses and serve them. **Therefore, Mr. Stebbins is directed to file the mailing addresses of each of the Defendants listed in his Complaint on or before September 29, 2016.** If he fails to provide the addresses by September 29, 2016, and fails to seek an extension, the Complaint may be dismissed for failure to prosecute.

## II.   Motion for Appointment of Counsel (*Doc. 3*)

A *pro se* litigant does not have a constitutional or statutory right to appointment of counsel in a civil case. *Ward v. Smith*, 721 F.3d 940, 942 (8th Cir. 2013). Rather, the Court has discretion to determine whether appointment of counsel is appropriate for an indigent person. *Id.*; *see* 28 U.S.C. § 1915(e)(1) ("The court may request an attorney to represent any person unable to afford counsel."). Factors bearing on the determination include: the factual and legal complexity of the issues; the existence of conflicting testimony; and the ability of the indigent person to investigate the facts and present his claims. *Ward*, 721 F.3d at 942. The Court should also determine "whether

---

any of Mr. Stebbins's claims are meritorious or will survive affirmative defenses raised by the Defendants. As explained in another case litigated by Mr. Stebbins, "[his] extensive experience in filing lawsuits has equipped him with some knowledge of the law, and his skills in drafting are often sufficient to at least raise a question as to factual matters alleged that could constitute a claim, thereby preventing dismissal of the complaint as frivolous upon initial review." *Stebbins v. Stebbins*, W.D. Ark. No. 3:12-CV-03130-PKH, *doc. 21* at 2 n.1.

the nature of the litigation is such that plaintiff as well as the court will benefit from the assistance of counsel." *Nelson v. Redfield Lithograph Printing*, 728 F.2d 1003, 1005 (8th Cir. 1984).

In support of his Motion, Mr. Stebbins states that: the *pro bono* law firm of Disability Rights Arkansas has "refused to provide" him any services; he was unable to find a private attorney willing to represent him on a contingency basis; and "public policy ... dictates that [he] be allowed the appointment of counsel" because his claims have merit.

Court records show that Mr. Stebbins is an experienced litigator.[2] While he has capably articulated the factual and legal bases for his claims in his *pro se* Complaint, it is difficult, at this early stage of the proceedings, to evaluate the viability of his arguments or determine whether appointment of counsel would be beneficial. However, due to his prolific litigation history, Mr. Stebbins appears capable of proceeding without the assistance of counsel at this time.

Accordingly, Mr. Stebbins's Motion for Appointment of Counsel is DENIED

---

[2]Mr. Stebbins has litigated at least eighteen *pro se* actions in the Western District of Arkansas, six *pro se* actions in the Eastern District of Arkansas, and multiple actions in other states. *See Stebbins v. Hannah, et al.*, E.D. Ark. No. 4:15cv00436-JLH-JJV, *doc. 6* at 1-2 (listing cases).

without prejudice to renewal as the case progresses.[3] *See Nelson v. Shuffman*, 476 F.3d 635, 636 (8th Cir. 2007).

    IT IS SO ORDERED THIS 15th DAY OF September, 2016.

                                       /s/ J. Thomas Ray

                                 _____
                                 UNITED STATES MAGISTRATE JUDGE

---

[3] As a *pro se* litigant, Mr. Stebbins is required to be familiar and comply with all Federal Rules of Civil Procedure as well as the Local Rules of this Court. The Federal Rules of Civil Procedure are available in many libraries and bookstores and the Local Rules can be obtained from the District Clerk for the Eastern District of Arkansas.

    Mr. Stebbins is specifically advised of Local Rule 5.5(c)(2), which provides: "It is the duty of any party not represented by counsel to promptly notify the Clerk and the other parties to the proceedings of any change in his or her address, to monitor the progress of the case, and to prosecute or defend the action diligently. A party appearing for himself/herself shall sign his/her pleadings and state his/her address, zip code, and telephone number. If any communication from the Court to a pro se plaintiff is not responded to within thirty (30) days, the case may be dismissed without prejudice. Any party proceeding pro se shall be expected to be familiar with and follow the Federal Rules of Civil Procedure."