UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF ARKANSAS
LITTLE ROCK DIVISION

DAVID A. STEBBINS                                                      PLAINTIFF

VS.                        CASE NO. 4:16CV00545-JM

STATE OF ARKANSAS, ARKANSAS
REHABILITATION SERVICES, AND AMY JONES          DEFENDANTS

### OBJECTION TO [005] ORDER DENYING [003] MOTION FOR APPOINTMENT OF COUNSEL

Comes now, plaintiff David A. Stebbins, who hereby submits the following Objection, pursuant to Fed.R.Civ.P. 72(a), to the magistrate judge's order denying my Motion for Appointment of Counsel.

1. The Magistrate Judge appears to concede to nearly every objective portion of the precedent that governs whether or not a litigant should be afforded appointed counsel. His sole grounds for the denial is that I have filed some lawsuits in the past. According to him, this *alone* means that I am capable of proceeding without counsel.

2. He obviously fails to take into consideration any portion of those prior cases. Namely, the fact that I *have lost every single one of them*. So obviously, I must be doing something wrong! Either that, or the court would have to admit that it is judicial corruption that caused me to lose them all.

3. Indeed, the State of Arkansas has spent the past six years trying to get me to

stop filing *pro se* lawsuits (see the recent case 4:16CV00638-BRW). So obviously, they do not feel that I am capable of representing myself.

4. While a judge's findings of fact should be given deference, there is a difference between trusting a judge's judgment, and allowing the judge to pull arbitrary factual findings entirely out of thin air with no evidence to support them whatsoever. That is what the magistrate judge has done on this order. To him, # of lawsuits = capable. Why? Because he says so.

5. At this point, it appears to be less of a finding of fact and more of a punishment. Because I have exercised my right to court access in the past, I am no longer allowed the benefits of appointed counsel, even if I would have had those benefits if this were my first lawsuit.

6. That is unconstitutional. Even though there is no constitutional right to appointment of counsel, he still cannot use the exercise of a constitutional right as a basis for denying it. See *Perry v. Sindermann*, 408 US 593, 597 (1972).

> "For at least a quarter-century, this Court has made clear that even though a person has no 'right' to a valuable governmental benefit and even though the government may deny him the benefit for any number of reasons, there are some reasons upon which the government may not rely. It may not deny a benefit to a person on a basis that infringes his constitutionally protected interests—especially, his interest in freedom of speech. For if the government could deny a benefit to a person because of his constitutionally protected speech or associations, his exercise of those freedoms would in effect be penalized and inhibited. This would allow the government to 'produce a result which [it] could not command directly.'"

7.  The Magistrate Judge has offered no explanation as to how any of the *specific* elements of appointed counsel have been satisfied. He offers no explanation, whatsoever, how I am able to adequately investigate the claims. He points to no portion of my supposedly "prolific" litigation history showing where I ever demonstrated the ability to do that. Therefore, he has not shown that I am capable of presenting the claim.

8.  Indeed, he even admits that it is difficult to tell, this early in the litigation, whether the issues are complex enough to warrant appointed counsel. Despite this, he is not denying the motion without prejudice, but rather, is denying the motion outright. This is the epitome of "abuse of discretion."

9.  For all these reasons and more, I ask that the magistrate judge's order be overturned, and that I be appointed counsel for this case.

10. So requested on this, the 20th day of September, 2016.

                                                                              /s/ David Stebbins
                                                                              David Stebbins
                                                                              123 W. Ridge St.,
                                                                              APT D
                                                                              Harrison, AR 72601
                                                                              870-204-6516
                                                                              stebbinsd@yahoo.com