RECEIVED
U.S. DISTRICT COURT
EASTERN
2016 OCT 17 AM 10: 58
JAMES W. McCORMACK
BY:

FILED
U.S. DISTRICT COURT
EASTERN DISTRICT ARKANSAS
OCT 17 2016
JAMES W. McCORMACK, CLERK
By:_____ DEP CLERK

UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF ARKANSAS
LITTLE ROCK DIVISION

DAVID A. STEBBINS                                        PLAINTIFF

VS.                          CASE NO. 4:16CV00545-JM

STATE OF ARKANSAS, ARKANSAS
REHABILITATION SERVICES, AND AMY JONES        DEFENDANTS

## MOTION AND INCORPORATED BRIEF IN SUPPORT THEREOF FOR FEDERALLY-FUNDED TELEPHONE MEDIATION

Comes now, *pro se* Plaintiff David Stebbins, who hereby submits the following motion for the Court to issue a federally-funded mediation in the above-styled action.

1.      Although I am not aware of the statute that does this, I do know that federal courts have discretion to authorize mediations in nonfrivolous cases. Please use the precedent of Haines v. Kerner, 404 U.S. 520 (1971) and try to identify the statute yourself.

2.      This Court has decided that I have stated a claim upon which relief can be granted, since it granted my application for leave to proceed *in forma pauperis*. See Doc. 5; the Courts are not supposed to do that if they feel that the claim is frivolous. See 28 USC § 1915(e)(2). As such, this Court has decided that, if I can prove my claims exactly as I described them in the Complaint, I would be entitled to relief.

(a) It is important to note that, considering that my essential elements for all three claims are either judicially noticeable (such as the statutorily protected activities), or are based on written statements the Defendant served on me, that means that I cannot possibly lose this case without suffering sanctions under Fed.R.Civ.P. 11. Either the Defendants discriminated and retaliated against me, or I'm just a liar. I either can produce the letters they sent me or I can't; there is no gray area.

3.    I have engaged in these mediations before. The most recent was in the Western District of Arkansas, in Case No 10-5125. Magistrate Judge Erin Setser ordered the mediation. She allowed me to participate by phone in order to compensate for my lack of transportation. See **Exhibit A**. So I am slightly familiar with how these things work.

4.    I ask this Court to use its discretion mentioned in Paragraph 1 and order the parties to attend a mediation and federal expense.

5.    The benefits of settling through this mediation are numerous.

(a) The Court could immediately save a ton of money by not having to take the case to jury trial.

(b) I can hopefully enroll in college as early as Spring of 2017, reducing the "lost wages" spoken of in Paragraph 61 of the Complaint by as much as half.

6.    There are many other potential benefits besides these.

7.    However, if you agree to schedule this mediation, I would be unable to attend unless I were allowed to participate by telephone. Either that, or you would have to come to me (such as by holding it in the federal courthouse in Harrison, rather than in Little Rock). Either way is fine with me, but I cannot pay to travel any farther than I can walk.

8.    So requested on this, the 14th day of October, 2016.

David Stebbins
123 W. Ridge St.,
APT D
Harrison, AR 72601
870-204-6516
stebbinsd@yahoo.com

**Subject:** Re: Can the settlement conference be relocated?

**From:** Gina_Hellums@arwd.uscourts.gov (Gina_Hellums@arwd.uscourts.gov)

**To:** stebbinsd@yahoo.com;

**Cc:** svarady@uark.edu; ELSsettle@arwd.uscourts.gov;

**Date:** Monday, May 21, 2012 4:01 PM

Mr. Stebbins:

Judge Setser will allow you to participate in the settlement conference via telephone. Please provide the court with your telephone number.

Gina Rhodes Hellums
Courtroom Deputy for
U S Magistrate Judge Erin L. Setser
(479) 251-1946 chambers
(479) 695-4426 direct-line

From:    David Stebbins <stebbinsd@yahoo.com>
To:    "elssettle@arwd.uscourts.gov" <elssettle@arwd.uscourts.gov>, Scott Varady <svarady@uark.edu>
Date:    05/20/2012 04:42 AM
Subject:    Can the settlement conference be relocated?

Dear Hon. Setser,

I am in receipt of your order setting a mandatory mediation with you (or at least, I *think* you will be the mediator; that's the impression the order gave me) on November 1. Given the fact that you want a Joint Motion to Cancel to be sent to this email address, I am assuming that this mediation will have some relaxed rules, which is why I am not filing this motion with the Clerks' office (though, as you can see, I am CCing this email to the Defense Counsel, so that it's not ex parte). I hope that's okay.

I was hoping the settlement conference can be relocated to the Harrison federal courthouse. Yes, I understand that this case has its personal jurisdiction grounded in Fayetteville, and under normal circumstances, I would accept that.

But the problem is, I have no mode of transportation, at least not to Fayetteville, as I currently have no car. I can use a bicycle around Harrison, but Fayetteville is not within biking distance. It's not like I'm training for Tour de France or anything.

This Court has seen my *in forma pauperis* applications, both in this case and more recently. It knows

how indigent I am.  Hiring a taxi is way outside of anything this Court could reasonably expect me to do.

I fortunately live within walking distance (let alone biking distance) from the Harrison federal courthouse, and can attend that courthouse when the time comes, no problem.

Thank you, and please respond promptly.

Sincerely,
David Stebbins