IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
LITTLE ROCK DIVISION

**DAVID A. STEBBINS**                                                              **PLAINTIFF**

**v.**                              **NO. 4:16-CV-545-JM**

**STATE OF ARKANSAS, ARKANSAS**                        **DEFENDANT**
**REHABILITATION SERVICES, AND**
**AMY JONES**

### DEFENDANTS' MOTION TO DISMISS

COME NOW Defendants the State of Arkansas, Arkansas Rehabilitation Services, and Amy Jones, by and through their attorneys, Attorney General Leslie Rutledge and Assistant Attorney General Amber R. Schubert, and for their Motion to Dismiss Plaintiff's Complaint pursuant to Rule 12(b)(6), state as follows:

1. Plaintiff David Stebbins filed this action alleging Defendants Amy Jones and Arkansas Rehabilitation Services ("ARS") violated his civil rights pursuant to 42 U.S.C. § 1983 and his rights under Title II of the Americans With Disabilities Act (ADA), and seeks a total of $744,537.50 in damages. Plaintiff also names the State of Arkansas as a Defendant, although he makes no allegations against the State in his Complaint.

2. Plaintiff alleges that he applied for but was denied money from ARS to fully fund a renewed attempt to complete a college education. Plaintiff alleges that he was denied the funds not because he was ineligible for them, but because he, like all of the individuals served by ARS, has a disability. Stebbins further alleges that ARS denied him money in retaliation for filing lawsuits against entities other than ARS.

3. Plaintiff's claims against ARS must be dismissed because it is clear from the allegations in his complaint that he was not eligible to receive assistance from ARS. Therefore,

1

Plaintiff was not a qualified individual with a disability as required to state a claim for relief under Title II of the ADA.

4. Title II of the ADA provides, in relevant part, "no qualified individual with a disability shall, by reason of such disability, be excluded from participation in or be denied the benefits of the services, programs, or activities of a public entity, or be subjected to discrimination by any such entity." 42 U.S.C. § 12132. However, Plaintiff was not a "qualified individual with a disability" as it pertains to ARS services.

5. Only those individuals "whose rehabilitation the Director of the Arkansas Rehabilitation Services determines, after full investigation, can be satisfactorily achieved…" are eligible for ARS services. Ark. Code Ann. § 20-79-213(a)(1). The facts in Plaintiff's complaint show that he was not, without further counseling for existing symptoms, able to be satisfactorily rehabilitated into the workplace.

6. Similarly, because Plaintiff was denied assistance from ARS because he was ineligible for assistance and not based on any retaliatory motive, Plaintiff's retaliation claims under both the ADA and § 1983 fail as a matter of law.

7. Both the ADA and § 1983 require a causal connection between an adverse action and engaging in a protected activity to state a prima facie claim of retaliation.

8. First, the facts in Plaintiff's complaint do not state that he engaged in a protected activity under either the ADA or § 1983.

9. Second, Plaintiff cannot establish the necessary causal connection between the denial of ARS services and the filing of previous lawsuits against entities other than ARS because the facts show that his denial was due to his ineligibility for assistance.

10. Moreover, Plaintiff's claims are completely barred by sovereign immunity because the Eleventh Amendment bars suits against states and state agencies in federal court. *Pennhurst State School & Hosp. v. Halderman,* 465, U.S. 89 (1984).

11. The State of Arkansas and its agencies and officials have not consented to suit in the federal courts under either Title II of the ADA or 42 U.S.C. § 1983. *See Alsbrook v. City of Maumelle*, 184 F.3d 999, 1010 (8th Cir. 1999); *Will v. Michigan Department of State Police*, 491 U.S. 58 (1989).

12. A brief in support is being filed contemporaneously with this Motion.

**WHEREFORE**, Defendants the State of Arkansas, Arkansas Rehabilitation Services, and Amy Jones, pray that their Motion to Dismiss be granted and for all other just and proper relief to which they are entitled.

Respectfully submitted,

Leslie Rutledge
Attorney General

By:   /s/ Amber R. Schubert
Arkansas Bar No. 09150
Assistant Attorney General
323 Center Street, Suite 200
Little Rock, Arkansas 72201
Telephone: (501) 682-2081
Facsimile:  (501) 682-2591
amber.schubert@arkansasag.gov

*Attorneys for Defendants*

## **CERTIFICATE OF SERVICE**

I, Amber R. Schubert, Assistant Attorney General, do hereby certify that on November 10, 2016, I electronically filed the forgoing with the Clerk of the Court using the CM/ECF system.

I, Amber R. Schubert, hereby certify that on November 10, 2016, I mailed the document by U.S. Postal Service to the following non CM/ECF participant:

Mr. David Stebbins
123 W. Ridge St., Apt. D
Harrison, Arkansas 72601

/s/ Amber R. Schubert