## IN THE UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF ARKANSAS
## LITTLE ROCK DIVISION

**DAVID A. STEBBINS**                                                             **PLAINTIFF**

**v.**                             **NO. 4:16-CV-545-JM**

**STATE OF ARKANSAS, ARKANSAS**                            **DEFENDANT**
**REHABILITATION SERVICES, AND**
**AMY JONES**

### DEFENDANTS' RESPONSE TO MOTION FOR
### EXTENSION OF TIME AND FOR SANCTIONS

COME NOW Defendants the State of Arkansas, Arkansas Rehabilitation Services, and Amy Jones, by and through their attorneys, Attorney General Leslie Rutledge and Assistant Attorney General Amber R. Schubert, and for their Response to Plaintiff's Motion for Extension of Time and for Sanctions, state as follows:

1.  Plaintiff David Stebbins filed his Complaint in this action on July 27, 2016 along with an application to proceed *in forma pauperis*. This Court granted Plaintiff *in forma pauperis* status on September 15, 2016.  On October 20, 2016, Defendants Arkansas Rehabilitation Sevices ("ARS") and Amy Jones were served by certified mail.  Defendant State of Arkansas was served by certified mail to the Attorney General's office on November 9, 2016.

2.  Plaintiff alleges Defendants Amy Jones and Arkansas Rehabilitation Services ("ARS") violated his civil rights pursuant to 42 U.S.C. § 1983 and his rights under Title II of the Americans With Disabilities Act (ADA), and seeks a total of $744,537.50 in damages.  Plaintiff also makes no allegations against Defendant State of Arkansas in his Complaint.

3. On November 10, 2016, Defendants filed a Motion to Dismiss Plaintiff's Complaint for failure to state a claim upon which relief can be granted, and because Plaintiff's claims are barred Eleventh Amendment sovereign immunity.

4. On that same day, November 10, 2016, counsel for Defendants placed a copy of the Motion to Dismiss Plaintiff's Complaint, along with a Brief in Support therefore, and a Notice of Appearance in the mail to Plaintiff at the address on his Complaint.

5. The documents were sent via regular mail as stated in the certificate of service signed by undersigned counsel on each of the three documents filed with the Court on November 10, 2016.

6. On Monday, November 14, 2016, Plaintiff emailed undersigned counsel stating that he never received a copy of the documents in the mail, and that he would be moving for an extension of time to respond and for sanctions. See Exhibit A.

7. Undersigned counsel responded to Plaintiff's email stating that a scanned copy of the documents that were mailed to Plaintiff along with an enclosure letter signed by undersigned counsel dated November 10, 2016 were attached. See Exhibit B.

8. Unfortunately, undersigned counsel forgot to include the attachment on that initial email response to Plaintiff, and followed up with a second email attaching the documents. See Exhibit C.

9. Plaintiff states in his Motion for Sanctions that Defendants should be required to show proof that the documents were actually mailed to Plaintiff. However, the Federal Rules of Civil Procedure do not require mailing of documents to party litigants in a manner that provides proof of receipt. As stated in the certificates of service on the documents in question, the

documents were mailed to Plaintiff via first-class mail, and that fact is attested to by the signature of undersigned counsel.

10. For the reasons stated above, Plaintiff's motion for sanctions is unwarranted and should be denied.

11. Plaintiff also requests an extension of time to file his response to the Defendants' Motion to Dismiss. Specifically, Plaintiff requests that his response date run from the date Defendants can prove that they mailed him the relevant documents. In addition to the copy of the enclosure letter dated November 10, 2016, and the certificate of service certifying the documents were placed in the mail on November 10, 2016, undersigned counsel emailed a copy of the file-marked documents and the enclosure letter on November 14, 2016, and it cannot be disputed that Plaintiff received the documents in question, including Defendants' Motion to Dismiss, via email on November 14, 2016.

12. Defendants have no objection to Plaintiff's requested extension of time.

**WHEREFORE**, Defendants the State of Arkansas, Arkansas Rehabilitation Services, and Amy Jones, pray that Plaintiff's Motion for Sanctions be denied, that their Motion to Dismiss be granted, and for all other just and proper relief to which they are entitled.

                Respectfully submitted,

                Leslie Rutledge
                Attorney General

By:   /s/ Amber R. Schubert
       Arkansas Bar No. 09150
       Assistant Attorney General
       323 Center Street, Suite 200
       Little Rock, Arkansas 72201
       Telephone: (501) 682-2081
       Facsimile:  (501) 682-2591
       amber.schubert@arkansasag.gov

       *Attorneys for Defendants*

## CERTIFICATE OF SERVICE

     I, Amber R. Schubert, Assistant Attorney General, do hereby certify that on November 21, 2016, I electronically filed the forgoing with the Clerk of the Court using the CM/ECF system.

     I, Amber R. Schubert, hereby certify that on November 21, 2016, I mailed the document by U.S. Postal Service to the following non CM/ECF participant:

Mr. David Stebbins
123 W. Ridge St., Apt. D
Harrison, Arkansas 72601

                /s/ Amber R. Schubert