IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
WESTERN DIVISION

DAVID A. STEBBINS                                                                                      PLAINTIFF

V.                                              4:16CV00545

STATE OF ARKANSAS, ARKANSAS
REHABILITATION SERVICES, AND
AMY JONES                                                                                              DEFENDANTS

## ORDER

      Plaintiff asks the Court to explain why his Motion for Sanctions was denied in the Order dated November 21, 2016. In his Motion for Sanctions, Plaintiff alleged that the Defendants failed to mail a copy of their Motion to Dismiss to him. He asked for an extension of time to respond to the Motion to Dismiss which was granted. He also made allegations of ex parte communications by the Defendants in an attempt to rig the case in their favor. As a sanction for the alleged failure to mail a copy of the Motion to Dismiss to him, Plaintiff asked the Court to require the Defendants to provide proof that they did, in fact, mail it. He stated that he should be given two weeks to respond to their Motion once Defendants provide a return receipt showing delivery was made. He also asked for an unspecified sanction for Defendants' alleged ex parte communications. The Court, however, ruled that sanctions were unwarranted.

      Plaintiff cites to many cases where a district court was reversed by a court of appeals for failure to provide an explanation of its ruling. A detailed explanation by the Court is generally not necessary when the Court denies a Rule 11 motion for sanctions. *See Szabo Food Service, Inc. v. Canteen Corp.,* 823 F.2d 1073 (7th Cir. 1987).

      The Court found sanctions to be unwarranted for reasons made abundantly clear in the Defendants' response to the sanctions motion. There is no way at this point for the Defendants to

prove that they mailed the motion. Plaintiff has been given an extension of time to respond to the motion and there is no proof that Plaintiff has been prejudiced by any delay. Further, there has been no ex parte communication or attempt at such communication by the Defendants. Therefore, there is no credible reason to sanction the Defendants.

    Plaintiff's Motion for Reconsideration (ECF No. 21) is DENIED.

    IT IS SO ORDERED this 12th day of December, 2016.

                                                  James M. Moody Jr.
                                                 United States District Judge