**IN THE UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF ARKANSAS**
**LITTLE ROCK DIVISION**

**DAVID A. STEBBINS**                                                        **PLAINTIFF**

**v.**                                        **NO. 4:16-CV-545-JM**

**STATE OF ARKANSAS, ARKANSAS**                              **DEFENDANT**
**REHABILITATION SERVICES, AND**
**AMY JONES**

**DEFENDANTS' RESPONSE TO PLAINTIFF'S**
**MOTION FOR SUMMARY JUDGMENT**

COME NOW Defendants the State of Arkansas, Arkansas Rehabilitation Services, and Amy Jones, by and through their attorneys, Attorney General Leslie Rutledge and Assistant Attorney General Amber R. Schubert, and for their Response to Plaintiff's Motion for Summary Judgment, state as follows:

1.      Plaintiff David Stebbins filed his Complaint in this action alleging Defendants Amy Jones and Arkansas Rehabilitation Services ("ARS") violated his civil rights pursuant to 42 U.S.C. § 1983 and his rights under Title II of the Americans With Disabilities Act (ADA), and seeks a total of $744,537.50 in damages.  Plaintiff also sued the State of Arkansas, but makes no allegations against the State of Arkansas in his Complaint.

2.      On November 10, 2016, Defendants filed a Motion to Dismiss Plaintiff's Complaint for failure to state a claim upon which relief can be granted, and because Plaintiff's claims are barred Eleventh Amendment sovereign immunity.

3.      On December 6, 2016, Plaintiff filed a response to Defendants' Motion to Dismiss and that motion is now pending before the Court.

4.      On December 23, 2016, Plaintiff filed a motion for summary judgment acknowledging the pending motion to dismiss and alleging that "it appears that the Court plans on denying the Defendant's [sic] Motion to Dismiss" because the Court issued an initial scheduling order.

5.      Plaintiff's assertion is unfounded.  Defendants' Motion to Dismiss is currently pending before this Court and ripe for decision.  Plaintiff's Motion for Summary Judgment is premature given the pending motion and the fact that no discovery has been, or could be, completed in this case.

6.      Defendants' Motion to Dismiss is in part based on the fact that the Defendants are entitled to sovereign immunity from Plaintiff's claims.  Sovereign immunity is immunity from suit, and if applicable would deprive this Court of jurisdiction over Defendants.  *See Humenansky v. Regents of University of Minnesota*, 152 F.3d 822, 823-24 (8th Cir. 1998).

7.      If this Court denies Defendants' Motion to Dismiss based on sovereign immunity, Defendants are entitled to take an interlocutory appeal on the issue of sovereign immunity prior to being required to litigate the case on the merits.

8.      Requiring Defendants to substantively respond to Plaintiff's Motion for Summary judgment prior to a ruling on the Motion to Dismiss and opportunity to appeal any adverse ruling on sovereign immunity pending would prejudice Defendants and undermine the purposes of sovereign immunity.

9.      Moreover, Plaintiff's Motion for Summary judgment should be denied because, as explained in Defendants' Motion to Dismiss, he has failed to state a claim for which relief can be granted.

10.     Throughout both his Complaint and his Motion for Summary Judgment Plaintiff confuses the tests for discrimination under Title I and Title II of the ADA.  Title I of the ADA covers employment discrimination.  Despite the fact that Plaintiff was never an employee of ARS and is not protected by Title I of the ADA, he repeatedly cites to Title I cases and refers to an "adverse action."

11.     Rather, Plaintiff's claims are brought under Title II of the ADA, which is the public accommodation section that requires only that a public entity make its services available to members of the public who are qualified to receive those services regardless of disability.  As thoroughly explained in Defendants' Motion to Dismiss, Plaintiff was not qualified to receive ARS services.

12.     Plaintiff's application for money from ARS to fully fund his renewed attempt to complete a college education was denied because he did not meet ARS criteria for receiving assistance, namely, the likely ability to succeed in the workforce with some temporary assistance from ARS.

13.     Attached to Plaintiff's Motion for Summary Judgment are a number of documents that support ARS's determination that Plaintiff was not qualified to receive its services, including the recommendation of a Licensed Psychological Examiner that Plaintiff be referred to a local mental healthcare provider and that he should "be able to demonstrate a period of stable functioning" before it would be appropriate for him to receive ARS services.  (D.E. 25, p. 6)

14.     Plaintiff repeatedly refers to his ability to achieve satisfactory academic process as the sole indicator that he was qualified to receive ARS services.  However, under the statutes which provide the rules and regulations under which ARS operates at the direction of the

legislature, academic success is not the determining factor for receiving ARS assistance, and Plaintiff's reliance on academics alone is misplaced.

15.    Plaintiff's Motion for Summary Judgment should be denied, first and foremost, because it is premature and would deprive Defendants of the sovereign immunity from suit to which they are entitled.  Moreover, the undisputed facts show that Plaintiff was not qualified to receive the services for which he applied

**WHEREFORE**, Defendants the State of Arkansas, Arkansas Rehabilitation Services, and Amy Jones, pray that Plaintiff's Motion for Summary Judgment be denied, that their Motion to Dismiss be granted, and for all other just and proper relief to which they are entitled.

Respectfully submitted,

Leslie Rutledge
Attorney General

By:    /s/ Amber R. Schubert
Arkansas Bar No. 2009150
Assistant Attorney General
323 Center Street, Suite 200
Little Rock, Arkansas 72201
Telephone: (501) 682-2081
Facsimile:  (501) 682-2591
amber.schubert@arkansasag.gov

*Attorneys for Defendants*

## <u>CERTIFICATE OF SERVICE</u>

      I, Amber R. Schubert, Assistant Attorney General, do hereby certify that on December 29, 2016, I electronically filed the forgoing with the Clerk of the Court using the CM/ECF system.

      I, Amber R. Schubert, hereby certify that on December 29, 2016, I mailed the document by U.S. Postal Service to the following non CM/ECF participant:

Mr. David Stebbins
123 W. Ridge St., Apt. D
Harrison, Arkansas 72601

                           /s/ Amber R. Schubert