UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF ARKANSAS
LITTLE ROCK DIVISION

DAVID A. STEBBINS                                         PLAINTIFF

VS.                  CASE NO. 4:16CV00545-JM

STATE OF ARKANSAS, ARKANSAS
REHABILITATION SERVICES, AND AMY JONES          DEFENDANTS

### REPLY TO [028] RESPONSE TO [025] MOTION FOR PARTIAL SUMMARY JUDGMENT AND REPLY TO [029] RESPONSE TO [027] STATEMENT OF FACTS

Comes now, *pro se* Plaintiff David A. Stebbins, who hereby submits the following Reply to the Defendant's Response to my Motion for Summary Judgment. In this pleading, I also submit my reply to Doc. 29, the Defendant's Response to my Statement of Undisputed Facts (docketed as Doc. 27).

### SECTION I: MY UNDISPUTED FACTS ARE ADMITTED BY DEFAULT

1. For the reasons set forth below, the facts contained in my "Statement of Undisputed Facts" (Doc. 27) are deemed admitted by the Defendants, pursuant to AR Local Rule 56.1(c).

**Sub-Section 1: The Defendants' response is not properly before the Court.**

2. First and foremost, the Defendants' response – namely, their Statement of Disputed Facts (Doc. 29) – does not conform, technically, to the scheduling order. This Court has ordered that a nonmovant's Statement of Disputed Facts must first state the fact to be disputed, and then deny or refute it. See Doc. 22-1, ¶ 5. The Court explicitly likened the format to that of a request for admissions.

3. Instead, Doc. 29 – which I guess is supposed to be the Defendant's idea of a "Statement of Disputed Facts" – makes no effort whatsoever to comply with this order. The entire response is only a single page (not counting the signature and certificate of service); excluding the

introductory and conclusion paragraphs, the entire response is only a single paragraph long.

4.     I cannot say I am surprised. The Defendants have been claiming that they are above the law this entire case. I am also filing, simultaneously with this reply, a Motion for Contempt, where the Defendants openly admitted that they do not believe they are required to obey the Court's order.

5.     But be that as it may, the Defendant's Statement of Disputed Facts are not properly before the Court. Therefore, Doc. 29 should be stricken from the record.

6.     With Doc. 29 stricken, that means that every fact contained in my Statement of Undisputed Facts (Doc. 27) are admitted by default. See AR Local Rule 56.1(c) ("All material facts set forth in the statement filed by the moving party pursuant to paragraph (a) shall be deemed admitted unless controverted by the statement filed by the non-moving party under paragraph (b)").

7.     But it is ultimately small potatoes that their response effectively amounts to a technical deficiency. The main problem is not their format, but their substance. Specifically, there isn't any substance.

### Sub-Section 2: The Defendants make no effort to refute my evidence.

8.     According to AR Local Rule 56.1(c), to avoid the Statement of Undisputed Facts being admitted by default, the non-movant must not merely deny the allegations contained therein; they must *controvert* them. In other words, they must offer rebuttal evidence to counter the evidence I have presented.

9.     At no point in either Doc. 28 or Doc. 29 did the Defendants make any effort whatsoever to offer any rebuttal evidence.

10.    This is especially relevant when discussing Undisputed Facts Nos. 8-11:

- The Defendants made no effort whatsoever to conduct an individualized inquiry into whether or not my symptoms would, in fact, interfere with my vocational efforts.
- The Defendants made no effort whatsoever to consider whether any reasonable accommodations might allow me to be able to succeed in the workforce.
- The Defendants believe they are above the law.
- The State of Arkansas is largely responsible for me having the symptoms they are currently using as grounds to discriminate against me in the first place.

11. These four facts are essential to disposing of the case. These four facts make the difference between whether they unlawfully discriminated against me, and whether I am not qualified.

## SECTION II: THE LAW

12. For the reasons set forth below, the Defendants' legal arguments should be dismissed out of hand, even if the motion was technically proper (which it isn't):

### Sub-Section 1: There is no 11th Amendment Immunity.

13. We have been through this before, over and over again. The Defendants say that they are immune from suit under the 11th Amendment. They are not. That immunity has been stripped away from them in the current case. See 42 USC § 12202. See also Tennessee v. Lane, 541 US 509 (2004). See also United States v. Georgia, 546 US 151 (2006).

14. This was already addressed in the Complaint and Jury Demand. See Doc. 2, ¶¶ 3-6. The issue has already been raised and dealt with.

15. This Court has already granted my application for leave to proceed in forma pauperis. It would not have done so if it felt that the Defendants were immune from suit. See 28 USC § 1915(e)(2)(B)(iii). The Court has already decided in my favor on the issue of sovereign

immunity.

16.     The Defendants have not offered any new legal citations to counter the ones I have already provided. Their argument is entirely redundant of the issue the Court has already put to rest.

17.     They argue that forcing them to litigate the issue before they have the opportunity to file an interlocutory appeal would undermine the principle of sovereign immunity. No, it wouldn't. There is no sovereign immunity. It simply does not exist in this case. This issue is cut and dry. There is nothing to undermine.

18.     An interlocutory appeal would amount to nothing more than a frivolous delay in the proceedings, prosecuted solely for delay ... just like the Motion to Dismiss.

19.     The Supreme Court has, on multiple occasions, declared that 42 USC § 12202 is NOT unconstitutional. For the Defendants to appeal and argue that 42 USC § 12202 is unconstitutional would just as frivolous as a defendant in a tax evasion case arguing that the federal income tax is unconstitutional ... because it has already been put to rest on multiple occasions.

20.     The ONLY way this argument could be even slightly non-frivolous is if the Defendants wanted to argue that 42 USC § 12202 is not a legitimate exercise of Congress's enforcement power under the 14th Amendment. Published opinions where this argument was successfully raised include, but are not limited to, Alsbrook v. City of Maumelle, 184 F. 3d 999, 1002 (8th Cir. 1999) ("we find that extension of Title II of the ADA to the State exceeds Congress's authority under Section 5 of the Fourteenth Amendment") and the SCOTUS case of Board of Trustees of Univ. of Ala. v. Garrett, 531 US 356 (2001).

21.     But here's the problem with that argument: The Defendants have not raised such a claim! Instead, they appear to argue that the 11th Amendment should be applied routinely without any

challenge or contradiction of any kind. It's almost as if they do not realize that 42 USC § 12202 even exists in the first place!

22. This is crucial, because as I've already explained, this Court cannot raise claims or defenses *sua sponte*. See Doc. 25, ¶ 1. The justification behind this policy should be obvious: To allow Courts to raise defenses or claims for one of the parties would effectively turn the judge into an advocate, which is wholly incompatible with the one thing an effective judiciary needs above all else: Impartiality. Judicial impartiality is an absolute right[1].

23. By granting my application for leave to proceed in forma pauperis, this Court has lost its one and only chance to raise the issue of immunity sua sponte. Therefore, any further analysis into the issue **_absolutely must be raised by the parties_**! The Defendants have not raised the one issue that could potentially save their arguments from being labeled "frivolous," and therefore, their claims are frivolous.

### Sub-Section 2: The Defendants are not above the law.

24. The Defendants, during Doc. 28, continue to maintain that they are above the law, and that the mere fact that they *claim* me unqualified alone, without more, *makes* me unqualified. But I have already shown a mind boggling amount of case law to show that they do not have the right to do that.

25. The Defendants have admitted – pursuant to AR Local Rule 56.1(c) – that they made no effort whatsoever to inquire into whether or not my disabilities would in fact interfere with my vocational efforts. See **Undisputed Fact No. 8** (which, to repeat, has been admitted to by the Defendants due to their failure to controvert it). Therefore, by their own admission, the

---

[1] See Tumey v. Ohio, 273 US 510, 535 (1927) ("No matter what the evidence was against him, he had the right to have an impartial judge"). See also Vasquez v. Hillery, 474 US 254, 263 (1986), holding that judicial impartiality is such an important right that it defies harmless error analysis.

Defendants have no evidence that I am "unqualified." Their decision that I am unqualified was, by their own admission, done in the complete absence of any objective evidence.

26. The Defendants have admitted – pursuant to AR Local Rule 56.1(c) – that they made no effort whatsoever to consider whether any reasonable accommodations could enable me to succeed in the workforce. See **Undisputed Fact No. 9** (which, to repeat, has been admitted to by the Defendants due to their failure to controvert it). Therefore, by their own admission, they cannot fulfill their burden of proof that I am unqualified.

27. The Defendants have admitted – pursuant to AR Local Rule 56.1(c) – that they are largely responsible for me having the symptoms they are currently using as grounds to discriminate against me in the first place. See Undisputed Fact No. 11 (which, to repeat, has been admitted to by the Defendants due to their failure to controvert it). Therefore, by their own admission, they are liable to me for my supposed inability to succeed (assuming said inability even exists), even if they might have been justified in denying me funding if those same symptoms were inflicted by anyone other than the State of Arkansas under otherwise identical circumstances.

### Sub-Section 3: Title I vs. Title II case law.

28. A recurring trope that the Defendants appear to be raising constantly is that, because this is a case under Title II of the Americans with Disabilities Act, that means that any and all case law concerning Title I of the ADA is entirely inapposite.

29. This argument is not even properly before the Court in the first instance. It is technically insufficient pursuant to AR Local Rule 7.2(a) ("All motions ... shall be accompanied by a brief consisting of a concise statement of relevant facts ***and applicable law***"). The Defendants offer no legal citation confirming their argument that Title I case law is inapposite to Title II cases, and therefore, this Court has no authority to entertain this argument. Nor do they offer any legal

authority stating what, exactly, the standard for liability is for Title II cases. For all we know, Title II discrimination might carry the *exact same* essential elements as Title I discrimination; without any case law or statutes to guide us, we have no way of knowing. And it is the Defendant's fault that we do not have any legal guidance.

30.     Second, their argument is simply meritless, even if that were the law of the land (which it is not). While it is true that the ARS is a state agency and that I was never employed by the Defendants, Title I of the ADA governs more than just employment relationships; it applies to any "covered entity." According to the plain text of the ADA (and by "plain text," I mean ... no case law required), "The term 'covered entity' means an employer, employment agency, labor organization, or joint labor-management committee." See 42 USC § 12112(2).

31.     The ARS is an employment agency. A state-owned employment agency, but an employment agency nevertheless. They are essentially a state-owned "matchmaker" (for lack of a better term) between employer and employee ... as well as assisting in training the potential employees.

32.     Therefore, even if Title I case law was inapposite to Title II cases (which it is not), this case is still cognizable as a Title I case.

### Sub-Section 4: The State's vicarious liability

33.     Another recurring trope the Defendants are attempting to repeatedly raise is that I have not alleged any independent wrongful acts on the part of the State of Arkansas. This is also patently frivolous.

34.     § 502 of the Americans with Disabilities Act – the section which abrogates the State's 11th Amendment immunity – also states in pertinent part "In any action against a State for a violation of the requirements of this chapter, remedies (including remedies both at law and in equity) are

available for such a violation to the same extent as such remedies are available for such a violation in an action against any public or private entity other than a State." See 42 USC § 12202.

35. This means that the State of Arkansas is subject to the exact same standards of "respondiat superior" as any private entity. That means that the acts of Amy Jones *are* the acts of the State of Arkansas. The two are 100% one-in-the-same.

36. Even taking *respondiat superior* out of the equation, the State is still vicariously responsible for the acts of her agents. State governments, like private corporations, are fictitious entities. Therefore, it is common sense that they "can only act through their human agents." See Oklahoma City v. Tuttle, 471 US 808 (1985).

37. Either way you slice it, the State of Arkansas is properly made a defendant in the current case.

### Sub-Section 5: No effort was made at all to dispute the retaliation claims.

38. In addition to the claim of disability discrimination, there were also two claims for retaliation for which I seek summary judgment over: One claim of ADA retaliation, and another claim of First Amendment retaliation.

39. The Defendants have made absolutely no effort whatsoever to argue against either of these two claims. Their arguments against discrimination claims are patently frivolous, but at least they're *there*. The retaliation claims, on the other hand, are entirely uncontested by the Defendants.

### CONCLUSION

40. The Defendants have now openly admitted to the relevant facts. They admit that they made no effort to perform any kind of individualized inquiry, nor did they consider the

possibility of reasonable accommodations. They also admit that it is the State of Arkansas' fault that I even exhibit the symptoms they complain about in the first place.

41. This Court has granted my application for leave to proceed *in forma pauperis*. This means that it has endorsed that, if I can prove the facts in my Complaint exactly as the Complaint describes them, I would be entitled to relief. Well, I have now proven those facts beyond any dispute. It is now time for the Court to make good on its promise of relief. I've done my part; now it's time for the Court to do its part.

Wherefore, premises considered, I respectfully request that this Court grant my Motion for Partial Summary Judgment, issue the requested injunctions award costs incurred, and any other relief that the Court finds appropriate.

So requested on this, the 6th day of January, 2017.

David Stebbins
123 W. Ridge St.,
APT D
Harrison, AR 72601
870-204-6516
stebbinsd@yahoo.com

### CERTIFICATE OF SERVICE

I, pro se Plaintiff David Stebbins, do hereby certify that the Defendants have been served by allowing them to view it on ECF.

David Stebbins
123 W. Ridge St.,
APT D
Harrison, AR 72601
870-204-6516
stebbinsd@yahoo.com