FILED
U.S. DISTRICT COURT
EASTERN DISTRICT ARKANSAS

JAN 09 2017

JAMES W. McCORMACK, CLERK
By:_____ DEP CLERK

UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF ARKANSAS
LITTLE ROCK DIVISION

DAVID A. STEBBINS                                                    PLAINTIFF

VS.                            CASE NO. 4:16CV00545-JM

STATE OF ARKANSAS, ARKANSAS
REHABILITATION SERVICES, AND AMY JONES              DEFENDANTS

### MOTION AND INCORPORATED BRIEF IN SUPPORT FOR SANCTIONS

Comes now, *pro se* Plaintiff David Stebbins, who hereby submits the following Motion and Incorporated Brief in Support Thereof for Sanctions under Rule 11.

1.   I filed a Complaint and Jury Demand seeking injunctive relief and damages for the State violating the Americans with Disabilities Act. In the Complaint and Jury Demand, I made it perfectly clear that there was no 11th Amendment immunity in this case, that this immunity had been taken away by Congress and that the Supreme Court has held this abrogation of immunity to be a valid exercise of Congress's enforcement power under Sec. 5 of the Fourteenth Amendment.

2.   This Court has granted my application for leave to proceed in forma pauperis.

3.   The Defendants have filed a Motion to Dismiss the complaint. In this motion, they made a series of patently frivolous legal arguments, including but not limited to arguing that they are above the law.

4.   They also attempt to argue that they have immunity from suit, even though they know full well that this immunity has been taken away from them by 42 USC § 12202.

5.   To make their arguments appear non-frivolous, the Defendants attempt to raise some obsolete 8th Circuit case law that no longer applies. They attempt to raise precedent from the 8th Circuit, but the precedent from the Supreme Court always ... always ... ALWAYS trumps that of

the Courts of Appeals.

6. The precedent of Tennessee v. Lane, 541 U.S. 509 (2004) expressly states that 42 USC § 12202 is, indeed, a valid exercise of Congress's enforcement power under the Fourteenth Amendment. So, just like the Arkansas state statute of Ark. Code Ann. § 25-30-203(a), the Alsbrook precedent can go take a hike. It is no longer applicable. It has been overturned. Wipe your buttocks with this case law. It isn't worth the paper it's written on.

7. Why? Because the Supreme Court said so. That's it. That's the bottom line. That's the be all end all. That's all the justification I need. That's as simple as it gets; that's as complex as it gets.

8. The Defendants might as well be raising the precedent of Citizens for Equal Protection v. Bruning, 455 F. 3d 859 (8th Cir. 2006) to justify refusing marriage licenses to same-sex couples, or raising the case of Plessy v. Ferguson to justify their policy of racial segregation.

9. The *only* conceivable excuse they could possibly have is if they did not know about the precedent of Tennessee v. Lane. There are literally hundreds of case laws published every year, so it is simply impossible for any one person to be familiar with every single last one of them. However, assuming without deciding that this might be a cognizable defense to a Rule 11 violation as a matter of law, it still fails on the merits; I have already cited the precedent of Tennessee v. Lane in Paragraph #5 of the Complaint and Jury Demand. At that point, the Defendants knew about the applicable law, and so their decision to ignore it becomes 100% inexcusable.

10. Because the Defendants' arguments are clearly based on obsolete and inapplicable legal citations, their claims are patently frivolous and are in violation of Fed.R.Civ.P. 11(b)(2).

11. The Defendants might have had an argument if they had attempted to make some sort of

nonfrivolous argument for the modification or reversal of Tennessee v. Lane. However, they have not done so. Instead, they are pretending like Tennessee v. Lane does not even exist at all. This is important to note, because remember: The Court cannot raise new defenses or claims sua sponte[1]. Therefore, since they are making no effort to oppose Tennessee v. Lane, it remains uncontested ... meaning their arguments are frivolous.

12.     It has been clear, from Day 1, that the Defendants are merely trying to delay the proceedings and prevent litigation from commencing. The fact that they have failed to offer any counter-evidence during the Motion for Partial Summary Judgment is clear evidence of their motive to delay: They know that they are liable and they want to delay liability.

13.     Most recently, their purpose of delay has come to the surface. The Defendants have openly confessed that they plan to use an interlocutory appeal in order to perpetrate *more* frivolous delay in the proceedings! See Doc. 28, ¶ 7.

14.     If their argument for sovereign immunity was not frivolous, then an interlocutory appeal on said issue would be similarly nonfrivolous. But as we've already established, they have actively the precedents which defeat their arguments. They argue that they are immune from suit because they just are, which might hold water if the precedent of Tennessee v. Lane didn't exist. But it does exist. The Defendants cannot simply ignore it without being frivolous. Therefore, the appeal would also be frivolous.

---

[1] See Henderson v. Shinseki, 131 S. Ct. 1197, 1202 (2011) ("Under [the adversarial system], courts are generally limited to addressing the claims and arguments advanced by the parties. Courts do not usually raise claims or arguments on their own"); see also Sanchez-Llamas v. Oregon, 548 US 331, 356-57 (2006) ("The consequence of failing to raise a claim for adjudication at the proper time is generally forfeiture of that claim. As a result, rules such as procedural default routinely deny 'legal significance' ... to otherwise viable legal claims"); see also Sayre v. Musicland Group, Inc., 850 F. 2d 350, 353 (8th Cir. 1988) (failure to plead affirmative defenses constitutes waiver of that defense, even if not specifically listed in Rule 8(c)); see also Sartin v. Commissioner of Pub. Saf. of St. of Minn., 535 F. 2d 430, 433 (8th Cir. 1976) (same).

15. Even in the astronomical chance that they genuinely believe that Alsbrook is still applicable, their argument is still frivolous. See Notes of Advisory Committee on Rules—1993 Amendment: "Arguments for extensions, modifications, or reversals of existing law or for creation of new law do not violate subdivision (b)(2) provided they are 'nonfrivolous.' This establishes an objective standard, intended to eliminate any 'empty-head pure-heart' justification for patently frivolous arguments."

16. In light of how frivolous their arguments are, and how clearly they just want to press these frivolous claims for the sole purpose of delay, I ask that this Court issue an appropriate sanction to remind them that they are not above the law, no matter how much they try to claim they are. I am also filing a Motion for Contempt; the sanctions imposed in response to both motions may blur together.

Wherefore, premises considered, I respectfully request that the Defendants be issued an appropriate sanction for their constantly violations of Fed.R.Civ.P. 11, award costs incurred, and any other relief to which I may be entitled.

So requested on this, the 6th day of January, 2017.

David Stebbins
123 W. Ridge St.,
APT D
Harrison, AR 72601
870-204-6516
stebbinsd@yahoo.com

## CERTIFICATE OF SERVICE

I, *pro se* Plaintiff David Stebbins, do hereby certify that I have served the Defense with a copy of this motion by allowing them to view it electronically on ECF as allowed by the Arkansas Local Rules.

David Stebbins
123 W. Ridge St.,
APT D
Harrison, AR 72601
870-204-6516
stebbinsd@yahoo.com