UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF ARKANSAS

**DAVID STEBBINS**                                                                                   **PLAINTIFF**

VS.                                     **CASE NO. 16-0545**

**AMY JONES, STATE OF ARKANSAS, AND**                    **DEFENDANTS**
**ARKANSAS REHABILITATIVE SERVICES**

### RESPONSE TO REPORT & RECOMMENDATION

Comes now, *pro se* Plaintiff David Stebbins, who hereby submits the following partial objection the Magistrate Judge's Report & Recommendation.

1. Of all the Magistrate Judge's recommendations, two are adverse to me. They are …

    (a) … recommending that my Section 1983 claim against Amy Jones be dismissed insofar as it requests damages against her (while recommending that my request for prospective injunctive relief be allowed to remain), and

    (b) … recommending that my Motion for Partial Summary Judgment be denied without prejudice, not because the Defendants have shown a genuine dispute of material fact or due to a technical imperfection in the motion itself, but rather, simply because he does not feel the case is ready to adjudicated on summary judgment without a discovery and fully developed record.

2. It is these two recommendations that I wish to object to.

### Section 1983 immunity

3. First of all, there is one major issue of law that we need to address at the outset: The Magistrate Judge argues that, because the Complaint in this case does not specify whether the suit is in Amy Jones' personal or official capacity, the Courts are supposed to interpret the complaint as being in Jones' official capacity unless clearly stated otherwise. To support this

legal conclusion, he cites the precedent of Murphy v. State of Arkansas, 127 F.3D 750 (8th Cir. 1997). This same precedent clearly states that suits for damages are allowed under 42 USC § 1983 when the officers are sued in their personal capacities (see *id* at 754; "the Eleventh Amendment does not bar damage claims against state officials acting in their personal capacities"). Thus, by the Magistrate Judge's own admission, the dismissal of the suit for damages against Amy Jones is entirely conditional on whether or not the Courts interpret the Complaint as being in her official capacity.

4.   This case, however, has a unique extenuating circumstance that Murphy does not cover: I am pro se. The plaintiff in Murphy was represented by Counsel. In fact, according to the beginning of the published opinion in Murphy, the plaintiff was represented – at least one appeal – by no less than THREE attorneys ...named Peter Heister, Barbara Webb, and Christopher Parker. This changes everything.

5.   The U.S. Supreme Court has confirmed that pro se complaints are to be construed more liberally than those drafted by attorneys. See Haines v. Keaner, 404 U.S. 519, 520-21 (1972) ("We cannot say with assurance that under the allegations of the pro se complaint, ***which we hold to less stringent standards than formal pleadings drafted by lawyers***, it appears 'beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief'." Emphasis added).

6.   As such, this Court must construe my complaint in such a way that grants me the best chance of relief, not simply defaulting to whatever you normally default to on the assumption that any attorneys drafting the complaint should know what they're doing ... because that assumption does not apply here.

7.   Haines v. Kerner comes from the Supreme Court, which means that it trumps Murphy v.

State of Arkansas – which only comes from the Eighth Circuit – whenever the two are incompatible. This is such a case where they are incompatible.

8.      As such, the precedent of Haines v. Kerner requires this Court to interpret my complaint as being against Amy Jones in her individual capacity, thus allowing me to recover compensatory and punitive damages against her.

### Timeliness of the Motion for Partial Summary Judgment

9.      Next, the Magistrate Judge recommends that the Motion for Partial Summary Judgment be denied without prejudice. His grounds for this dismissal is not because the Defendants have demonstrated a genuine dispute of material fact, but rather, because "No discovery has been conducted, the record is not yet fully developed, and a host of undeveloped factual questions still exist."

10.     First off, the Magistrate Judge makes no mention whatsoever as to what exactly theses "undeveloped factual questions" are. I mentioned at the beginning of the Motion for Summary Judgment that a district court judge cannot issue a ruling without providing an explanation. This does not count as providing an explanation. Simply stating that there are "a host of undeveloped factual questions" without telling us what these questions are is no better than simply stating that the Motion is "without merit" and leaving it at that.

11.     This portion of the Magistrate Judge's recommendation should be rejected by the District Judge just on that reason alone.

12.     As for the lack of discovery and undeveloped record, there is usually a case for that. In 99% of cases, it would generally be considered unfair to issue a summary judgment before the losing party has received full due process. However, this is a unique case with a unique extenuating circumstance.

13. Before I get to that, I would like to point out that the Magistrate Judge's reasoning has no basis in written law. Yes, there is a general public policy of giving parties an opportunity to tell their side of the story, but there is no concrete point in any civil proceeding where a Motion for Summary Judgment is statutorily premature simply by reason of it being filed prior to that point. As long as the Defendants have appeared in the case, the case can be disposed of on summary judgment as long as the facts are not genuinely disputed and the law is on my side. The only absolute time frame that I must wait – the Defendants making an appearance in the action – has been satisfied.

14. Also, it is immportant to understand that denial of summary judgment cannot be predicated on the mere *possibility* that the Defendants might be able to show some dispute of fact. The mere astronomical possibility of them having a valid defense is not grounds for denial of summary judgment when the facts are otherwise not in genuine dispute. See Matsushita Elec. Industrial Co. v. Zenith Radio Corp., 475 US 574, 586 (1986) ("the issue of fact must be genuine. When the moving party has carried its burden under Rule 56(c), its opponent must do more than simply show that there is some metaphysical doubt as to the material facts." Internal citations and quotations omitted).

15. With that in mind, I assert that a discovery on the issues which I seek summary judgment (liability and injunctive relief without regard to damages) would be a waste of time. A discovery is not only unlikely to lead to evidence that would change the outlook of the case; it is guaranteed to not lead to that. The odds are not even "one in a million;" the odds are *zero* in a million.

16. Bear in mind, my statutorily protected activities are judicially noticeable. Therefore, the first essential element for two retaliation claims – my statutorily protected activities and my First Amendment protected activities – cannot possibly be disputed. A discovery would do nothing on

this element because "public record" means it is already discovered.

17. The first essential element of the discrimination claim – being disabled - is admitted by the Defendant. It is the reason why they say I cannot succeed in the workforce, and therefore, cannot possibly be disputed. Discovery would not change this undisputed fact because it is admitted by the Defendant.

18. The closest you could come to a discovery resulting in anything of consequence is if new facts uncovered in the discovery might cast doubt as to whether or not I am in fact disabled. However, for reasons I will get to in a minute, that is still a non-issue. Even if you accept that possibility, a discovery is still a waste of time.

19. So the first essential element in all three claims – protected class – is beyond dispute, either by being judicially noticeable or being admitted to by the defendants.

20. Meanwhile, the second essential element for all three claims – adverse action – is also admitted by the Defendants. They unquestionably denied my application for funding. They are not even trying to act like they didn't deny it. Again, there is not even the slightest dispute as to that essential element.

21. The third and final essential element – causal connection – is also admitted by the Defendants. Not only was I able to produce a written recommendation from a licensed psychological examiner where denial of funding was expressly predicated on my litigation history and symptoms, but even in the body of the Defendants' own pleadings in this case, they admit that the adverse action was expressly predicated on my symptoms (see Brief in Support of Motion to Dismiss; "these symptoms are illustrative of why the Plaintiff cannot ... succeed in the workforce"). So the prima facie element of causal connection is also admitted by the Defendants.

22. This leaves us with the Defendant's argument that the symptoms make me unable to

succeed in the workforce. This is the only relevant fact in this case that is even remotely in dispute. However, even if it is in dispute, it is not "genuinely" in dispute.

23. Why not? Because if they had even the slightest evidence to support that finding, they would have produced it by now.

24. Do they claim that they did indeed conduct an evaluation of me in-person? Did they actually call me into their office to conduct an evaluation? If so, then they should have the records on file to document that, and therefore, should be able to produce it immediately. No discovery should be needed.

25. Do they claim that they considered the possibility of reasonable modifications in their policies to enable me to qualify? If so, then the documentation of these considerations should be on file in their offices, and therefore, they should be able to produce it immediately. No discovery should be needed.

26. Do they assert that they made an individualized inquiry into my abilities beyond summarily glancing over a list of symptoms with no context behind them? If so, then the documentation for this inquiry should be on file in their offices, and therefore, they should be able to produce it immediately. No discovery should be needed.

27. If they didn't do any of these things – no in-person evaluation, no individualized inquiry, no reasonable modifications in policies – then their assertion that I am "not qualified" simply fails as a matter of law. It's that simple. The Magistrate Judge has recommended that both of my ADA claims be allowed to proceed for this reason, so this Court certainly understands the substantive law. If they didn't do any of these things, they lose and that's all there is to it. If they did do these things, they should be able to whip out proof that they did them immediately. The fact that they haven't whipped this evidence out yet is proof that they didn't do these things …

meaning their defense should fail as a matter of law.

28.  A discovery in this case would do us no good. In fact, a discovery may actually be *counter*-productive if you think about it!

29.  Even if the Defendants could use a discovery to dig up some sort of dirt on me, what would that prove? Let's assume for a minute that they could demand a full copy of my work history only to find out that I had been fired from X job for Y reason. They then use *that* as a basis to argue argue "Aha! So you *can't* succeed in the workplace after all, just as we suspected!"

30.  However, if that happens, then it is automatically and necessarily pretextual. After all, common sense dictates that, if they did not know about a particular factor before they committed the adverse action, then it could not possibly have been a contributing factor in their adverse action! See Shaver v. Independent Stave Co., 350 F. 3d 716, 724 (8th Cir. 2003), which uses such words as "straightforward" and "quite impossible" to describe this logic.

31.  This is also the reason why they cannot use a discovery to dispute that I am disabled, like I mentioned in Paragraph 18 of this pleading. Even if they discover evidence during discovery that may suggest that I am not actually disabled after all, the bottom line is that they still *believed* I was disabled at the time they committed the adverse action. That is still enough to bestow ADA protection onto me. See 42 USC § 12102(3).

32.  So as you can see, a discovery would merely serve to confuse the issues that are already beyond dispute. The Motion for Partial Summary Judgment should be granted as-is, since no discovery is needed and would in fact merely convolute the case rather than make the issues clearer. A discovery is not needed on the issues of liability because, even if it bears fruit, it is necessarily pretextual fruit.

33.  However a discovery would still be needed on the issues I have not sought summary

judgment over (namely, the extent of damages).

## CONCLUSION

34. To bring this pleading to a close, let us recap the points:

   (a) Because I am pro se, this Court must construe my complaint liberally.

   (b) Therefore, I should be allowed to proceed on my claim for damages against Amy Jones, even if the same verbatim complaint should be subject to dismissal if drafted by an attorney.

   (c) The facts of the discrimination and retaliation claims are 100% beyond dispute.

   (d) Courts are not required to delay disposing of an undisputed case just on the mere possibility that a discovery might turn the case in the defendant's favor.

   (e) A discovery in this case would, at best, be a waste of time, and at worst, merely convolute the issues that are already entire undisputed by giving the defendants additional pretextual excuses that they didn't have previously.

35. In the event that this Court insists on dismissing the claim for damages against Amy Jones, I at least request that it be done without prejudice and allow me an opportunity to file an Amended Complaint.

36. So requested on this, the 4th day of July, 2017.

/s/ David Stebbins
David Stebbins
123 W. Ridge St.,
APT D
Harrison, AR 72601
870-204-6516
stebbinsd@yahoo.com