UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF ARKANSAS
LITTLE ROCK DIVISION

DAVID A. STEBBINS                                                PLAINTIFF

VS.                    CASE NO. 4:16CV00545-JM

STATE OF ARKANSAS, ARKANSAS
REHABILITATION SERVICES, AND AMY JONES            DEFENDANTS

**MOTION TO PROVIDE SPECIFIC FINDINGS OF FACT AND CONCLUSIONS OF LAW IN REGARDS TO [55] ORDER ADOPTIN REPORT & RECOMMENDATION**

Comes now, *pro se* Plaintiff David A. Stebbins, who hereby submits the following Motion for this Court to issue findings of fact and conclusions of law in regards to Doc. 55, the Court's Order Adopting the Magistrate Judge's Report & Recommendation in its entirety.

1.     In my objection to that Report & Recommendation, I made sound objections to the portions which were adverse to me, made references to the record, appealed to sound reasoning and logic, and provided numerous legal citations to back up my arguments. Judge Moody completely ignored all these arguments that I made.

2.     I have repeatedly stated that it is well established binding precedent that a judge cannot issue an order without issuing any explanation whatsoever.

    (a)     See US v. Burrell, 622 F. 3d 961, 964 (8th Cir. 2010) ("We have held that a district court need not give lengthy explanations ... but this does not permit a district court to give no explanation for its decision"); see also Rayes v. Johnson, 969 F. 2d 700, 704-705 (8th Cir. 1992) ("The district court may have had reason to deny Rayes' request for subsequent counsel, but no explanation appears in the record. The request was summarily denied twice").

    (b)     See also Slaughter v. City of Maplewood, 731 F. 2d 587, 589 (8th Cir. 1984) ("we neverthe-less find it necessary to remand because we cannot determine from the record

whether the district court exercised a reasoned and well-informed discretion, so as to permit our review for abuse of discretion")

(c)     See also Foman v. Davis, 371 US 178, 182 (1962) ("[O]utright refusal to grant the leave without any justifying reason appearing for the denial is not an exercise of discretion; it is merely abuse of that discretion and inconsistent with the spirit of the Federal Rules").

(d)     See also Gulf Oil Co. v. Bernard, 452 US 89, 103 (1981) ("We conclude that the imposition of the order was an abuse of discretion. The record reveals no grounds on which the District Court could have determined that it was necessary or appropriate to impose this order").

(e)     See also US v. Walters, 643 F. 3d 1077, 1080 (8th Cir. 2011) ("given the lack of specific findings and the evidence in the record, we find that the district court abused its discretion").

(f)     See also Jarrett v. ERC Properties, Inc., 211 F. 3d 1078, 1084 (8th Cir. 2000) ("The district court's good faith finding was stated in conclusory fashion with no explanation ... Therefore, the court abused its discretion").

(g)     See also Thongvanh v. Thalacker, 17 F. 3d 256, 260 (8th Cir. 1994) ("A careful review of the record reveals no explanation whatsoever for the reduction. Accordingly, the jury award of $4,000 is restored.").

(h)     See also Purcell v. Gonzalez, 549 US 1, 8 (2006) ("There has been no explanation given by the Court ... we vacate the order of the Court of Appeals")

(i)     See also Press-Enterprise Co. v. Superior Court of Cal., Riverside Cty., 464 US 501, 513 (1984) ("Thus not only was there a failure to articulate findings with the requisite specificity but there was also a failure to consider alternatives to closure and to total

suppression of the transcript. The trial judge should seal only such parts of the transcript as necessary to preserve the anonymity of the individuals sought to be protected.").

(j)     See also United States v. Grinnell Corp., 384 US 563, 579 (1966) ("The District Court gave no explanation for its refusal to grant this relief. It is so important and customary a provision that the District Court should reconsider it").

(k)     See also Delaware v. Van Arsdall, 475 US 673, 680 (1986) ("In so doing, it offered no explanation why the Chapman harmless-error standard ... is inapplicable here.")

3.      Unless my objections were patently frivolous, this Court should address them.

4.      My arguments were clearly not patently frivolous. They cannot be frivolous if I have case law to back up my claims. Perhaps my reliance on the case law is misplaced, but it cannot be frivolous unless the case law is so clearly inapplicable here that no person could possibly believe the case law was even remotely applicable. It would have to be something as far fetched as ... citing Roe v. Wade, 410 U.S. 113 (1973) as giving me the right to be nude in public.

5.      Courts have declined to entertain patently frivolous arguments. Perhaps the most famous example of this comes from the case Crain v. Commissioner of Internal Revenue, 737 F. 2d 1417 (5th Cir. 1984), where the 5th Circuit Court of Appeals refused to entertain the appellant's arguments for fear of encouraging such frivolous behavior in the future.[2]

6.      But my objections were hardly the level of frivolous that would justify this Court openly refusing to entertain them.

7.      If this Court found my objections to be without merit, I ask that this Court issue an opinion stating why, exactly, it feels my objections are without merit.

(a)     Why shouldn't my pro se status allow me to proceed on a claim for damages simply

---

[2] "We perceive no need to refute these arguments with somber reasoning and copious citation of precedent; to do so might suggest that these arguments have some colorable merit." *id* at 1417.

because I didn't technically state "personal capacity" in the complaint?

(b)    Exactly what sort of "undeveloped factual questions" are still present in this case?

(c)    Does this Court believe that there is a conceivable way that the Defendants can find evidence during discovery that would exonerate them? If so, in what scenario would evidence they didn't know about prior to engaging in the adverse action possibly be relevant to their motive for engaging in the adverse action?

8.    The Court obviously had to have considered these things before issuing its opinion. Is it really so tedious at this point to merely take those considerations ... and relay them to me verbatim? If that is so tedious for you, perhaps you are not cut out to be a judge, since 99% of one's job description as a judge necessarily entails not only reaching decisions in cases, but explaining the reasoning behind those decisions as well. That is the equivalent of a teacher who is skilled at giving lectures but refuses to grade papers.

9.    Unless this Court couldn't find a way to refute my objections and therefore decided to ignore them so he didn't have to refute them, I ask that this Court provide an opinion explaining what he found meritless about my objections.

So requested on this, the 1st day of August, 2017.

_____
David Stebbins
123 W. Ridge St.,
APT D
Harrison, AR 72601
870-204-6516
stebbinsd@yahoo.com