IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
LITTLE ROCK DIVISION

DAVID A. STEBBINS                                                                                    PLAINTIFF

v.                                             NO. 4:16-CV-545-JM

STATE OF ARKANSAS, ARKANSAS                                                        DEFENDANT
REHABILITATION SERVICES, AND
AMY JONES

### ANSWER TO COMPLAINT (D.E. 2)

Come now the Defendants, the State of Arkansas, Arkansas Rehabilitation Services, and Amy Jones, by and through their attorneys, Attorney General Leslie Rutledge and Senior Assistant Attorney General Christine A. Cryer, and for their Answer to Plaintiff's Complaint (DE 2), state as follows:

1.      The Introductory paragraph of Plaintiff's Complaint, on pg. 1, does not call for either an admission or a denial; however, to the extent one is required, the Defendants deny same.

2.      Defendants deny the allegations, as stated, in Section I, paragraphs 1 & 2, of the Complaint.

3.      The statement in Section II, paragraph 3, does not call for either an admission or a denial; however, to the extent a response is required, Defendants deny same.

4.      Defendants deny the allegations, as stated, in Section II, paragraph 4 of the Complaint.

5. The statements in Section II, paragraphs 5 & 6, do not call for either an admission or a denial; however, to the extent a response is required, Defendants deny same.

6. Defendants admit that, to their knowledge, Plaintiff is a resident of the city of Harrison, Arkansas and of Boone County, Arkansas. At this time, the Defendants deny the remainder of the allegations stated in paragraph 7 of the Complaint.

7. Defendants are without sufficient information to either admit or deny the allegations, as stated, in paragraphs 8, 9, and 10 of the Complaint, and therefore deny same.

8. Defendants admit that according to various district court websites, Plaintiff has filed multiple lawsuits, some of which are referenced in paragraph 11, sub-paragraphs (a) – (h) of the Complaint. Defendants further admit that, again, according to the various district court websites, the list provided by Plaintiff in paragraph 11 is non-exclusive.

9. Defendants are without sufficient information to either admit or deny the allegations, as stated, in paragraph 12 of the Complaint, and therefore deny same.

10. Defendants admit the Arkansas Rehabilitation Services ("ARS") is a state agency and that Amy Jones employed by ARS. The remainder of the allegations, as stated, in paragraph 13 of the Complaint are denied.

11. Defendants admit ARS provides many services. The remainder of the allegations, as stated in paragraph 14 of the Complaint, are denied.

12. Defendants are without sufficient information to either admit or deny the allegations, as stated, in paragraphs 15, 16, 17 (including sub-paragraphs a – d), 18, 19, 20, 21, 22, 23, and 24 of the Complaint, and therefore deny same.

13. Defendants deny the allegations, as stated, in paragraphs 25, 26, 27, 28, 29, 30, 31, 32, 33, and 34 of the Complaint.

14. Defendants admit Plaintiff has provided the correct citation to *Wooten v. Farmland Foods*. The remainder of the allegations, as stated, in paragraph 35 of the Complaint are denied.

15. Section 42 U.S.C. § 12102 (1)(C) speaks for itself and does not call for a response; however, to the extent that a response to paragraph 36 of Plaintiff's Complaint calls for either an admission or denial, it is denied.

16. Defendants are without sufficient information to either admit or deny the allegations contained in paragraphs 37 and 38 of the Complaint, and therefore deny same.

17. Defendants deny the allegations contained in paragraphs 39, 40, and 41 of the Complaint.

18. Defendants admit Plaintiff has provided the correct citation to *Amir v. St. Louis University*. The remainder of the allegations, as stated, in paragraph 42 of the Complaint are denied.

19. Defendants deny the allegations contained in paragraphs 43, 44, and 45 of the Complaint.

20. Defendants admit Plaintiff has provided the correct citation to *Revels v. Vincenz*. The remainder of the allegations, as stated, in paragraph 46 of the Complaint are denied.

21. Defendants deny the allegations contained in paragraphs 47, 48, 49, 50, 51, 52, 53, 54, 55, 56, 57, and 58.

22. Defendants deny Plaintiff is entitled to any of the relief requested in paragraphs 59, 60 (including sub-paragraphs a – c), 61, 62, 63, 64, and 65 of the Complaint.

23. Paragraphs 66 and 67 of the Complaint do not call for either an admission or denial; however, to the extent such a response is required, Defendants deny same.

24. Defendants deny each and every allegation not specifically admitted to herein.

25. Affirmatively pleading, Defendants are entitled to qualified immunity, as applicable (i.e., if it is determined that an individual capacity claim remains).

26. Affirmatively pleading, Defendants are entitled to statutory tort immunity.

27. Affirmatively pleading, Defendants are entitled to sovereign immunity in their official capacity.

28.   Affirmatively pleading, some or all of the claims raised in Plaintiff's Complaint may be barred by the applicable statute of limitations.

29.   Affirmatively pleading, Plaintiff has failed to state a claim upon which relief may be granted as to any/all claims asserted in his Complaint.

30.   Affirmatively pleading, some or all of the claims raised in Plaintiff's Complaint may be barred by the doctrine of mootness.

31.   Affirmatively pleading, the common defense doctrine may be applicable in this case.

32.   Affirmatively pleading, some or all of the claims raised in Plaintiff's Complaint may be barred by any failure of Plaintiff to exhaust his administrative remedies.

33.   Affirmatively pleading, Plaintiff is not entitled to punitive damages as a matter of law.

34.   Affirmatively pleading, Defendants incorporate by reference all remaining defenses available under Fed. R. Civ. P. 8(c).

35.   Affirmatively pleading, the events contained in the Complaint occurred in the Western District of Arkansas.  As Plaintiff alleges in his Complaint, he is a resident of Boone County, Arkansas. (DE 2, ¶ 7)  Boone County is in the Western District of Arkansas.  Amy Jones is employed by ARS and is stationed in the Northwest Arkansas Division. (DE 2, ¶ 13)   This matter should be transferred to the Western District of Arkansas.

WHEREFORE, Defendants respectfully request this Court dismiss Plaintiff's Complaint, with prejudice; or, in the alternative, transfer the case to the Western District of Arkansas.

                      Respectfully submitted,

                      Leslie Rutledge
                      Attorney General

By:   /s/ Christine A. Cryer
       Christine A. Cryer
       Arkansas Bar No. 2001082
       Sr. Assistant Attorney General
       323 Center Street, Suite 200
       Little Rock, Arkansas 72201
       Telephone: (501) 683-0958
       Facsimile:  (501) 682-2591
       Christine.cryer@arkansasag.gov

**CERTIFICATE OF SERVICE**

I, Christine A. Cryer, Senior Assistant Attorney General, do hereby certify that on August 7, 2017, I electronically filed the forgoing with the Clerk of the Court using the CM/ECF system.

I, Christine A. Cryer, hereby certify that on August 7, 2017, I mailed the document by U.S. Postal Service to the following non CM/ECF participant:

Mr. David Stebbins
123 W. Ridge St., Apt. D
Harrison, Arkansas 72601

                      /s/  Christine A. Cryer