UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF ARKANSAS
LITTLE ROCK DIVISION

DAVID A. STEBBINS                                              PLAINTIFF

VS.                    CASE NO. 4:16CV00545-JM

STATE OF ARKANSAS, ARKANSAS
REHABILITATION SERVICES, AND AMY JONES            DEFENDANTS

## MOTION TO STRIKE AND FOR SANCTIONS

Comes now, *pro se* Plaintiff David Stebbins, who hereby submits the following Motion to Strike portions of the Defendants' Answer.

1. Before we get to the brief itself, I wish to take this opportunity to remind this Court of two very important limitations on its power:

(a) First, this Court cannot raise new claims or defenses sua sponte, unless it pertains to the Court's subject-matter jurisdiction.

    i. See Henderson v. Shinseki, 131 S. Ct. 1197, 1202 (2011) ("Under [the adversarial system], courts are generally limited to addressing the claims and arguments advanced by the parties. Courts do not usually raise claims or arguments on their own")

    ii. See also Sanchez-Llamas v. Oregon, 548 US 331, 356-57 (2006) ("The consequence of failing to raise a claim for adjudication at the proper time is generally forfeiture of that claim. As a result, rules such as procedural default routinely deny 'legal significance' ... to otherwise viable legal claims").

    iii. See also Sayre v. Musicland Group, Inc., 850 F. 2d 350, 353 (8th Cir. 1988) (failure to plead affirmative defenses constitutes waiver of that defense, even if not specifically listed in Rule 8(c)). See also Sartin v. Commissioner of Pub. Saf. of St. of Minn., 535 F. 2d 430, 433 (8th Cir. 1976) (same).

(b)     Second, this Court that it cannot issue an order without giving an explanation behind it. Failure to give an explanation constitutes an automatic abuse of discretion.

    i.     See US v. Burrell, 622 F. 3d 961, 964 (8th Cir. 2010) ("We have held that a district court need not give lengthy explanations ... but this does not permit a district court to give no explanation for its decision"); see also Rayes v. Johnson, 969 F. 2d 700, 704-705 (8th Cir. 1992) ("The district court may have had reason to deny Rayes' request for subsequent counsel, but no explanation appears in the record. The request was summarily denied twice.")

    ii.    See also Slaughter v. City of Maplewood, 731 F. 2d 587, 589 (8th Cir. 1984) ("we neverthe-less find it necessary to remand because we cannot determine from the record whether the district court exercised a reasoned and well-informed discretion, so as to permit our review for abuse of discretion")

    iii.   See also Foman v. Davis, 371 US 178, 182 (1962) ("[O]utright refusal to grant the leave without any justifying reason appearing for the denial is not an exercise of discretion; it is merely abuse of that discretion and inconsistent with the spirit of the Federal Rules.")

    iv.    See also Gulf Oil Co. v. Bernard, 452 US 89, 103 (1981) ("We conclude that the imposition of the order was an abuse of discretion. The record reveals no grounds on which the District Court could have determined that it was necessary or appropriate to impose this order.")

    v.     See also US v. Walters, 643 F. 3d 1077, 1080 (8th Cir. 2011) ("given the lack of specific findings and the evidence in the record, we find that the district court abused its discretion").

vi. See also Jarrett v. ERC Properties, Inc., 211 F. 3d 1078, 1084 (8th Cir. 2000) ("The district court's good faith finding was stated in conclusory fashion with no explanation ... Therefore, the court abused its discretion").

vii. See also Thongvanh v. Thalacker, 17 F. 3d 256, 260 (8th Cir. 1994) ("A careful review of the record reveals no explanation whatsoever for the reduction. Accordingly, the jury award of $4,000 is restored").

viii. See also Purcell v. Gonzalez, 549 US 1, 8 (2006) ("There has been no explanation given by the Court ... we vacate the order of the Court of Appeals")

ix. See also Press-Enterprise Co. v. Superior Court of Cal., Riverside Cty., 464 US 501, 513 (1984) ("Thus not only was there a failure to articulate findings with the requisite specificity but there was also a failure to consider alternatives to closure and to total suppression of the transcript. The trial judge should seal only such parts of the transcript as necessary to preserve the anonymity of the individuals sought to be protected.")

x. See also United States v. Grinnell Corp., 384 US 563, 579 (1966) ("The District Court gave no explanation for its refusal to grant this relief. It is so important and customary a provision that the District Court should reconsider it").

xi. See also Delaware v. Van Arsdall, 475 US 673, 680 (1986) ("In so doing, it offered no explanation why the Chapman harmless-error standard ... is inapplicable here.")

2. With the Court respectfully reminded of these two very important limitations on its power, let us continue with the response to the Brief itself.

3. The Defendant filed an Answer to Complaint on August 7, 2017. During this Answer, they list a variety of affirmative defenses, but they do not provide any specific factual allegations to support them. Even still, most of them are patently frivolous, even as-is.

4.    Specifically, I am referring to Paragraphs 25-35 of the Answer.

5.    "The court may strike from a pleading an insufficient defense." See Fed.R.Civ.P. 12(f). I ask that this Court invoke this authority at this point in time, so that the parties will not be required to engage in discovery on frivolous issues which do not matter.

6.    I also ask that the Court sanction the defendants, as these affirmative defenses are not only without factual allegations to support them, but some of them are completely frivolous. The biggest examples of frivolous defenses are the statute of limitations, sovereign immunity, and failure to state a claim.

7.    A Brief in support of this motion is being filed alongside this motion, the contents of which are hereby incorporated by reference.

8.    Wherefore, premises considered, I respectfully request that Paragraphs 25-35 of the Defendants' Answer be stricken and they not be allowed to litigate them. So requested on this, the 11th day of August, 2017.

David Stebbins
123 W. Ridge St.,
APT D
Harrison, AR 72601
870-204-6516
stebbinsd@yahoo.com