UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF ARKANSAS
LITTLE ROCK DIVISION

DAVID A. STEBBINS                                                              PLAINTIFF

VS.                         CASE NO. 4:16CV00545-JM

STATE OF ARKANSAS, ARKANSAS
REHABILITATION SERVICES, AND AMY JONES            DEFENDANTS

### BRIEF IN SUPPORT OF MOTION TO STRIKE AND FOR SANCTIONS

Comes now, *pro se* Plaintiff David Stebbins, who hereby submits the following Brief in Support of the Motion to Strike Paragraphs 25-35 of the Answer to Complaint.

1. Before we get to the brief itself, I wish to take this opportunity to remind this Court of two very important limitations on its power:

    (a) First, this Court cannot raise new claims or defenses *sua sponte*, unless it pertains to the Court's subject-matter jurisdiction.

        i. See Henderson v. Shinseki, 131 S. Ct. 1197, 1202 (2011) ("Under [the adversarial system], courts are generally limited to addressing the claims and arguments advanced by the parties. Courts do not usually raise claims or arguments on their own")

        ii. See also Sanchez-Llamas v. Oregon, 548 US 331, 356-57 (2006) ("The consequence of failing to raise a claim for adjudication at the proper time is generally forfeiture of that claim. As a result, rules such as procedural default routinely deny 'legal significance' ... to otherwise viable legal claims").

        iii. See also Sayre v. Musicland Group, Inc., 850 F. 2d 350, 353 (8th Cir. 1988) (failure to plead affirmative defenses constitutes waiver of that defense, even if not specifically listed in Rule 8(c)). See also Sartin v. Commissioner of Pub. Saf. of St. of Minn., 535 F. 2d 430, 433 (8th Cir. 1976) (same).

(b)     Second, this Court that it cannot issue an order without giving an explanation behind it. Failure to give an explanation constitutes an automatic abuse of discretion.

  i.   See US v. Burrell, 622 F. 3d 961, 964 (8th Cir. 2010) ("We have held that a district court need not give lengthy explanations ... but this does not permit a district court to give no explanation for its decision"); see also Rayes v. Johnson, 969 F. 2d 700, 704-705 (8th Cir. 1992) ("The district court may have had reason to deny Rayes' request for subsequent counsel, but no explanation appears in the record. The request was summarily denied twice.")

  ii.  See also Slaughter v. City of Maplewood, 731 F. 2d 587, 589 (8th Cir. 1984) ("we neverthe-less find it necessary to remand because we cannot determine from the record whether the district court exercised a reasoned and well-informed discretion, so as to permit our review for abuse of discretion")

  iii. See also Foman v. Davis, 371 US 178, 182 (1962) ("[O]utright refusal to grant the leave without any justifying reason appearing for the denial is not an exercise of discretion; it is merely abuse of that discretion and inconsistent with the spirit of the Federal Rules.")

  iv.  See also Gulf Oil Co. v. Bernard, 452 US 89, 103 (1981) ("We conclude that the imposition of the order was an abuse of discretion. The record reveals no grounds on which the District Court could have determined that it was necessary or appropriate to impose this order.")

  v.   See also US v. Walters, 643 F. 3d 1077, 1080 (8th Cir. 2011) ("given the lack of specific findings and the evidence in the record, we find that the district court abused its discretion").

vi. See also Jarrett v. ERC Properties, Inc., 211 F. 3d 1078, 1084 (8th Cir. 2000) ("The district court's good faith finding was stated in conclusory fashion with no explanation ... Therefore, the court abused its discretion").

vii. See also Thongvanh v. Thalacker, 17 F. 3d 256, 260 (8th Cir. 1994) ("A careful review of the record reveals no explanation whatsoever for the reduction. Accordingly, the jury award of $4,000 is restored").

viii. See also Purcell v. Gonzalez, 549 US 1, 8 (2006) ("There has been no explanation given by the Court ... we vacate the order of the Court of Appeals")

ix. See also Press-Enterprise Co. v. Superior Court of Cal., Riverside Cty., 464 US 501, 513 (1984) ("Thus not only was there a failure to articulate findings with the requisite specificity but there was also a failure to consider alternatives to closure and to total suppression of the transcript. The trial judge should seal only such parts of the transcript as necessary to preserve the anonymity of the individuals sought to be protected.")

x. See also United States v. Grinnell Corp., 384 US 563, 579 (1966) ("The District Court gave no explanation for its refusal to grant this relief. It is so important and customary a provision that the District Court should reconsider it").

xi. See also Delaware v. Van Arsdall, 475 US 673, 680 (1986) ("In so doing, it offered no explanation why the Chapman harmless-error standard ... is inapplicable here.")

2. With the Court respectfully reminded of these two very important limitations on its power, let us continue with the response to the Brief itself.

## SECTION 1: LACK OF FACTUAL ALLEGATIONS

3. The Defendants, during their motion to dismiss, made a big deal about how "legal conclusions, unsupported conclusions, and unwarranted inferences must be ignored." See Doc.

16, Page 2. As held by the Supreme Court, "the pleading standard Rule 8 announces does not require "detailed factual allegations," but it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." See Ashcroft v. Iqbal, 556 US 662, 1949 (2009).

4.      Yet the Defendants do not seem to mind doing the exact same thing when they have listed their affirmative defenses. They previously sought summary dismissal on the grounds that I have stated nothing but conclusory allegations of retaliation, but then they provide only conclusory allegations of their affirmative defenses.

5.      The closest the Defendants come to providing specific factual allegations are in Paragraph #35. Of course, that defense is still frivolous for reasons we will get into in a minute, but everything else is nothing but them *listing* the affirmative defenses and providing no factual allegations which can be proven or disproven.

6.      Just on this alone, the entirety of Paragraphs 25-35 of the Defendants' Answer to Complaint should be stricken.

7.      I have no objections if they wish to file a revised Answer making further factual allegations. But they should not be allowed to proceed with discovery just on the baseless conclusions they have offered.

### SECTION II: THE DEFENSES ARE FRIVOLOUS

8.      Each of the affirmative defenses listed by the Defendants are patently frivolous on the merits. However, unlike the lack of detailed factual allegations, this will require each one to be addressed one-by-one.

#### There is no government immunity

9.      Paragraphs 25-27 list (but offer nothing beyond listing) three different types of governmental immunity. This is easily the most frivolous of their affirmative defenses because,

unlike the rest, in addition to there being clearly established law which defeats it, we also have the doctrines of res judicata and collateral estoppel.

10. This Court has already ruled on their Motion to Dismiss, which was predicated at least in part on being immune from suit. See Doc. 51 and Doc. 55. Their argument for immunity was rejected, The Magistrate Judge explained that the issue has been heavily eroded by subsequent case law.

11. If the Defendants still believed that they were entitled to sovereign immunity, it was their right to file an interlocutory appeal. They chose not to, instead opting to file an Answer and litigate the case. They have therefore lost their right to file an interlocutory appeal. This means that the District Court's decision that the Defendants are not immune from suit stands.

12. Therefore, the Defendants have effectively conceded to having to litigate the case, which means they are not immune from suit.

13. For this reason, the defenses raised in Paragraphs 25-27 of the Answer to Complaint are frivolous and should be stricken. The Defendants should not be allowed to continue to litigate them, not just because the defenses are frivolous, but because they have already been declared as being without merit by this Court.

### Statute of limitations

14. In Paragraph 28, the Defendants assert the statute of limitations as an affirmative defense.

15. To prove the statute of limitations, we need to know three things: (1) when the actions complained about occurred, (2) when the complaint was filed, and (3) how long the applicable statute of limitations is.

16. The allegations occurred in November of 2015. See Doc. 2, Paragraph 15.

17. The Court can take judicial notice that the Complaint in this case was filed on August 27,

2016. This was less than a year after the initial actions occurred.

18.     The statute of limitations for this case is three (3) year. See Gaona v. Town & Country Credit, 324 F. 3d 1050, 1055 (8th Cir. 2003) ("all non-employment-related claims brought under the Americans with Disabilities Act and the Rehabilitation Act have the same statute of limitations as common law personal injury claims in that state"). See also Early v. Baker, 2013 Ark. 505 ("). In Arkansas, the statute of limitations for personal-injury claims is three years").

19.     I am safely, securely, and comfortable within the statute of limitations. Period.

20.     Even if the statute of limitations might have run, that is not an automatic bar to my case. The fact that the Defendants, by their own admission, still refuse to this day to provide any funding. Therefore, the statute of limitations is tolled indefinitely because of the continuing violations rule.

21.     For both of these reasons, the Defendants' raising of the statute of limitations defense is frivolous and should be stricken.

### Failure to State a Claim

22.     Again, just like with the issue of sovereign immunity, the Court has already put this issue to rest when it denied the Defendant's Motion to Dismiss. The re-litigation of this claim is barred under the doctrine of res judicata. Their frivolous attempts to continue to litigate this issue should be stricken.

### Doctrine of Mootness

23.     This one is just baffling. Their argument that the claim is moot is so frivolous I should not even have to explain it.

24.     The mootness doctrine applies when there is no longer a case to litigate. For example, De Funis v. Odegaard, 416 U.S. 312 (U.S. 1974) is a case where the court dismissed the case as

moot. Petitioner student commenced action against respondent law school contending that the procedures and criteria employed by respondent invidiously discriminated against him on account of his race in violation of the Equal Protection Clause of U.S. Const. amend. XIV. During the pendency of the case, the petitioner was provisionally admitted to the school.

25.     There is nothing even remotely like that currently present in this case. This is one of those times when their failure to provide any factual allegations renders the entire defense a complete head-scratcher.

26.     This defense should be stricken.

### Failure to exhaust administrative remedies

27.     Put quite simply, there is no requirement for me to exhaust any administrative remedies. Except for Title I of the Americans with Disabilities Act, no other Title of the ADA requires the exhaustion of administrative remedies. A law must explicitly require the exhaustion of administrative remedies before a plaintiff takes on such an obligation.

28.     However, just to make that perfectly clear, hear is an from a website owned and operated by the U.S. Department of Justice that makes it perfectly clear that there is no requirement to exhaust administrative remedies before filing suit:

> "Again, consistent with section 504, it is not the Committee's intent that persons with disabilities need to exhaust Federal administrative remedies before exercising their private right of action.
> …
> The Act requires the Department of Justice to establish administrative procedures for resolution of complaints, but does not require complainants to exhaust these administrative remedies. The Committee Reports make clear that Congress intended to provide a private right of action with the full panoply of remedies for individual victims of discrimination. Because the Act does not require exhaustion of administrative remedies, the complainant may elect to proceed with a private suit at any time."
>
> https://www.ada.gov/reg2.html

29. There it is in black and white. There is no requiremetn for me to exhaust any administrative remedies. Period. That's it; that's the bottom line.

30. Their attempt to bar my claims as a matter of law on these grounds is patently frivolous. It should be stricken.

### "All other" affirmative defenses in Rule 8(c)

31. This is a complete cop-out. It is clearly-established, black letter law that a defendant must affirmatively plead in order to be preserved for judicial review.

32. The rationale behind this case law is obvious. It protects litigants from being surprised on trial day with a defense they had no notice of and therefore no opportunity to prepare for. It is the same reason surprise witnesses are not allowed.

33. This is nothing short of a blatant attempt to circumvent the provisions of this requirement without actually complying with them. They reserve ... all the defenses! They won't list them by name, but they still reserve the right to raise any of them they want to at the last minute!

34. This is most likely a novel issue of law, since I cannot find any case law on this topic (though some case law might still exist). But if this is a novel issue of law, then the law should unquestionably be interpreted in my favor. Otherwise, the requirement of them having to "affirmatively plead" the defenses is rendered entirely meaningless. I find it extremely unlikely that the Judicial Council, who wrote the Federal Rules of Civil Procedure, intended for their requirements to be so easily circumvented.

35. Furthermore, as a matter of fact (not just a matter of law), this hardly even counts as "affirmatively pleading" the defenses! By making a catch-all, one-sentence reference to "all defenses" is not affirmatively pleading those defenses! "Affirmatively pleading" means, at the very least, that you have to say the defenses you want to raise. If it means anything else, it has to

mean at least this much. Common sense dictates this.

36.    As stated previously, I have no objections to the Defendants being allowed to file an Amended Answer. However, if they do this, I ask the Court to insist that they definitively state a finite number of affirmative defenses to the exclusion of all other defenses. Otherwise, the requirement of them having to "affirmatively plead" their defenses makes no sense and is rendered entirely without effect. This is very dangerous precedent to set.

### Change of Venue

37.    Next, they argue that the case should be transferred to the Western District of Arkansas. I admit that venue could be equally proper in both the Western and Eastern Districts.

38.    However, unless venue is outright *improper*, then the Courts should defer heavily to the plaintiff's choice of venue. See Jumara v. State Farm Ins. Co., 55 F. 3d 873, 879 (3rd Cir. 1995) ("the plaintiff's choice of venue should not be lightly disturbed"). See also Shutte v. Armco Steel Corporation, 431 F. 2d 22, 25 (3rdCir. 1970) ("It is black letter law that a plaintiff's choice of a proper forum is a paramount consideration in any determination of a transfer request") See also In re TS Tech USA Corp., 551 F. 3d 1315 (Fed. Cir. 2008) ("the plaintiff's choice of venue is accorded deference ... the burden that a moving party must meet in order to demonstrate that the transferee venue is a clearly more convenient venue").

39.    The only argument the Defendants have made that the Western District is a more convenient forum than the Eastern District is because ... the Plaintiff and one of the defendants both live and work in the Western District. That's it. The residency of two parties is the ONLY thing they have offered to support an overriding of the plaintiff's choice of venue.

40.    This Court clearly has concurrent jurisdiction in this case. As I stated in the Complaint, the State of Arkansas is headquartered in Little Rock, which is in the Western District. The

Defendants' only argument for transfer of venue is the residency status of some of the parties. Well, by that logic, some of the parties are also headquartered in Little Rock! The Defense Counsel is based in Little Rock!

41. So there is clearly no definitive choice between the two venues. They are both equally proper venues, unless the Defendants can produce an additional grounds for a transfer, and upon that being established, the plaintiff's choice of venue should be what breaks the tie.

## SECTION III: SANCTIONS

42. As stated before, not only are these defenses lacking in essential factual development, but they are in fact entirely frivolous even if taken on the merits.

43. This means that the Defendants' raising of these defenses are in violation of Fed.R.Civ.P. 11(b)(2). They are not warranted by any existing law or a reasonable extension or modification of law. They are just being casually mentioned without any regard as to whether they have any evidence to support them, just in the off chance they might come in handy later on. Some of the most blatant are those which have already been adjudicated by this Court (such as sovereign immunity and failure to state a claim), as well as those which are entirely objective and are reduced to a simple counting formula (like the statute of limitations).

44. For this reason, the Defendants should be sanctioned for blatant attempt and raising frivolous defenses. The best this Court can do is strike the defenses right here and now before the Defendants have the opportunity to waste my time and the Court's time by having to litigate the defenses. However, even still, the Court still had to spend at least some taxpayer resources disposing of the defenses that either A) had already been disposed of, or B) are so frivolous that they should never have been brought up in the first place. See Crain v. CIR, 737 F. 2d 1417, 1419 (5thCir. 1984) ("The [opposing party] should not have been put to the trouble of responding to

such spurious arguments, nor this court to the trouble of 'adjudicating' this meritless appeal").

45.   To deter the Defendants from engaging in this conduct in the future, I ask that this Court sanction the Defendants.

Wherefore, premises considered, I respectfully request that this Court strike Paragraphs 25-35 of the Defendants' Answer and not allow them to litigate those claims, and then sanction the Defendants for raising patently frivolous affirmative defenses.

So requested on this, the 11th day of August, 2017.

/s/ David X. Stebbins

David Stebbins
123 W. Ridge St.,
APT D
Harrison, AR 72601
870-204-6516
stebbinsd@yahoo.com