UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF ARKANSAS
LITTLE ROCK DIVISION

DAVID A. STEBBINS                                                        PLAINTIFF

VS.                            CASE NO. 4:16CV00545-JM

STATE OF ARKANSAS, ARKANSAS
REHABILITATION SERVICES, AND AMY JONES                     DEFENDANTS

### SUPPLEMENT TO [072] MOTION TO ADJUST SCHEDULING ORDER

Comes now, *pro se* Plaintiff David Stebbins, who hereby submits the following Supplement to Doc. 72, insofar as that pleading concerns the motion to adjust the scheduling order.

1.      I have another reason why the scheduling order should be adjusted, independent of the prejudice I have suffered due to the defendants' ex parte extension of time to respond to discovery.

2.      Specifically, my witnesses will be heavily burdened by the current trial schedule. The trial schedule is currently set as "the week of" April 23, 2018. That means I can be called for trial any day out of that week.

3.      I currently have three (3) witnesses who I plan to call to support my case. Their names, and the things I plan to have them testify about, are as follows:

(a)     **Joan Lipsmeyer** – One of my former math teachers at North Arkansas College. I already mentioned her when I talked about a letter she wrote on my behalf, where she said that I was "a very successful mathematics student," that I had "an innate sense of logic, order, and patterns," and that I "wants to major in computer science … would excel in that field." See Paragraph #16 of the "Complaint and Jury Demand" in this case. Well, I can't just introduce the letter itself; that would be hearsay! So I have to call her as a witness directly.

(b)     **Rachel Lanning** – Another one of my former instructors. This time, however, I

signed up for that class in the summer of 2016 and paid for the class out-of-pocket for the *express purpose* of proving that I could be in college and thrive in that environment *despite* my currently list of symptoms that formed the basis for the ARS's adverse actions. This makes Lanning's testimony about my success in that class even more relevant than Ms. Lipsmeyer's. Ms. Lipsmeyer might know that I am a very smart student who can excel at math, but she only observed me before I got diagnosed with the depression, whereas Ms. Lanning observed me afterwards. It is by juxtaposing her testimony with Ms. Lanning's that I plan to show that these disabilities and their symptoms – which served as the basis for the ARS's adverse actions – in fact have a statistically non-significant impact in my academic abilities.

(c)    **Rita Stebbins** – a relative who can testify about my academic abilities (and, by proxy, my capacity to excel in a classroom). She can also testify about my ability to have a job if I can get one, because she saw me during my first job as a teenager, at a local Sonic Drive-In. Since the ARS argues that my likelihood to succeed in the *workforce* (not just the classroom) is also a factor in their decision to grant funds, that makes the second of Rita's testimonies very relevant indeed.

4.    Without knowing when the trial will be, and by proxy, not knowing when they will be called, they will, at this point in time, have to schedule transportation and lodging for the whole week. In addition to that being ludicrously expensive on a teacher's salary, it also means they will have to miss upwards of a week of paid work! While you could make the argument that I, personally, willingly subjected myself to the court's authority and therefore have agreed to be subjected to this week of uncertainty, my witnesses have not agreed to that.

5.    Even more importantly, the two witnesses who are teachers would not only be missing an entire week's worth of paid work, but it would be in an important time of year for them! The

current trial date is set only a few short weeks before the final exams of the Spring 2018 semester. Their classes would be the busiest they would be all year!

6.    By rescheduling the trial date so that A) it is set to take place during the summer, and B) the trial is set for a 2-day trial for two exact known dates, then the witnesses will be much more capable of accommodating the testimonies they would be required to give.

7.    Rita Stebbins is not a teacher, but she does currently work as a lunch lady at the Harrison Public School System. As such, her schedule is still intertwined with the school year, so she will still be most free during the summer, just like the other two witnesses.

8.    If you won't do it for me, then at least do it for my witnesses. They *didn't* sign up for this.

9.    For these reasons, I ask that the discovery be extended to accommodate for the delay in receiving discovery, and all other dates pushed back accordingly. I ask that the trial date, when rescheduling everything, be scheduled to take place during either June or July, and more importantly, that the case be set for a 2-day jury trial, and that those two days be declared with 100% precision.

So requested on this, the 4th day of September, 2017.

David Stebbins
123 W. Ridge St.,
APT D
Harrison, AR 72601
870-204-6516
stebbinsd@yahoo.com