FILED
U.S. DISTRICT COURT
EASTERN DISTRICT ARKANSAS

SEP 12 2017

JAMES W. McCORMACK, CLERK
By:_____ DEP CLERK

UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF ARKANSAS
LITTLE ROCK DIVISION

DAVID A. STEBBINS                                              PLAINTIFF

VS.                    CASE NO. 4:16CV00545-JM

STATE OF ARKANSAS, ARKANSAS
REHABILITATION SERVICES, AND AMY JONES         DEFENDANTS

## MOTION IN LIMINE

Comes now, *pro se* Plaintiff David Stebbins, who hereby submits his first Motion in Limine in the above-styled action.

1. While considering this motion, please remember that this Court cannot issue orders without giving an explanation as to why he is ruling the way he is. I have already given numerous case laws and binding precedents showing this, so I should not have to re-state them here.

2. The Final Scheduling Order (Doc. 66) require Motions in Limine to be filed *before* April 13, 2018, but no date is given as to the *earliest* that a Motion in Limine may be filed. As such, I will assume that motions in limine whenever there is enough evidence to support them. While it is, generally speaking, disfavored to have motions in limine at this stage in the litigation, I believe that it is clear, from what little evidence I have received, that the evidence this motion seeks to have forbidden is not going to be admissible under any circumstances. By filing this motion right now, I do not waive any right to file any future motions in limine.

3. Specifically, I ask that the Court forbid the Defendant from having any of their witnesses testify about my ability (or lack thereof) to do any job-related functions such as make decisions or work as part of a group.

4. The Defendants argue that they were justified in denying me any funding for college because my symptoms made me unlikely to succeed in the workforce.

5.  However, the Defendants, by their own admission, never examined me in person and never confirmed whether or not I actually can do the things the want me to be able to do. They have *admitted* to this in their response to my First Request for Admissions.

6.  This means that any testimony as to my ability to succeed in the workforce is automatically inadmissible by reason of the "calls for speculation" objection.

7.  Although this order, if issued, would not bar the defendants from offering my medical records themselves, this Court has already declared that the summary reliance on a context-less list of symptoms is not, by itself, sufficient to justify disability discrimination.

8.  The Defendants have attempted to justify their decision to not observe me in-person on the grounds that they felt it was necessary for Dr. Johnson's personal safety. However, this excuse A) does not permit speculative testimony as a matter of law, B) is, itself, based on speculative arguments that I posed a threat, and C) is grossly devoid of sufficient detail, even as-is.

9.  Please find, attached to this motion, the following exhibits:

    - **Exhibit 1**: Defendant's Response to Plaintiff's First Request for Admissions. Their answer to Requested Admission No. 8 (located at the top of Page 3) is the section of this exhibit that will be the focus of this motion.

10. A Brief in Support of this Motion is being included with this Motion, the contents of which are hereby incorporated by reference.

11. The Brief will refer to the following legal authorities. You may wish to have them on standby while reviewing the Brief:

    - Federal Rule of Evidence #602
    - Federal Rule of Evidence #703

12. While considering this motion, please remember that this Court cannot issue orders

without giving an explanation as to why he is ruling the way he is. I have already given numerous case laws and binding precedents showing this, so I should not have to re-state them here.

13.    Wherefore, premises considered, I respectfully request that the Defendants not be allowed offer any witness testimony of my abilities, or lack thereof, in the workforce.

So requested on this, the 8th day of September, 2017.

*/s/ David Stebbins*
David Stebbins
123 W. Ridge St.,
APT D
Harrison, AR 72601
870-204-6516
stebbinsd@yahoo.com

IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
LITTLE ROCK DIVISION

**DAVID A. STEBBINS**                                                            **PLAINTIFF**

v.                    **CASE NO. 4:16CV545 JM**

**STATE OF ARKANSAS, ARKANSAS**                              **DEFENDANTS**
**REHABILITATION SERVICES, AND**
**AMY JONES**

### DEFENDANTS' ANSWER TO PLAINTIFF'S REQUESTS FOR ADMISSIONS

COME NOW Defendants, State of Arkansas, Arkansas Rehabilitation Services, and Amy Jones, by and through their attorneys, Attorney General Leslie Rutledge and Senior Assistant Attorney General Christine A. Cryer, and for their Answer to Plaintiff's Requests for Admissions, states as follows:

**REQUEST FOR ADMISSION NO. 1:** Plaintiff has disabilities including, but not limited to, Asperger Syndrome and depression.

**ANSWER NO. 1:** Admitted.

**REQUEST FOR ADMISSION NO. 2:** Plaintiff has engaged in various civil rights and discrimination lawsuits in the past.

**ANSWER NO. 2:** Admitted. Plaintiff provided this information voluntarily.

**REQUEST FOR ADMISSION NO. 3:** The Defendants knew about the lawsuits mentioned in Requested Admission No. 2.

**ANSWER NO. 3**: Admitted. Plaintiff provided this information voluntarily.

**REQUEST FOR ADMISSION NO. 4**: In December of 2015, Plaintiff applied with the Defendants – specifically the Arkansas Rehabilitation Services – for funding for college.

**ANSWER NO. 4**: Admitted.

**REQUEST FOR ADMISSION NO. 5**: The application mentioned in Requested Admission No. 4 was denied by Amy Jones.

**ANSWER NO. 5**: Denied. The Plaintiff was ineligible.

**REQUEST FOR ADMISSION NO. 6**: The adverse action spoken of in Requested Admission No. 5 was motivated, at least in part, by the statutorily protected activities mentioned in Requested Admission No. 2.

**ANSWER NO. 6**: Denied. The Plaintiff was ineligible.

**REQUEST FOR ADMISSION NO. 7**: The adverse action spoken of in Requested Admission No. 5 was motivated, at least in part, by the disabilities mentioned in Requested Admission No. 1.

**ANSWER NO. 7**: Denied. The Plaintiff was ineligible.

**REQUEST FOR ADMISSION NO. 8:** The medical expert who recommended that the disabilities mentioned in Requested Admission No. 1 would interfere with Plaintiff's vocational efforts never actually examined Plaintiff personally.

**ANSWER NO. 8:** Admitted. A licensed psychological examiner reviewed his records on two different occasions. The examiner spoke to her supervisor, who felt it was unsafe for her to meet with plaintiff in person due to safety issues, specifically due to his behavior toward the staff from the time of the initial application for services.

**REQUEST FOR ADMISSION NO. 9:** The Defendants, when engaging in the adverse action spoken of in Requested Admission No. 5, never considered whether any reasonable accommodations may have overcome this deficiency.

**ANSWER NO. 9:** Denied.

**REQUEST FOR ADMISSION NO. 10:** From July 5, 2015 through August 4, 2016, Plaintiff was enrolled as a student at North Arkansas College.

**ANSWER NO. 10:** Denied.

**REQUEST FOR ADMISSION NO. 11:** During the enrollment spoken of in Requested Admission No. 10, Plaintiff thoroughly demonstrated that, despite medical opinion (that was never even based on any personal observations) spoken of

3

in Requested Admission No. 8, he was indeed very much capable of thriving in college.

**ANSWER NO. 11:** Denied.

**REQUEST FOR ADMISSION NO. 12:** Despite the irrefutable evidence spoken of in Requested Admission No. 11 that plaintiff was, indeed, fully capable of being in college, Amy Jones nevertheless refused to re-evaluate Plaintiff's application.

**ANSWER NO. 12:** Object to the form of the question. Without waiving said objection, this request is denied.

**REQUEST FOR ADMISSION NO. 13:** Plaintiff, at the time of his application, expressed a desire to major in either computer science or information technology.

**ANSWER NO. 13:** Unknown, therefore this request is denied.

**REQUEST FOR ADMISSION NO. 14:** The average nationwide (not statewide, but nationwide) salary for people with bachelor's degrees in computer science and/or information technology is $87,985.71 per year.

**ANSWER NO. 14:** Unknown, therefore this request is denied.

**REQUEST FOR ADMISSION NO. 15:** Amy Jones engaged in the retaliation mentioned in Requested Admissions Nos. 5 & 6 knowing full well that Plaintiff's litigation history was protected by the First Amendment.

**ANSWER NO. 15:** Denied.

**REQUEST FOR ADMISSION NO. 16:** The State of Arkansas and all her agents and officers will never stop discriminating and retaliating against Plaintiff for his statutorily protected activities, unless they are forced to, solely because they do not like Plaintiff.

**ANSWER NO. 16:** Denied.

**REQUEST FOR ADMISSION NO. 17:** The symptoms which formed the basis of the Defendants' denial of services was caused by the State of Arkansas' own illegal and corrupt actions.

**ANSWER NO. 17:** Denied.

**REQUEST FOR ADMISSION NO. 18:** The Defendants believe they are above the law.

**ANSWER NO. 18:** Denied.

Respectfully submitted,

LESLIE RUTLEDGE<br>
Attorney General

By: _____
Christine A. Cryer
Ark. Bar No. 2001082
Senior Assistant Attorney General
Arkansas Attorney General's Office
323 Center Street, Suite 200
Little Rock, AR 72201
Phone: (501) 683-0958
Fax:    (501) 682-2591
Email: christine.cryer@arkansasag.gov

## CERTIFICATE OF SERVICE

I, Christine A. Cryer, hereby certify that on 25th day of August, 2017, I mailed this document by U.S. Postal Service to the following:

David A. Stebbins
123 West Ridge Street, Apt. D
Harrison, AR 72601

_____
Christine A. Cryer