IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
LITTLE ROCK DIVISION

DAVID A. STEBBINS                                                                              PLAINTIFF

v.                                        NO. 4:16-CV-545-JM

STATE OF ARKANSAS, ARKANSAS                                            DEFENDANT
REHABILITATION SERVICES, AND
AMY JONES

## RESPONSE IN OPPOSITION TO PLAINTIFF'S MOTION IN LIMINE

Come now the Defendants, the State of Arkansas, Arkansas Rehabilitation Services ("ARS"), and Amy Jones, by and through their attorneys, Attorney General Leslie Rutledge and Senior Assistant Attorney General Christine A. Cryer, and for their Response in Opposition to Plaintiff's Motion in Limine, state as follows:

1. On December 1, 2015, Plaintiff David Stebbins applied for ARS benefits. (Ex. A) On the Application for Services, Stebbins was informed of his options should he disagree with any decision made by ARS.

2. On December 16, 2015, Stebbins was informed that, as of that date, he was considered not eligible for vocational rehabilitation services. (Ex. B)

3. Stebbins was also notified in the December 16, 2015 correspondence of his right to request an administrative review if he was dissatisfied with the decision. (*Id.*) Plaintiff did not do this.

4. The following day, a second letter went out to Stebbins. In it, Stebbins was notified of what steps he would need to take in order for his request for services

to be reassessed. (Ex. C)  To their knowledge, Plaintiff has not taken and/or completed the steps necessary in order to be reassessed.

5. In his Motion in Limine, Stebbins asks this Court to "forbid the Defendant from having any of their witnesses testify about my ability (or lack thereof) to any job-related functions such as make decisions or work as part of a group." DE 75, ¶ 3).

6. Stebbins' motion is without merit and should be denied in its entirety.

7. In his Complaint, Stebbins alleges he is capable of attending school, completing his coursework, and becoming a productive employee in the workforce. Defendants do not currently know this to be true or untrue; however, as of December 2015, the Defendants did not believe it to be true.

8. Stebbins essentially asks this Court to prohibit the Defendants from offering evidence through testimony or other means from explaining their actions. This would be improper and unfair, just as it would be improper and unfair for the Defendants to ask that Stebbins be prohibited from explaining to this Court why he believes his position is the correct one.  Stebbins is entitled to disagree with the steps taken by the Defendants however, that disagreement does not entitle him to the exclusion of those steps or the reasoning behind them.

9. Any witness called to testify in Court should be allowed to testify as to their knowledge and belief, and the basis for same.

WHEREFORE, Defendants respectfully request this Court deny Plaintiff's Motion in Limine, and for all other just and proper relief to which they may be entitled.

        Respectfully submitted,

        Leslie Rutledge
        Attorney General

By:   /s/ Christine A. Cryer
      Christine A. Cryer
      Arkansas Bar No. 2001082
      Sr. Assistant Attorney General
      323 Center Street, Suite 200
      Little Rock, Arkansas 72201
      Telephone: (501) 683-0958
      Facsimile: (501) 682-2591
      Christine.cryer@arkansasag.gov

## CERTIFICATE OF SERVICE

I, Christine A. Cryer, Senior Assistant Attorney General, do hereby certify that on September 26, 2017, I electronically filed the forgoing with the Clerk of the Court using the CM/ECF system.

I, Christine A. Cryer, hereby certify that on September 26, 2017, I mailed the document by U.S. Postal Service to the following non CM/ECF participant:

Mr. David Stebbins
123 W. Ridge St., Apt. D
Harrison, Arkansas 72601

        /s/ Christine A. Cryer