UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF ARKANSAS
LITTLE ROCK DIVISION

DAVID A. STEBBINS

VS.                          CASE NO. 4:16CV00545-JM

STATE OF ARKANSAS, ARKANSAS
REHABILITATION SERVICES, AND AMY JONES          DEFENDANTS

## SECOND MOTIONN FOR SUMMARY JUDGMENT

Comes now, *pro se* Plaintiff David Stebbins, who hereby submits the following Motion

for Summary Judgment.

1.      The facts for ADA discrimination, ADA retaliation, and First Amendment retaliation are

not in dispute.

(a)     The Defendants admit that I applied for ARS funding for college.

(b)     It is undisputed that I was denied ARS funding.

(c)     The Defendants admit that I have engaged in statutorily protected activities.

(d)     The Defendants admit that I have disabilities including but not limited to Aspergers

and Depression.

(e)     The records provided by the Defendant in their response to discovery clearly indicate

that my litigation history was a factor in their decision to deny me funding.

(f)     The records provided by the Defendant in their response to discovery clearly indicate

that my symptoms, stemming from one or more disabilities, were a factor in their decision to

deny me funding.

(g)     The Defendants admit that their decision that my symptoms and disabilities made me

ineligible for services was not based on the most reliable medical knowledge available at the

time (namely, an in-person examination).

(h)    The records provided by the Defendant in their response to discovery clearly indicate

that no effort to consider whether any reasonable accommodations would enable me to

qualify for their services.

2.    The lost wages I have suffered are judicially noticeable, since the wages for my intended

career field are recorded by the United States Bureau of Labor Statistics in a yearly publication

known as the Occupational Outlook Handbook. This federal government source clearly shows

the average salary for a person with a bachelor's degree in the field of computer and information

technology is $89,685.71 per year, or a pro-rated amount of $1,724.73 per week. Therefore, I

seek that much for each week until I begin college with the ARS paying for it. I also ask the

damages to be retroactively applied starting at December 17, 2015, the date when my application

for funding was denied.

3.    There is evidence that the Defendants are making alterations to the records to make their

decision appear more justified than it actually was. Of course, even if their records have not been

tampered, their records still clearly show evidence of discrimination and retaliation, even as-is.

4.    I would like to remind this court of two very important restrictions on its power:

(a)    First, this Court cannot raise new claims or defenses sua sponte, unless it pertains to

the Court's subject-matter jurisdiction.

i.    See Henderson v. Shinseki, 131 S. Ct. 1197, 1202 (2011) ("Under [the adversarial

system], courts are generally limited to addressing the claims and arguments advanced by

the parties. Courts do not usually raise claims or arguments on their own")

ii.    See also Sanchez-Llamas v. Oregon, 548 US 331, 356-57 (2006) ("The

consequence of failing to raise a claim for adjudication at the proper time is generally

forfeiture of that claim. As a result, rules such as procedural default routinely deny 'legal

significance' ... to otherwise viable legal claims").

    iii.    See also Sayre v. Musicland Group, Inc., 850 F. 2d 350, 353 (8th Cir. 1988) (failure to plead affirmative defenses constitutes waiver of that defense, even if not specifically listed in Rule 8(c)).

    iv.    See also Sartin v. Commissioner of Pub. Saf. of St. of Minn., 535 F. 2d 430, 433 (8th Cir. 1976) (same).

(b)    This means that, if the Defendants, in their response to this motion, fail to establish any dispute of material fact, this Court cannot "bail out" the Defendants by raising its own disputes of material fact. To do so would cause the court to become an advocate for the defense, and I should not even have to explain to you why that is not allowed.

(c)    I would also like to remind this Court that it cannot issue an order without giving an explanation behind it. Failure to give an explanation constitutes an automatic abuse of discretion.

    i.    See US v. Burrell, 622 F. 3d 961, 964 (8th Cir. 2010) ("We have held that a district court need not give lengthy explanations ... but this does not permit a district court to give no explanation for its decision");

    ii.    See also Rayes v. Johnson, 969 F. 2d 700, 704-705 (8th Cir. 1992) ("The district court may have had reason to deny Rayes' request for subsequent counsel, but no explanation appears in the record. The request was summarily denied twice.")

    iii.    See also Slaughter v. City of Maplewood, 731 F. 2d 587, 589 (8th Cir. 1984) ("we neverthe-less find it necessary to remand because we cannot determine from the record whether the district court exercised a reasoned and well-informed discretion, so as to permit our review for abuse of discretion")

iv.    See also Foman v. Davis, 371 US 178, 182 (1962) ("[O]utright refusal to grant the leave without any justifying reason appearing for the denial is not an exercise of discretion; it is merely abuse of that discretion and inconsistent with the spirit of the Federal Rules.")

v.    See also Gulf Oil Co. v. Bernard, 452 US 89, 103 (1981) ("We conclude that the imposition of the order was an abuse of discretion. The record reveals no grounds on which the District Court could have determined that it was necessary or appropriate to impose this order.")

vi.    See also US v. Walters, 643 F. 3d 1077, 1080 (8th Cir. 2011) ("given the lack of specific findings and the evidence in the record, we find that the district court abused its discretion").

vii.    See also Jarrett v. ERC Properties, Inc., 211 F. 3d 1078, 1084 (8th Cir. 2000) ("The district court's good faith finding was stated in conclusory fashion with no explanation ... Therefore, the court abused its discretion").

viii.    See also Thongvanh v. Thalacker, 17 F. 3d 256, 260 (8th Cir. 1994) ("A careful review of the record reveals no explanation whatsoever for the reduction. Accordingly, the jury award of $4,000 is restored").

ix.    See also Purcell v. Gonzalez, 549 US 1, 8 (2006) ("There has been no explanation given by the Court ... we vacate the order of the Court of Appeals")

x.    See also Press-Enterprise Co. v. Superior Court of Cal., Riverside Cty., 464 US 501, 513 (1984) ("Thus not only was there a failure to articulate findings with the requisite specificity but there was also a failure to consider alternatives to closure and to total suppression of the transcript. The trial judge should seal only such parts of the

transcript as necessary to preserve the anonymity of the individuals sought to be protected.")

xi.    See also United States v. Grinnell Corp., 384 US 563, 579 (1966) ("The District Court gave no explanation for its refusal to grant this relief. It is so important and customary a provision that the District Court should reconsider it").

xii.    See also Delaware v. Van Arsdall, 475 US 673, 680 (1986) ("In so doing, it offered no explanation why the Chapman harmless-error standard ... is inapplicable here.")

(d)    This means that, if this Court wishes to deny this Motion, it must actually state with particularity which facts are in dispute, point to the evidence presented by the defense to show that this dispute exists[1], and provide citations of law

5.    Per Arkansas Local Rule 56.1(a), a "Statement of Undisputed Facts" is being filed simultaneously with this motion.

6.    Please find, attached to this motion, the following exhibits, which will be used to support the Statement of Undisputed Facts.

(a)    **Exhibit 1** – The Defendant's Response to Plaintiff's First Request for Admissions.

(b)    **Exhibit 2** – A copy of my application for ARS services.

(c)    **Exhibit 3** – A portion of ARS's manual, outlining their guidelines for determining an

---

1    And if the Defense does not produce any evidence to show this dispute of fact, that means they lose. Period. Because as I have already established in Paragraph 4(a), this Court cannot make any findings unless the evidence is presented to it by one of the parties.

Besides, this court's own local rules clearly state that a party's failure to provide rebuttal evidence in a Motion for Summary Judgment constitutes an admission of that undisputed fact. See AR Local Rule 56.1(c). It is just like if a fact was "not denied" pursuant to Fed.R.Civ.P. 36. District Judge Moody in this case even as far as to order the non-moving party to "format the responsive portion of her statement like Requests for Admission," so as to make the similarities even more glaring.

applicant's eligibility or lack thereof for ARS assistance or funding.

    i.     As you can see from Exhibit 7, Answer to Request for Production No. 2, the

Defendants keep public copies of their policies on a website called

www.arcareereducation.org. The exact url they provided in their response did not take me

directly to the document I was looking for; I still had to do some "web-surfing" to find

the document I needed, but I still managed to find it.

    ii.     Exhibit 3 can be found as Pages 18-21 of the PDF document found on the

following webpage: `http://www.arcareereducation.org/docs/default-`

`source/arkansas-rehabilitation-services/policies-`

`andresources/1-_ars_manual_effective_1-2-`

`2014_updated_last_10-2015__2_.pdf?sfvrsn=8`

(d)    **Exhibit 4** – A portion of my ARS record, showing that I to the ARS's satisfaction that

I receive SSI benefits and therefore am automatically presumed qualified for ARS funding.

(e)    **Exhibit 5** – Recommendation dated December 15, 2015 recommending denial of

services, in part due to statutorily protected activities and in part due to symptoms.

(f)    **Exhibit 6** – Medical notes taken by Leslie Johnson that were used to form the

recommendation attached as Exhibit 3.

(g)    **Exhibit 7** – Defendant's Response to Plaintiff's First Requests for Production.

(h)    **Exhibit 8** – Letter from Amy Jones stating that I had been denied for services.

(i)    **Exhibit 9** – Defendant's Response to Plaintiff's First Set of Interrogatories.

(j)    **Exhibits 10-16** – A combination of seven exhibits where it looks like the ARS is

trying to give themselves an extra excuse – my behavior over the phone – to justify the

adverse action.

(k)    **Exhibit 17** – A screenshot showing that Exhibit 3 is attached as an email attachment to an email dated December 22, 2015.

(l)    **Exhibit 18** – My transcript from North Arkansas College, proving I made good grades while attending there.

(m)    **Exhibit 19** – a webpage from the website of the United States Bureau of Labor Statistics, showing the median salaries of those in the field of computer and information technology. You can view this webpage yourself at the following URL:

    https://www.bls.gov/ooh/computer-and-information-technology/home.htm

7.    In addition to these exhibits, I will also reference the following pleadings in the above-styled action. Since they are already on the record in this case, I do not need to attach them.

(a)    Doc. 16 – Defendant's Brief in Support of Motion to Dismiss

(b)    Doc. 28 – Defendant's Response to Plaintiff's First Motion for Partial Summary Judgment.

(c)    Doc. 51 – Recommended Partial Disposition concerning Defendant's Motion to Dismiss. This recommendation was adopted verbatim with Doc. 55, and therefore is binding res judicata in this case.

(d)    Doc. 75 – Motion in Limine

(e)    Doc. 76 – Brief in Support of Motion in Limine

8.    Per Arkansas Local Rule 7.2(a), a Brief is being filed simultaneously with this motion, the contents of which are hereby incorporated by reference.

9.    During the Brief, the following legal citations will be used. The Court may wish to have them on standby while adjudicating this motion.

•    Fed.R.Civ.P. 36

- Fed.R.Civ.P. 56

- Shaver v. Independent Stave Co., 350 F. 3d 716 (8th Cir. 2003)

- United States v. Diebold, Inc., 369 U.S. 654, 655 (1962)

- Matsushita Elec. Industrial Co. v. Zenith Radio Corp., 475 US 574, 588 (1986)

- Folkerts v. City of Waverly, 707 F.3d 975, 983 (8th Cir. 2013)

- Amir v. St. Lous Univ. 184 F.3d 1017, 1025 (8th Cir. 1999)

- Revels v. Vincenz, 382 F.3d 870, 876 (8th Cir. 2004).

- Cali. Motor Trans. Co. v. Trucking Unlimited, 404 US 508 (1972).

- Pottgen v. Missouri state high School Activities Ass'n, 40 F.3d 926, 932 (8th Cir. 1994)

- Williams v. Fermenta Animal Health Co., 984 F. 2d 261, 265 (8th Cir. 1993)

- Doane v. City of Omaha, 115 F.3d 624, 629 (8th Cir. 1997)

- Meagley v. City of Little Rock, 639 F. 3d 384, 387-390 (8th Cir. 2011)

10.    Wherefore, premises considered, I respectfully request that this Court ...

   (a)    ... issue summary judgment in my favor,

   (b)    ... issue injunctions to the Defendants to pay for my college education,

   (c)    ... issue a second injunction to the State of Arkansas to never again use my litigation
   history as a factor in an of their decisions,

   (d)    ... award damages in the amount of $1,724.73 per week, starting at December 17,
   2015 and continuing until I begin college at the Defendant's expense,

   (e)    ... award punitive damages in the amount of four times the amount of compensatory
   damages, and

   (f)    ... any other relief the Court finds appropriate.

11.    So requested on this, the 26th day of September, 2017.

David Stebbins
123 W. Ridge St.,
APT D
Harrison, AR 72601
870-204-6516
stebbinsd@yahoo.com

RECEIVED
U.S. DISTRICT COURT
EASTERN DISTRICT ARKANSAS

2017 SEP 28   AM 9: 23

JAMES W. McCORMACK

BY:_____

## IN THE UNITED STATES DISTRICT COURT
### EASTERN DISTRICT OF ARKANSAS
### LITTLE ROCK DIVISION

DAVID A. STEBBINS                                           **PLAINTIFF**

v.                        **CASE NO. 4:16CV545 JM**

STATE OF ARKANSAS, ARKANSAS                    **DEFENDANTS**
REHABILITATION SERVICES, AND
AMY JONES

### DEFENDANTS' ANSWER TO PLAINTIFF'S
### REQUESTS FOR ADMISSIONS

COME NOW Defendants, State of Arkansas, Arkansas Rehabilitation

Services, and Amy Jones, by and through their attorneys, Attorney General Leslie

Rutledge and Senior Assistant Attorney General Christine A. Cryer, and for their

Answer to Plaintiff's Requests for Admissions, states as follows:

**REQUEST FOR ADMISSION NO. 1:** Plaintiff has disabilities including,

but not limited to, Asperger Syndrome and depression.

**ANSWER NO. 1:** Admitted.


**REQUEST FOR ADMISSION NO. 2:** Plaintiff has engaged in various civil

rights and discrimination lawsuits in the past.

**ANSWER NO. 2:** Admitted. Plaintiff provided this information voluntarily.


**REQUEST FOR ADMISSION NO. 3:** The Defendants knew about the

lawsuits mentioned in Requested Admission No. 2.

$E_x h, 1$

**ANSWER NO. 3**: Admitted.  Plaintiff provided this information voluntarily.


**REQUEST FOR ADMISSION NO. 4**:   In December of 2015, Plaintiff applied with the Defendants – specifically the Arkansas Rehabilitation Services – for funding for college.

**ANSWER NO. 4**: Admitted.


**REQUEST FOR ADMISSION NO. 5**:   The application mentioned in Requested Admission No. 4 was denied by Amy Jones.

**ANSWER NO. 5**: Denied.  The Plaintiff was ineligible.


**REQUEST FOR ADMISSION NO. 6**:   The adverse action spoken of in Requested Admission No. 5 was motivated, at least in part, by the statutorily protected activities mentioned in Requested Admission No. 2.

**ANSWER NO. 6**: Denied.  The Plaintiff was ineligible.


**REQUEST FOR ADMISSION NO. 7**:   The adverse action spoken of in Requested Admission No. 5 was motivated, at least in part, by the disabilities mentioned in Requested Admission No. 1.

**ANSWER NO. 7**: Denied.  The Plaintiff was ineligible.


2

**REQUEST FOR ADMISSION NO. 8:**   The medical expert who recommended that the disabilities mentioned in Requested Admission No. 1 would interfere with Plaintiff's vocational efforts never actually examined Plaintiff personally.

**ANSWER NO. 8:** Admitted.  A licensed psychological examiner reviewed his records on two different occasions.  The examiner spoke to her supervisor, who felt it was unsafe for her to meet with plaintiff in person due to safety issues, specifically due to his behavior toward the staff from the time of the initial application for services.

**REQUEST FOR ADMISSION NO. 9:** The Defendants, when engaging in the adverse action spoken of in Requested Admission No. 5, never considered whether any reasonable accommodations may have overcome this deficiency.

**ANSWER NO. 9:** Denied.

**REQUEST FOR ADMISSION NO. 10:** From July 5, 2015 through August 4, 2016, Plaintiff was enrolled as a student at North Arkansas College.

**ANSWER NO. 10:** Denied.

**REQUEST FOR ADMISSION NO. 11:** During the enrollment spoken of in Requested Admission No. 10, Plaintiff thoroughly demonstrated that, despite medical opinion (that was never even based on any personal observations) spoken of

3

in Requested Admission No. 8, he was indeed very much capable of thriving in college.

**ANSWER NO. 11:** Denied.


**REQUEST FOR ADMISSION NO. 12:** Despite the irrefutable evidence spoken of in Requested Admission No. 11 that plaintiff was, indeed, fully capable of being in college, Amy Jones nevertheless refused to re-evaluate Plaintiff's application.

**ANSWER NO. 12:** Object to the form of the question. Without waiving said objection, this request is denied.


**REQUEST FOR ADMISSION NO. 13:** Plaintiff, at the time of his application, expressed a desire to major in either computer science or information technology.

**ANSWER NO. 13:** Unknown, therefore this request is denied.


**REQUEST FOR ADMISSION NO. 14:** The average nationwide (not statewide, but nationwide) salary for people with bachelor's degrees in computer science and/or information technology is $87,985.71 per year.

**ANSWER NO. 14:** Unknown, therefore this request is denied.

**REQUEST FOR ADMISSION NO. 15:**  Amy Jones engaged in the retaliation mentioned in Requested Admissions Nos. 5 & 6 knowing full well that Plaintiff's litigation history was protected by the First Amendment.

**ANSWER NO. 15:**  Denied.


**REQUEST FOR ADMISSION NO. 16:**  The State of Arkansas and all her agents and officers will never stop discriminating and retaliating against Plaintiff for his statutorily protected activities, unless they are forced to, solely because they do not like Plaintiff.

**ANSWER NO. 16:**  Denied.


**REQUEST FOR ADMISSION NO. 17:**  The symptoms which formed the basis of the Defendants' denial of services was caused by the State of Arkansas' own illegal and corrupt actions.

**ANSWER NO. 17:**  Denied.


**REQUEST FOR ADMISSION NO. 18:**  The Defendants believe they are above the law.

**ANSWER NO. 18:**  Denied.


Respectfully submitted,

5

LESLIE RUTLEDGE
Attorney General

By:  _Christine A. Cryer_

Christine A. Cryer
Ark. Bar No. 2001082
Senior Assistant Attorney General
Arkansas Attorney General's Office
323 Center Street, Suite 200
Little Rock, AR 72201
Phone: (501) 683-0958
Fax:    (501) 682-2591
Email: christine.cryer@arkansasag.gov

## CERTIFICATE OF SERVICE

I, Christine A. Cryer, hereby certify that on 25th day of August, 2017, I mailed this document by U.S. Postal Service to the following:

David A. Stebbins
123 West Ridge Street, Apt. D
Harrison, AR 72601

_Christine A. Cryer_

Christine A. Cryer

6

Application For Services (System 7)                                    Page 1 of 3

# STATE OF ARKANSAS

Asa Hutchinson
Governor

Charisse Childers, Ph.D.
Director



**Arkansas Career Education
Division of Rehabilitation Services
Alan McClain, Commissioner**

715 W. SHERMAN, SUITE E
HARRISON , AR 72601
(870)741-7153

http://www.arsinfo.org
An Equal Opportunity Employer

## APPLICATION FOR SERVICES

**NAME**        David Stebbins

I understand that I am responsible to help the Arkansas Rehabilitation Services ARS) to determine my eligibility within 60 days of my application. I will be an applicant when I have:

- Signed the bottom of this form,
- Completed a ARS Intake Questionnaire, and
- Helped ARS to begin to get information that is needed to decide if I am eligible for services

I understand that all of the information that ARS gathers about me will be confidential. This information will not be released to anyone without my informed written consent, except where allowed or required by law. It may be released if my actions cause serious concern about my safety or the safety of others. When ARS receives the information about me ARS will review it to determine if I am eligible for vocational rehabilitation services.

I understand that ARS can only pay for services if ARS writes an authorization before the services begin. I will not make promises to others that ARS will pay for any goods or services.

ARS has given me information about the Client Assistance Program (CAP) that is available in Arkansas ( **see reverse** ).

My counselor has explained the Order of Selection policy to me.

I understand that ARS may get information about my Social Security or Department of Social Services benefits, as well as Department of Labor employment records, for purposes of my vocational rehabilitation program.

If I disagree with any decision made by ARS (see Consumer Handbook for more information):

- I should first speak with my counselor to try to work out the problem
- I also have the right to request an Administrative Review by the District Manager, mediation and/or Impartial Hearing
- I must make a request for these steps within 30 days after they have notified me of the decision I disagree with.
- If I want to request an Administrative Review, I must send my request to the ARS District Manager in my area.
- If I want to request mediation or an Impartial Hearing, I must send my request to the ARS Commissioner, Arkansas Career Education, Division of Rehabilitation Services.

Exh, 2

Application For Services (System 7)                                    Page 2 of 3

_David Stebbins_ (signature)

| 12/01/2015 13:27:12 | David Stebbins |

David Stebbins                                              12/01/2015
Client                                                     Date

KEVIN COOK            Harrison                             (870)741-7153
Name of Counselor     Office                               Telephone

## III. ELIGIBILITY OR INELIGIBILITY DETERMINATION

ARS has the sole responsibility for determining eligibility for VR Services. The ARS Commissioner has delegated the responsibility of determination of eligibility to the counselor.

For all individuals applying for services, ARS will conduct an assessment to determine eligibility and priority for services if the state is operating under an Order of Selection. 34 C.F.R. §361.42(a.)(2.)

Eligibility requirements will be applied in compliance with Titles VI and VII of the Civil Rights Act, The Americans with Disabilities Act and without regard to age, religion, disability, sex, race, color or national origin. The eligibility requirements are applicable without regard to the particular service need or anticipated cost of services required by an applicant or the income level of an applicant or applicant's family. Eligibility determination will be made within 60 days of the application date. Exceptional and unforeseen circumstances beyond the control of ARS that prevent the Agency from making an eligibility determination within 60 days will require ARS and the individual to agree on a specific extension of time. 34 C.F.R. §361.41 (b-1) (i)

Basic eligibility requirements are:

1. A determination that the individual has a physical or mental impairment defined as an injury, disease or other condition that results in persistent functional limitations: resulting from amputation, arthritis, autism, blindness, burn injury, cancer, cerebral palsy, cystic fibrosis, deafness, head injury, heart disease, hemiplegia, hemophilia, respiratory or pulmonary dysfunction, mental retardation, mental illness, multiple sclerosis, muscular dystrophy, musculo-skeletal disorders, neurological disorders (including stroke and epilepsy), spinal cord conditions (including paraplegia and quadriplegia), sickle cell anemia, specific learning disability, end-stage renal disease, or another disability or combination of disabilities determined on the basis of an assessment for determining eligibility and vocational rehabilitation needs to cause comparable substantial functional limitation.

2. A determination that the individual's physical or mental impairment constitutes or results in a substantial impediment to employment for the individual. A substantial impediment to employment exists when the impairment and the resultant limitation: Prevent the individual from obtaining a job consistent with their abilities; significantly interfere with preparing for employment consistent with their abilities, need for special accommodations or technology to perform essential job duties or barriers to job retention; for example loss of job due to impairment or unable to perform essential job duties.

3. A presumption that the individual can benefit in terms of an employment outcome from the provision of VR services. An individual is presumed capable of achieving an employment outcome, unless documented with clear and convincing evidence is obtained documenting for example: the severity of the diagnosis would preclude not obtainable that employment cannot be obtained due to the severity of the individual's disability.

$Exh. 3$

4. A determination that the individual requires VR services to prepare for entrance into, engage in, or retain gainful employment consistent with the individual's strengths, resources, priorities, concerns, abilities, capabilities and informed choice. 34 C.F.R. § 361.42 (i.-iv.) An individual is expected to require multiple VR services that will have a substantial impact on the individual's disability and resultant functional limitations or reduce the impediment to employment to allow the applicant to prepare for, obtain, retain or regain employment consistent with the individual's capabilities and abilities and the individual services cannot access these services without VR intervention.

Each individual who meets the eligibility requirements is presumed to be able to benefit from VR services in terms of an employment outcome, unless determined, based on clear and convincing evidence, that the applicant is incapable of benefiting in terms of an employment outcome due to the severity of the disability. Clear and convincing evidence requires a high degree of certainty in order to conclude the individual is incapable of benefiting from services in terms of an employment outcome. The term clear means unequivocal. Given this standard, the use of a standard intelligence test only, would not constitute clear and convincing evidence. A functional assessment of the individual's abilities, capabilities and capacity to perform work situations through the use of trial work experience with appropriate supports and training would assist in defining clear and convincing evidence.

## PRESUMPTIVE ELIGIBILITY SSDI/SSI RECIPIENTS

Social Security Disability Income (SSDI) beneficiaries and Supplemental Security Income (SSI) recipients are considered to be individuals with a significant disability (Category II) and presumed eligible for VR services, if the intent of the individual is to achieve an employment outcome. The employment outcome must be consistent with the unique strengths, resources, priorities, concerns, abilities, capabilities, interests and informed choice of the individual. The Agency is responsible for informing individuals through the application process that the individual must intend to achieve an employment outcome in order to receive VR services. No additional tests or procedures may be used to assess disability in order to determine eligibility.

**Note: The individual who is presumed eligible as a recipient of SSI/SSDI and who intends to achieve an employment outcome is eligible unless clear and convincing evidence demonstrate that the individual is incapable of benefiting from vocational services in terms of achieving an employment outcome due to the severity of the disability.**

Although an SSDI/SSI recipient is considered an individual with a significant disability, presumptive eligibility for VR services does not entitle the individual to priority for services over other individuals with significant disabilities or most significant disabilities if the state is operating under an Order of Selection.

If an applicant for VR services asserts that he or she is eligible for Social Security benefits, but is unable to provide appropriate evidence, such as an award letter, to support that assertion, ARS must verify the applicant's eligibility by contacting the Social Security Administration. This verification must be made within a reasonable period of

time that enables ARS to determine the applicant's eligibility for VR services within 60 days of the individual submitting an application for services.   34 C.F.R. §361.42 (a.)(3.)

**Note:** Information in this section should not be construed to create entitlement to any vocational rehabilitation service.

## PROCEDURES - SSDI/SSI ELIGIBILITY

- The counselor will obtain verification of SSI/SSDI benefits and will be attached to ECF, i.e. awards letter, benefit's check, verification from Social Security Administration.
- **Exception:** The counselor must document in the case record the justification for completing a Certificate of Eligibility/Ineligibility before verification is obtained. (See procedures on page III-3.)
- Complete the Certificate of Eligibility/Ineligibility for VR, Trial Work Experience, or Extended Evaluation (EE) services (See Appendix E) The certification statement for the Certificate of Eligibility/Ineligibility is "**This individual meets the presumptive eligibility requirement."** The area for limitations does not need to be completed.
- The counselor must be aware of the Ticket to Work Program.  If the Applicant is eligible under "presumptive eligibility", the counselor must follow guidelines outlined in Ticket to Work in Appendix B (Special Programs).
- The applicant can be scheduled for additional testing, or medical, psychological, or psychiatric evaluation based on informed choice to determine functional limitations if this information is needed in the development of the IPE.

## COMPLETION OF PRELIMINARY DIAGNOSTIC STUDY

The counselor completes the preliminary diagnostic study when enough information is obtained to write the Certificate of Eligibility/Ineligibility.

## CERTIFICATION OF ELIGIBILITY/INELIGIBILITY

### ELIGIBILITY

The counselor must include a certification statement signed and dated in each individual's record of services indicating eligibility for VR, Trial Work or EE services.

The Certificate of Eligibility/Ineligibility must be completed simultaneously with an individual's acceptance for VR services, Trial Work or EE.  As a minimum, the Certificate of Eligibility/Ineligibility will contain the client's name, date of eligibility, and a statement of primary or secondary disability with resulting limitations.

### PROCEDURES –ELIGIBILITY

- To determine functional limitations, priority should be given to existing information.
- Complete the Certificate of Eligibility/Ineligibility for VR, Trial Work Experience, or Extended Evaluation services signed and dated by the counselor. (See Appendix E)

- The Certificate of Eligibility/Ineligibility will be generated by the case management system. (See Section X)
- The case management system will generate the status move after required data is keyed for Status 10 (VR) or Status 06 (Trial Work Experience or Extended Evaluation).

**Note: Under presumptive eligibility, the Certificate of Eligibility/**Ineligibility **will be completed with documented verification that the consumer is a recipient of SSI/SSDI benefits.**

# INELIGIBILITY

When clear and convincing evidence establishes that an applicant does not meet the VR eligibility conditions or intervening reasons prevent eligibility determination (i.e. applicant does not follow through with assessment, individual physical, educational, or medical records unavailable, applicant does not appear for scheduled appointments, for plan development, etc.) the counselor must include a Certificate of Eligibility/Ineligibility in the individual's record of services. This Certificate of Eligibility/Ineligibility will be dated and signed by the counselor. The counselor will notify the applicant in writing of the action taken, or by other appropriate modes of communication consistent with the informed choice of the individual, including the reasons for the ineligibility determination. When appropriate, referral will be made to other agencies and programs that are part of the One-Stop service delivery system under the Workforce Investment Act.

**PROCEDURES – INELIGIBILITY -  See Closure Section VIII. Closed Not Rehabilitated.**

# APPEAL/INELIGIBILITY DETERMINATION

The individual may appeal the ineligibility determination. The counselor will provide the individual with information on the means, by which an appeal can occur, including informal and formal due process procedures, such as administrative review, mediation and review by an impartial hearing officer. The counselor will also provide the individual with information regarding services available from the Client Assistance Program and how to contact the Client Assistance Program. (See Due Process Section XIV) 34 C.F.R. § 361. 43(c)

**Note: An Annual Review is required on a case that has been closed as incapable of achieving an employment outcome due to the severity of disability. This review need not be conducted if the individual refuses to participate, no longer resides in the state, or the whereabouts are unknown, or the individual's medical condition is rapidly progressive or terminal. 34 C.F.R. § 361.43(e)**

## Referral Specifics

Individual being referred:   David   Stebbins
Social Security:          ~~XXX-XX-XXXX~~

Who took this referral?
Worker's Compensation?   **N**

### Are you Currently Receiving:

SSI for Aged?              **N**
SSI for Disabled?          **Y**
SSDI?                      **N**

Assistance Requested:
Assistance with attending Arkansas Tech in Russellville

Self Referral?  [ ]

### Individual Making Referral:

Last Name:       Disability Rights Arkansas   First Name:
Title:
Contact Type:        Professional (Not Educator)

### Reason for Referral:

What is your disability?
Asperger's

Are you Employed?   **N**

*Exh. 4*

**REHABILITATION INITIAL DIAGNOSIS AND ASSESSMENT FOR CLIENTS**
**ARKANSAS REHABILITATION SERVICES**
**4058 NORTH COLLEGE AVENUE, SUITE 150, FAYETTEVILLE, AR 72703**

****This confidential report is generated for Arkansas Rehabilitation Services use only for the purposes of determining eligibility and program planning. It is not to be utilized as a stand-alone document for treatment purposes, and is the property of Arkansas Rehabilitation Services. It is not to be released to any third party. ****

## RECORDS REVIEW

NAME: David Stebbins
SEX: Male                          COUNSELOR: Amy Jones
DATE OF BIRTH: 12-29-88       DATE OF REVIEW: 12-15-15
REASON FOR REVIEW: to assist in determining feasibility of VR services/training

## EVALUATION PROCEDURES

Review of mental health treatment records from St. Bernard's Healthcare dated April 24-30, 2-15

## RECORDS REVIEW

Records from St. Bernard's indicated Mr. Stebbins had been transferred to their facility from Northwest Arkansas Regional Medical Center after a suicide attempt. The client received inpatient treatment at St. Bernards from April 24 through April 30. Discharge diagnoses were reported as follows:

Major Depressive Disorder, recurrent, severe
Asperger's' Disorder
Delusional Disorder NOS
Cluster B personality disorder traits (narcissistic and antisocial)

Mr. Stebbins indicated he attempted suicide by drinking bleach after he sued his father and lost. Records indicated he was arrested in 2011 for assaulting his father. Records also indicated he was kicked out of the U of A for making threatening statements. The client reported frustration, anger and depression over his situation. He denied homicidal ideation, but continued to report death wishes if he could "die without pain". Treatment records indicated Mr. Stebbins was impulsive, lacked insight, paranoid, irritable and agitated.

Treatment records indicated Mr. Stebbins feels he is chronically targeted by the government and law enforcement because he "has the brains to be a leader and change things". He acknowledged perseverative thoughts regarding this issue. A search of public records revealed multiple lawsuits filed by Mr. Stebbins against his parents, Wal-Mart, the U of A, and federal judges. Causes of action were mainly civil rights and discrimination.

At discharge, Mr. Stebbins denied suicidal or homicidal ideation. Safety planning was done and he was discharged home. He has indicated to Amy Jones that he is not currently in treatment for his mental health issues.

**ARS 85**

Exh.S

Documents Review – David Stebbins

## DSM-5 DIAGNOSTIC IMPRESSIONS

See client records

## VOCATIONAL IMPLICATIONS

Following is a list of ways in which the individual's observed or reported problem areas are likely to be manifested in a vocational setting.

IMPULSIVITY MAY RESULT IN POOR CHOICES IN JOB ENVIRONMENT
DEPRESSION MAY INTERFERE WITH COUNSELING/JOB INTERVIEWS
MAY BE SOURCE OF DISTRACTION TO CO-WORKERS
DIFFICULTY ASSESSING CONSEQUENCES OF DECISION ALTERNATIVES
DIFFICULTY RELATING WITH INSTRUCTORS/STUDENTS/CO-WORKERS
DIFFICULTY PERFORMING WORK TASKS WHICH INVOLVE PEOPLE
DIFFICULTY CHANGING BEHAVIOR TO MEET REQUIREMENTS
EMOTIONAL INTENSITY MAY INTERFERE WITH TASK PERFORMANCE
CONFLICTS MAY PRECLUDE ADEQUATE TASK PERFORMANCE

## CONCLUSIONS AND RECOMMENDATIONS

Documentation available, which indicated a history of physical aggression and threatening statements, suggests that Mr. Stebbins is not currently appropriate for vocational rehabilitation services.

A referral to a local mental healthcare provider is strongly recommended. Mr. Stebbins would likely benefit from treatment and the support of a therapeutic relationship. Efforts to work with Mr. Stebbins should be coordinated with his treatment providers. His vocational success will depend on him stabilizing and effectively managing his psychiatric issues.

In order for Mr. Stebbins to be appropriate for ARS services he should be able to demonstrate a period of stable functioning. He will also need to provide documentation from his mental healthcare providers that his symptoms are well-managed and they agree he is ready for training, school or work.

*Leslie S. Johnson*

Leslie S. Johnson, MS
Licensed Psychological Examiner – Independent Practice

**ARS 86**

RX-JM

## RIDAC SERVICE AUTHORIZATION

NAME  Stebbins          David          COUNSELOR  Amy Jones for Kevin
(Last)            (First)                    (Name)          No. COOK
SSN 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    D.O.B. 12-89        DATE OF RIDAC APPT.

DISABILITY                                    DISABILITY CODE
EDUCATIONAL LEVEL  Some College      VOC. INTEREST  College training

SERVICE REQUESTED      ASSESSMENT PROBLEMS OR QUESTIONS TO BE ADDRESSED

[ ] GENERAL MEDICAL      Review of records &
    CONSULTATION/GM

[✓] MENTAL HEALTH        recommendations regarding feasibility
    CONSULTATION/MH

[ ] PSYCHOLOGICAL        of training / VR services
    CONSULTATION/PSY

[ ] IND. VOC. EVAL.

COUNSELOR   PLEASE CHECK ALL THAT APPLY

✓ Client reported a history of taking medication for significant health or mental health problems.

  Client reported a history of Drug _____ and Alcohol Abuse

✓ Client reported a history of Mental Health Problems (with _____ without ✓ assessment/treatment)
  (records available ✓ unavailable)

  Client reported a history of Special Ed. (LD [ ] or MR [ ])   (with _____ without _____ assessment)
  (records available _____ unavailable)

  Client reported a history of sheltered workshop or supported employment placement

  Client unable to Read/Write

✓ Client reported a history of Head Injury

✓ Client reported a history of Legal Problems/Convictions

  Client reported a history of Vision _____ Hearing _____ Problems

  Accommodations required _____

[Please request clients bring a list of medications currently being (or to be) taken to the RIDAC Evaluation.
Also, request clients bring prescription eye wear if required for reading or hearing aids to the evaluation.]

COUNSELOR SIGNATURE          COUNSELOR NO.          12-14-15  DATE

Forms and Instructions          E-22                    Effective

**ARS 84**

Exh. 6

## IN THE UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF ARKANSAS
## LITTLE ROCK DIVISION

DAVID A. STEBBINS                                              PLAINTIFF

v.                          CASE NO. 4:16CV545 JM

STATE OF ARKANSAS, ARKANSAS                          DEFENDANTS
REHABILITATION SERVICES, AND
AMY JONES

## DEFENDANTS' RESPONSES TO PLAINTIFF'S
## REQUESTS FOR PRODUCTION OF DOCUMENTS

COME NOW Defendants State of Arkansas, Arkansas Rehabilitation

Services, and Amy Jones, by and through their attorneys, Attorney General Leslie

Rutledge and Senior Assistant Attorney General Christine A. Cryer, and for their

Responses to Plaintiff's Requests for Production, state as follows:

**REQUEST FOR PRODUCTION NO. 1:** Produce an entire verbatim copy

of the record of Plaintiff's application with the Arkansas Rehabilitation Service

(ARS), including, but not limited to, his application, Amy Jones' denial, and all

evidence that was used to support Jones' denial.

**RESPONSE NO. 1:** See attached documents. ARS 001 – ARS 130.

**REQUEST FOR PRODUCTION NO. 2:** Produce a verbatim copy of all of

the ARS's policies.

**RESPONSE NO. 2:** Defendants object to this request as being overly

burdensome. In addition, Defendants object to this request on the grounds of

*Exh. 7*

relevance, as the majority of the policies are not related to this litigation, and are not likely to lead to the identification of relevant information.

Without waiving said objection, a complete copy of the ARS policies can be found online at www.arcareereducation.org/resources-forms.

**REQUEST FOR PRODUCTION NO. 3:** Produce all evidence in your possession to show that the factual allegations contained in Paragraph #1 of the Complaint and Jury Demand are untrue.

**RESPONSE NO. 3:** Defendants object to this request, as it does not comply with Fed.R.Civ.Pro. 34(b)(1)(A) which states "The request: must describe with reasonable particularity each item or category of items to be inspected." This request is not asking for a specific document, and is phrased more like an interrogatory. Further, Defendants object to this request as it asks the Defendants to determine what evidence shows that an allegation is untrue, which would require showing the mental impression of counsel for the Defendants; therefore, is outside the scope of discovery. It also violates the work-product doctrine.

Without waiving said objections, Defendants are unaware of any documents responsive to this request at this time.

**REQUEST FOR PRODUCTION NO. 4:** Produce all evidence in your possession to show that the factual allegations contained in Paragraph #2 of the Complaint and Jury Demand are untrue.

**RESPONSE NO. 4:** Defendants object to this request, as it does not comply with Fed.R.Civ.Pro. 34(b)(1)(A) which states "The request: must describe with

2

reasonable particularity each item or category of items to be inspected." This request is not asking for a specific document, and is phrased more like an interrogatory. Further, Defendants object to this request as it asks the Defendants to determine what evidence shows that an allegation is untrue, which would require showing the mental impression of counsel for the Defendants; therefore, is outside the scope of discovery. It also violates the work-product doctrine.

Without waiving said objections, Defendants are unaware of any documents responsive to this request at this time.

**REQUEST FOR PRODUCTION NO. 5**: Produce all evidence in your possession to show that the factual allegations contained in Paragraph #3 of the Complaint and Jury Demand are untrue.

**RESPONSE NO. 5**: Defendants object to this request, as it does not comply with Fed.R.Civ.Pro. 34(b)(1)(A) which states "The request: must describe with reasonable particularity each item or category of items to be inspected." This request is not asking for a specific document, and is phrased more like an interrogatory. Further, Defendants object to this request as it asks the Defendants to determine what evidence shows that an allegation is untrue, which would require showing the mental impression of counsel for the Defendants; therefore, is outside the scope of discovery. It also violates the work-product doctrine.

Lastly, Defendants object to this request as it asks for documents to disprove factual allegations; however, paragraph 3 to your Complaint did not contain any factual allegations. See Defendants' Answer to your Complaint. (DE 61)

3

**REQUEST FOR PRODUCTION NO. 6**:   Produce all evidence in your possession to show that the factual allegations contained in Paragraph #4 of the Complaint and Jury Demand are untrue.

**RESPONSE NO. 6**: Defendants object to this request, as it does not comply with Fed.R.Civ.Pro. 34(b)(1)(A) which states "The request: must describe with reasonable particularity each item or category of items to be inspected."  This request is not asking for a specific document, and is phrased more like an interrogatory.  Further, Defendants object to this request as it asks the Defendants to determine what evidence shows that an allegation is untrue, which would require showing the mental impression of counsel for the Defendants; therefore, is outside the scope of discovery.  It also violates the work-product doctrine.

Without waiving said objections, Defendants are unaware of any documents responsive to this request at this time.

**REQUEST FOR PRODUCTION NO. 7**:   Produce all evidence in your possession to show that the factual allegations contained in Paragraph #5 of the Complaint and Jury Demand are untrue.

**RESPONSE NO. 7**: Defendants object to this request, as it does not comply with Fed.R.Civ.Pro. 34(b)(1)(A) which states "The request: must describe with reasonable particularity each item or category of items to be inspected."  This request is not asking for a specific document, and is phrased more like an interrogatory.  Further, Defendants object to this request as it asks the Defendants to determine what evidence shows that an allegation is untrue, which would require

4

showing the mental impression of counsel for the Defendants; therefore, is outside the scope of discovery. It also violates the work-product doctrine.

Lastly, Defendants object to this request as it asks for documents to disprove factual allegations; however, paragraph 3 to your Complaint did not contain any factual allegations. See Defendants' Answer to your Complaint. (DE 61)

**REQUEST FOR PRODUCTION NO. 8:** Produce all evidence in your possession to show that the factual allegations contained in Paragraph #6 of the Complaint and Jury Demand are untrue.

**RESPONSE NO. 8:** Defendants object to this request, as it does not comply with Fed.R.Civ.Pro. 34(b)(1)(A) which states "The request: must describe with reasonable particularity each item or category of items to be inspected." This request is not asking for a specific document, and is phrased more like an interrogatory. Further, Defendants object to this request as it asks the Defendants to determine what evidence shows that an allegation is untrue, which would require showing the mental impression of counsel for the Defendants; therefore, is outside the scope of discovery. It also violates the work-product doctrine.

**REQUEST FOR PRODUCTION NO. 9:** Produce all evidence in your possession to show that the factual allegations contained in Paragraph #7 of the Complaint and Jury Demand are untrue.

**RESPONSE NO. 9:** Defendants object to this request, as it does not comply with Fed.R.Civ.Pro. 34(b)(1)(A) which states "The request: must describe with reasonable particularity each item or category of items to be inspected." This

request is not asking for a specific document, and is phrased more like an interrogatory. Further, Defendants object to this request as it asks the Defendants to determine what evidence shows that an allegation is untrue, which would require showing the mental impression of counsel for the Defendants; therefore, is outside the scope of discovery. It also violates the work-product doctrine.

Without waiving said objections, Defendants are unaware of any documents responsive to this request at this time.

**REQUEST FOR PRODUCTION NO. 10**: Produce all evidence in your possession to show that the factual allegations contained in Paragraph #8 of the Complaint and Jury Demand are untrue.

**RESPONSE NO. 10**: Defendants object to this request, as it does not comply with Fed.R.Civ.Pro. 34(b)(1)(A) which states "The request: must describe with reasonable particularity each item or category of items to be inspected." This request is not asking for a specific document, and is phrased more like an interrogatory. Further, Defendants object to this request as it asks the Defendants to determine what evidence shows that an allegation is untrue, which would require showing the mental impression of counsel for the Defendants; therefore, is outside the scope of discovery. It also violates the work-product doctrine. Defendants denied having sufficient information to either admit or deny the allegations stated in paragraph 8 of the Complaint. Defendants still do not possess sufficient documentation that would allow them to respond to this request.

6

Without waiving said objections, Defendants are unaware of any documents responsive to this request at this time.

**REQUEST FOR PRODUCTION NO. 11**:  Produce all evidence in your possession to show that the factual allegations contained in Paragraph #9 of the Complaint and Jury Demand are untrue.

**RESPONSE NO. 11**:  Defendants object to this request, as it does not comply with Fed.R.Civ.Pro. 34(b)(1)(A) which states "The request: must describe with reasonable particularity each item or category of items to be inspected." This request is not asking for a specific document, and is phrased more like an interrogatory. Further, Defendants object to this request as it asks the Defendants to determine what evidence shows that an allegation is untrue, which would require showing the mental impression of counsel for the Defendants; therefore, is outside the scope of discovery. It also violates the work-product doctrine. Defendants denied having sufficient information to either admit or deny the allegations stated in paragraph 9 of the Complaint. Defendants still do not possess sufficient documentation that would allow them to respond to this request.

Without waiving said objections, Defendants are unaware of any documents responsive to this request at this time.

**REQUEST FOR PRODUCTION NO. 12**:  Produce all evidence in your possession to show that the factual allegations contained in Paragraph #10 of the Complaint and Jury Demand are untrue.

**RESPONSE NO. 12**:   Defendants object to this request, as it does not
comply with Fed.R.Civ.Pro. 34(b)(1)(A) which states "The request: must describe
with reasonable particularity each item or category of items to be inspected." This
request is not asking for a specific document, and is phrased more like an
interrogatory.  Further, Defendants object to this request as it asks the Defendants
to determine what evidence shows that an allegation is untrue, which would require
showing the mental impression of counsel for the Defendants; therefore, is outside
the scope of discovery.   It also violates the work-product doctrine. Defendants
denied having sufficient information to either admit or deny the allegations stated
in paragraph 10 of the Complaint.   Defendants still do not possess sufficient
documentation that would allow them to respond to this request.

Without waiving said objections, Defendants are unaware of any documents
responsive to this request at this time.

**REQUEST FOR PRODUCTION NO. 13**:   Produce all evidence in your
possession to show that the factual allegations contained in Paragraph #11 of the
Complaint and Jury Demand are untrue.

**ANSWER NO. 13**: Defendants object to this request, as it does not comply
with Fed.R.Civ.Pro. 34(b)(1)(A) which states "The request: must describe with
reasonable particularity each item or category of items to be inspected."   This
request is not asking for a specific document, and is phrased more like an
interrogatory.  Further, Defendants object to this request as it asks the Defendants
to determine what evidence shows that an allegation is untrue, which would require

showing the mental impression of counsel for the Defendants; therefore, is outside the scope of discovery. It also violates the work-product doctrine. Defendants denied having sufficient information to either admit or deny the allegations stated in paragraph 8 of the Complaint.

Defendants admitted that in paragraph 11 of the Complaint, he had identified some of the lawsuits he has previously filed. Plaintiff should already have copies of these. Defendants do not.

**REQUEST FOR PRODUCTION NO. 14**: Produce all evidence in your possession to show that the factual allegations contained in Paragraph #12 of the Complaint and Jury Demand are untrue.

**RESPONSE NO. 14**: Defendants object to this request, as it does not comply with Fed.R.Civ.Pro. 34(b)(1)(A) which states "The request: must describe with reasonable particularity each item or category of items to be inspected." This request is not asking for a specific document, and is phrased more like an interrogatory. Further, Defendants object to this request as it asks the Defendants to determine what evidence shows that an allegation is untrue, which would require showing the mental impression of counsel for the Defendants; therefore, is outside the scope of discovery. It also violates the work-product doctrine. Defendants denied having sufficient information to either admit or deny the allegations stated in paragraph 12 of the Complaint. Defendants still do not possess sufficient documentation that would allow them to respond to this request.

9

Without waiving said objections, Defendants are unaware of any documents responsive to this request at this time.

**REQUEST FOR PRODUCTION NO. 15**:  Produce all evidence in your possession to show that the factual allegations contained in Paragraph #13 of the Complaint and Jury Demand are untrue.

**RESPONSE NO. 15**:  Defendants admitted Amy Jones is employed by the Arkansas Rehabilitation Services.   Because this was admitted, no document production is applicable to this request.

**REQUEST FOR PRODUCTION NO. 16**:  Produce all evidence in your possession to show that the factual allegations contained in Paragraph #14 of the Complaint and Jury Demand are untrue.

**RESPONSE NO. 16**:  Defendants admitted ARS provides many services. For a list, please see www. arcareereducation.org/resources-forms.

**REQUEST FOR PRODUCTION NO. 17**:  Produce all evidence in your possession to show that the factual allegations contained in Paragraph #15 of the Complaint and Jury Demand are untrue.

**RESPONSE NO. 17**:  Defendants object to this request, as it does not comply with Fed.R.Civ.Pro. 34(b)(1)(A) which states "The request: must describe with reasonable particularity each item or category of items to be inspected."  This request is not asking for a specific document, and is phrased more like an interrogatory.  Further, Defendants object to this request as it asks the Defendants to determine what evidence shows that an allegation is untrue, which would require

showing the mental impression of counsel for the Defendants; therefore, is outside the scope of discovery. It also violates the work-product doctrine.

Without waiving said objections, please see the documents produced response to Request No. 1 which show you applied for services through ARS on December 1, 2015. (ARS 001 – ARS 130)

**REQUEST FOR PRODUCTION NO. 18:**   Produce all evidence in your possession to show that the factual allegations contained in Paragraph #16 of the Complaint and Jury Demand are untrue.

**RESPONSE NO. 18:** Defendants object to this request, as it does not comply with Fed.R.Civ.Pro. 34(b)(1)(A) which states "The request: must describe with reasonable particularity each item or category of items to be inspected." This request is not asking for a specific document, and is phrased more like an interrogatory. Further, Defendants object to this request as it asks the Defendants to determine what evidence shows that an allegation is untrue, which would require showing the mental impression of counsel for the Defendants; therefore, is outside the scope of discovery. It also violates the work-product doctrine. Defendants denied having sufficient information to either admit or deny the allegations stated in paragraph 16 of the Complaint.

Without waiving said objections, please see the documents produced response to Request No. 1 which show you applied for services through ARS on December 1, 2015. (ARS 001 – ARS 130)

11

**REQUEST FOR PRODUCTION NO. 19**:  Produce all evidence in your possession to show that the factual allegations contained in Paragraph #17 of the Complaint and Jury Demand are untrue.

**RESPONSE NO. 19**:  Defendants object to this request, as it does not comply with Fed.R.Civ.Pro. 34(b)(1)(A) which states "The request: must describe with reasonable particularity each item or category of items to be inspected." This request is not asking for a specific document, and is phrased more like an interrogatory. Further, Defendants object to this request as it asks the Defendants to determine what evidence shows that an allegation is untrue, which would require showing the mental impression of counsel for the Defendants; therefore, is outside the scope of discovery. It also violates the work-product doctrine.

Without waiving said objections, Defendants admitted Plaintiff requested funds from ARS. See the documents produced in Response to Request No. 1 for specific requests and amount.  Defendants are unaware of any documents responsive to (a) – (d) which would state whether or not Plaintiff "needs" these monies. The documents in Response to Request No. 1 indicate his request amounts.

**REQUEST FOR PRODUCTION NO. 20**:  Produce all evidence in your possession to show that the factual allegations contained in Paragraph #18 of the Complaint and Jury Demand are untrue.

**RESPONSE NO. 20**:  Defendants object to this request, as it does not comply with Fed.R.Civ.Pro. 34(b)(1)(A) which states "The request: must describe with reasonable particularity each item or category of items to be inspected." This

request is not asking for a specific document, and is phrased more like an interrogatory. Further, Defendants object to this request as it asks the Defendants to determine what evidence shows that an allegation is untrue, which would require showing the mental impression of counsel for the Defendants; therefore, is outside the scope of discovery. It also violates the work-product doctrine.

Without waiving said objections, Defendants admitted Plaintiff requested funds from ARS. See the documents produced in Response to Request No. 1 for specific requests and amount.

**REQUEST FOR PRODUCTION NO. 21:** Produce all evidence in your possession to show that the factual allegations contained in Paragraph #19 of the Complaint and Jury Demand are untrue.

**RESPONSE NO. 21:** Defendants object to this request, as it does not comply with Fed.R.Civ.Pro. 34(b)(1)(A) which states "The request: must describe with reasonable particularity each item or category of items to be inspected." This request is not asking for a specific document, and is phrased more like an interrogatory. Further, Defendants object to this request as it asks the Defendants to determine what evidence shows that an allegation is untrue, which would require showing the mental impression of counsel for the Defendants; therefore, is outside the scope of discovery. It also violates the work-product doctrine. Defendants denied having sufficient information to either admit or deny the allegations stated in paragraph 16 of the Complaint.

13

Without waiving said objections, please see the documents produced response to Request No. 1 which show you were notified approximately 2 weeks after first submitting your application as to the status. (ARS 001 – ARS 130)

**REQUEST FOR PRODUCTION NO. 22**:  Produce all evidence in your possession to show that the factual allegations contained in Paragraph #20 of the Complaint and Jury Demand are untrue.

**RESPONSE NO. 22**:  Defendants object to this request, as it does not comply with Fed.R.Civ.Pro. 34(b)(1)(A) which states "The request: must describe with reasonable particularity each item or category of items to be inspected." This request is not asking for a specific document, and is phrased more like an interrogatory.  Further, Defendants object to this request as it asks the Defendants to determine what evidence shows that an allegation is untrue, which would require showing the mental impression of counsel for the Defendants; therefore, is outside the scope of discovery.  It also violates the work-product doctrine.

Defendants object to the word "rejected" in paragraph No. 20.  Please see the documents produced in Response to Request No. 1 for the exact wording of the letter and reasons provided. ARS 001 – ARS 130.

**REQUEST FOR PRODUCTION NO. 23**:  Produce all evidence in your possession to show that the factual allegations contained in Paragraph #21 of the Complaint and Jury Demand are untrue.

**RESPONSE NO. 23**:  Defendants object to this request, as it does not comply with Fed.R.Civ.Pro. 34(b)(1)(A) which states "The request: must describe

14

with reasonable particularity each item or category of items to be inspected." This request is not asking for a specific document, and is phrased more like an interrogatory. Further, Defendants object to this request as it asks the Defendants to determine what evidence shows that an allegation is untrue, which would require showing the mental impression of counsel for the Defendants; therefore, is outside the scope of discovery. It also violates the work-product doctrine.

Without waiving said objection, please see the documents produced in Response to Request No. 1 for the exact wording of the letter and reasons provided. ARS 001 – ARS 130.

**REQUEST FOR PRODUCTION NO. 24**:  Produce all evidence in your possession to show that the factual allegations contained in Paragraph #22 of the Complaint and Jury Demand are untrue.

**RESPONSE NO. 24**:  Defendants object to this request, as it does not comply with Fed.R.Civ.Pro. 34(b)(1)(A) which states "The request: must describe with reasonable particularity each item or category of items to be inspected." This request is not asking for a specific document, and is phrased more like an interrogatory. Further, Defendants object to this request as it asks the Defendants to determine what evidence shows that an allegation is untrue, which would require showing the mental impression of counsel for the Defendants; therefore, is outside the scope of discovery. It also violates the work-product doctrine.

Without waiving said objection, please see the documents produced in Response to Request No. 1 for the exact wording of the letter and reasons provided. ARS 001 – ARS 130.

**REQUEST FOR PRODUCTION NO. 25**:  Produce all evidence in your possession to show that the factual allegations contained in Paragraph #23 of the Complaint and Jury Demand are untrue.

**RESPONSE NO. 25**:  Defendants object to this request, as it does not comply with Fed.R.Civ.Pro. 34(b)(1)(A) which states "The request: must describe with reasonable particularity each item or category of items to be inspected." This request is not asking for a specific document, and is phrased more like an interrogatory.  Further, Defendants object to this request as it asks the Defendants to determine what evidence shows that an allegation is untrue, which would require showing the mental impression of counsel for the Defendants; therefore, is outside the scope of discovery.  It also violates the work-product doctrine.

Without waiving said objection, please see the documents produced in Response to Request No. 1 for the exact wording of the letter and reasons provided. ARS 001 – ARS 130.

**REQUEST FOR PRODUCTION NO. 26**:  Produce all evidence in your possession to show that the factual allegations contained in Paragraph #24 of the Complaint and Jury Demand are untrue.

**RESPONSE NO. 26**:  Defendants object to this request, as it does not comply with Fed.R.Civ.Pro. 34(b)(1)(A) which states "The request: must describe

with reasonable particularity each item or category of items to be inspected." This request is not asking for a specific document, and is phrased more like an interrogatory. Further, Defendants object to this request as it asks the Defendants to determine what evidence shows that an allegation is untrue, which would require showing the mental impression of counsel for the Defendants; therefore, is outside the scope of discovery. It also violates the work-product doctrine.

Without waiving said objection, please see the documents produced in Response to Request No. 1 for the exact wording of the letter and reasons provided. ARS 001 – ARS 130.

**REQUEST FOR PRODUCTION NO. 27**: Produce all evidence in your possession to show that the factual allegations contained in Paragraph #25 of the Complaint and Jury Demand are untrue.

**RESPONSE NO. 27**: Defendants object to this request, as it does not comply with Fed.R.Civ.Pro. 34(b)(1)(A) which states "The request: must describe with reasonable particularity each item or category of items to be inspected." This request is not asking for a specific document, and is phrased more like an interrogatory. Further, Defendants object to this request as it asks the Defendants to determine what evidence shows that an allegation is untrue, which would require showing the mental impression of counsel for the Defendants; therefore, is outside the scope of discovery. It also violates the work-product doctrine.

17

Without waiving said objection, please see the documents produced in Response to Request No. 1 for the exact wording of the letter and reasons provided. ARS 001 – ARS 130.

**REQUEST FOR PRODUCTION NO. 28**:  Produce all evidence in your possession to show that the factual allegations contained in Paragraph #26 of the Complaint and Jury Demand are untrue.

**RESPONSE NO. 28**:  Defendants object to this request, as it does not comply with Fed.R.Civ.Pro. 34(b)(1)(A) which states "The request: must describe with reasonable particularity each item or category of items to be inspected." This request is not asking for a specific document, and is phrased more like an interrogatory.  Further, Defendants object to this request as it asks the Defendants to determine what evidence shows that an allegation is untrue, which would require showing the mental impression of counsel for the Defendants; therefore, is outside the scope of discovery.  It also violates the work-product doctrine.

Without waiving said objection, please see the documents produced in Response to Request No. 1 for the exact wording of the letter and reasons provided. ARS 001 – ARS 130.

**REQUEST FOR PRODUCTION NO. 29**:  Produce all evidence in your possession to show that the factual allegations contained in Paragraph #27 of the Complaint and Jury Demand are untrue.

**RESPONSE NO. 29**:  Defendants object to this request, as it does not comply with Fed.R.Civ.Pro. 34(b)(1)(A) which states "The request: must describe

with reasonable particularity each item or category of items to be inspected." This request is not asking for a specific document, and is phrased more like an interrogatory. Further, Defendants object to this request as it asks the Defendants to determine what evidence shows that an allegation is untrue, which would require showing the mental impression of counsel for the Defendants; therefore, is outside the scope of discovery. It also violates the work-product doctrine.

Without waiving said objection, please see the documents produced in Response to Request No. 1 for the exact wording of the letter and reasons provided. ARS 001 – ARS 130.

**REQUEST FOR PRODUCTION NO. 30**: Produce all evidence in your possession to show that the factual allegations contained in Paragraph #28 of the Complaint and Jury Demand are untrue.

**RESPONSE NO. 30**: Defendants object to this request, as it does not comply with Fed.R.Civ.Pro. 34(b)(1)(A) which states "The request: must describe with reasonable particularity each item or category of items to be inspected." This request is not asking for a specific document, and is phrased more like an interrogatory. Further, Defendants object to this request as it asks the Defendants to determine what evidence shows that an allegation is untrue, which would require showing the mental impression of counsel for the Defendants; therefore, is outside the scope of discovery. It also violates the work-product doctrine.

Lastly, Defendants object to this request as it asks for documents to disprove factual allegations; however, paragraph 28 to your Complaint did not contain any factual allegations. See Defendants' Answer to your Complaint. (DE 61)

**REQUEST FOR PRODUCTION NO. 31**:  Produce all evidence in your possession to show that the factual allegations contained in Paragraph #29 of the Complaint and Jury Demand are untrue.

**RESPONSE NO. 31**:  Defendants object to this request, as it does not comply with Fed.R.Civ.Pro. 34(b)(1)(A) which states "The request: must describe with reasonable particularity each item or category of items to be inspected." This request is not asking for a specific document, and is phrased more like an interrogatory.  Further, Defendants object to this request as it asks the Defendants to determine what evidence shows that an allegation is untrue, which would require showing the mental impression of counsel for the Defendants; therefore, is outside the scope of discovery.  It also violates the work-product doctrine.

Lastly, Defendants object to this request as it asks for documents to disprove factual allegations; however, paragraph 29 to your Complaint did not contain any factual allegations. See Defendants' Answer to your Complaint. (DE 61)

**REQUEST FOR PRODUCTION NO. 32**:  Produce all evidence in your possession to show that the factual allegations contained in Paragraph #30 of the Complaint and Jury Demand are untrue.

**RESPONSE NO. 32**:  Defendants object to this request, as it does not comply with Fed.R.Civ.Pro. 34(b)(1)(A) which states "The request: must describe

20

with reasonable particularity each item or category of items to be inspected." This request is not asking for a specific document, and is phrased more like an interrogatory. Further, Defendants object to this request as it asks the Defendants to determine what evidence shows that an allegation is untrue, which would require showing the mental impression of counsel for the Defendants; therefore, is outside the scope of discovery. It also violates the work-product doctrine.

Lastly, Defendants object to this request as it asks for documents to disprove factual allegations; however, paragraph 30 to your Complaint did not contain any factual allegations. See Defendants' Answer to your Complaint. (DE 61)

**REQUEST FOR PRODUCTION NO. 33:** Produce all evidence in your possession to show that the factual allegations contained in Paragraph #31 of the Complaint and Jury Demand are untrue.

**ANSWER NO. 33:** Defendants object to this request, as it does not comply with Fed.R.Civ.Pro. 34(b)(1)(A) which states "The request: must describe with reasonable particularity each item or category of items to be inspected." This request is not asking for a specific document, and is phrased more like an interrogatory. Further, Defendants object to this request as it asks the Defendants to determine what evidence shows that an allegation is untrue, which would require showing the mental impression of counsel for the Defendants; therefore, is outside the scope of discovery. It also violates the work-product doctrine.

21

Lastly, Defendants object to this request as it asks for documents to disprove factual allegations; however, paragraph 31 to your Complaint did not contain any factual allegations. See Defendants' Answer to your Complaint. (DE 61)

**REQUEST FOR PRODUCTION NO. 34**:  Produce all evidence in your possession to show that the factual allegations contained in Paragraph #32 of the Complaint and Jury Demand are untrue.

**RESPONSE NO. 34**:  Defendants object to this request, as it does not comply with Fed.R.Civ.Pro. 34(b)(1)(A) which states "The request: must describe with reasonable particularity each item or category of items to be inspected." This request is not asking for a specific document, and is phrased more like an interrogatory.  Further, Defendants object to this request as it asks the Defendants to determine what evidence shows that an allegation is untrue, which would require showing the mental impression of counsel for the Defendants; therefore, is outside the scope of discovery.  It also violates the work-product doctrine.

Without waiving said objections, Defendants are unaware of any documents responsive to this request at this time.

**REQUEST FOR PRODUCTION NO. 35**:  Produce all evidence in your possession to show that the factual allegations contained in Paragraph #33 of the Complaint and Jury Demand are untrue.

**RESPONSE NO. 35**:  Defendants object to this request, as it does not comply with Fed.R.Civ.Pro. 34(b)(1)(A) which states "The request: must describe with reasonable particularity each item or category of items to be inspected." This

22

request is not asking for a specific document, and is phrased more like an interrogatory. Further, Defendants object to this request as it asks the Defendants to determine what evidence shows that an allegation is untrue, which would require showing the mental impression of counsel for the Defendants; therefore, is outside the scope of discovery. It also violates the work-product doctrine.

Without waiving said objections, Defendants are unaware of any documents responsive to this request at this time.

**REQUEST FOR PRODUCTION NO. 36**:   Produce all evidence in your possession to show that the factual allegations contained in Paragraph #34 of the Complaint and Jury Demand are untrue.

**RESPONSE NO. 36**:   Defendants object to this request, as it does not comply with Fed.R.Civ.Pro. 34(b)(1)(A) which states "The request: must describe with reasonable particularity each item or category of items to be inspected." This request is not asking for a specific document, and is phrased more like an interrogatory. Further, Defendants object to this request as it asks the Defendants to determine what evidence shows that an allegation is untrue, which would require showing the mental impression of counsel for the Defendants; therefore, is outside the scope of discovery. It also violates the work-product doctrine.

Without waiving said objections, Defendants are unaware of any documents responsive to this request at this time.

23

**REQUEST FOR PRODUCTION NO. 37**:  Produce all evidence in your possession to show that the factual allegations contained in Paragraph #35 of the Complaint and Jury Demand are untrue.

**RESPONSE NO. 37**:  Defendants object to this request, as it does not comply with Fed.R.Civ.Pro. 34(b)(1)(A) which states "The request: must describe with reasonable particularity each item or category of items to be inspected." This request is not asking for a specific document, and is phrased more like an interrogatory.  Further, Defendants object to this request as it asks the Defendants to determine what evidence shows that an allegation is untrue, which would require showing the mental impression of counsel for the Defendants; therefore, is outside the scope of discovery.  It also violates the work-product doctrine.

Lastly, Defendants object to this request as it asks for documents to disprove factual allegations; however, paragraph 35 to your Complaint did not contain any factual allegations.  It contained legal conclusions.  See Defendants' Answer to your Complaint. (DE 61)

**REQUEST FOR PRODUCTION NO. 38**:  Produce all evidence in your possession to show that the factual allegations contained in Paragraph #36 of the Complaint and Jury Demand are untrue.

**RESPONSE NO. 38**:  Defendants object to this request, as it does not comply with Fed.R.Civ.Pro. 34(b)(1)(A) which states "The request: must describe with reasonable particularity each item or category of items to be inspected." This request is not asking for a specific document, and is phrased more like an

24

interrogatory. Further, Defendants object to this request as it asks the Defendants to determine what evidence shows that an allegation is untrue, which would require showing the mental impression of counsel for the Defendants; therefore, is outside the scope of discovery. It also violates the work-product doctrine.

Lastly, Defendants object to this request as it asks for documents to disprove factual allegations; however, paragraph 36 to your Complaint did not contain any factual allegations. It contained legal conclusions. See Defendants' Answer to your Complaint. (DE 61)

**REQUEST FOR PRODUCTION NO. 39:**  Produce all evidence in your possession to show that the factual allegations contained in Paragraph #37 of the Complaint and Jury Demand are untrue.

**RESPONSE NO. 39:**  Defendants object to this request, as it does not comply with Fed.R.Civ.Pro. 34(b)(1)(A) which states "The request: must describe with reasonable particularity each item or category of items to be inspected." This request is not asking for a specific document, and is phrased more like an interrogatory. Further, Defendants object to this request as it asks the Defendants to determine what evidence shows that an allegation is untrue, which would require showing the mental impression of counsel for the Defendants; therefore, is outside the scope of discovery. It also violates the work-product doctrine.

Without waiving said objections, Defendants are unaware of any documents responsive to this request at this time. If they exist, they would be in the possession of Plaintiff.

**REQUEST FOR PRODUCTION NO. 40**: Produce all evidence in your possession to show that the factual allegations contained in Paragraph #38 of the Complaint and Jury Demand are untrue.

**RESPONSE NO. 40**: Defendants object to this request, as it does not comply with Fed.R.Civ.Pro. 34(b)(1)(A) which states "The request: must describe with reasonable particularity each item or category of items to be inspected." This request is not asking for a specific document, and is phrased more like an interrogatory. Further, Defendants object to this request as it asks the Defendants to determine what evidence shows that an allegation is untrue, which would require showing the mental impression of counsel for the Defendants; therefore, is outside the scope of discovery. It also violates the work-product doctrine.

Lastly, Defendants object to this request as it asks for documents to disprove factual allegations; however, paragraph 38 to your Complaint did not contain any factual allegations. It contained legal conclusions. See Defendants' Answer to your Complaint. (DE 61)

**REQUEST FOR PRODUCTION NO. 41**: Produce all evidence in your possession to show that the factual allegations contained in Paragraph #39 of the Complaint and Jury Demand are untrue.

**RESPONSE NO. 41**: Defendants object to this request, as it does not comply with Fed.R.Civ.Pro. 34(b)(1)(A) which states "The request: must describe with reasonable particularity each item or category of items to be inspected." This request is not asking for a specific document, and is phrased more like an

interrogatory.  Further, Defendants object to this request as it asks the Defendants

to determine what evidence shows that an allegation is untrue, which would require

showing the mental impression of counsel for the Defendants; therefore, is outside

the scope of discovery.  It also violates the work-product doctrine.

Lastly, Defendants object to this request as it asks for documents to disprove

factual allegations; however, paragraph 39 to your Complaint did not contain any

factual allegations.  It contained legal conclusions.  See Defendants' Answer to your

Complaint. (DE 61)

**REQUEST FOR PRODUCTION NO. 42:**  Produce all evidence in your

possession to show that the factual allegations contained in Paragraph #40 of the

Complaint and Jury Demand are untrue.

**RESPONSE NO. 42:**  Defendants object to this request, as it does not

comply with Fed.R.Civ.Pro. 34(b)(1)(A) which states "The request: must describe

with reasonable particularity each item or category of items to be inspected."  This

request is not asking for a specific document, and is phrased more like an

interrogatory.  Further, Defendants object to this request as it asks the Defendants

to determine what evidence shows that an allegation is untrue, which would require

showing the mental impression of counsel for the Defendants; therefore, is outside

the scope of discovery.  It also violates the work-product doctrine.

Lastly, Defendants object to this request as it asks for documents to disprove

factual allegations; however, paragraph 40 to your Complaint did not contain any

factual allegations.  It contained legal conclusions.  See Defendants' Answer to your Complaint. (DE 61)

**REQUEST FOR PRODUCTION NO. 43**:  Produce all evidence in your possession to show that the factual allegations contained in Paragraph #41 of the Complaint and Jury Demand are untrue.

**RESPONSE NO. 43**:  Defendants object to this request, as it does not comply with Fed.R.Civ.Pro. 34(b)(1)(A) which states "The request: must describe with reasonable particularity each item or category of items to be inspected."  This request is not asking for a specific document, and is phrased more like an interrogatory.  Further, Defendants object to this request as it asks the Defendants to determine what evidence shows that an allegation is untrue, which would require showing the mental impression of counsel for the Defendants; therefore, is outside the scope of discovery.  It also violates the work-product doctrine.

Lastly, Defendants object to this request as it asks for documents to disprove factual allegations; however, paragraph 41 to your Complaint did not contain any factual allegations.  It contained legal conclusions.  See Defendants' Answer to your Complaint. (DE 61)

**REQUEST FOR PRODUCTION NO. 44**:  Produce all evidence in your possession to show that the factual allegations contained in Paragraph #42 of the Complaint and Jury Demand are untrue.

**RESPONSE NO. 44**:  Defendants object to this request, as it does not comply with Fed.R.Civ.Pro. 34(b)(1)(A) which states "The request: must describe

with reasonable particularity each item or category of items to be inspected." This request is not asking for a specific document, and is phrased more like an interrogatory. Further, Defendants object to this request as it asks the Defendants to determine what evidence shows that an allegation is untrue, which would require showing the mental impression of counsel for the Defendants; therefore, is outside the scope of discovery. It also violates the work-product doctrine.

Lastly, Defendants object to this request as it asks for documents to disprove factual allegations; however, paragraph 42 to your Complaint did not contain any factual allegations. It contained legal conclusions. See Defendants' Answer to your Complaint. (DE 61)

**REQUEST FOR PRODUCTION NO. 45:**  Produce all evidence in your possession to show that the factual allegations contained in Paragraph #43 of the Complaint and Jury Demand are untrue.

**RESPONSE NO. 45:**  Defendants object to this request, as it does not comply with Fed.R.Civ.Pro. 34(b)(1)(A) which states "The request: must describe with reasonable particularity each item or category of items to be inspected." This request is not asking for a specific document, and is phrased more like an interrogatory. Further, Defendants object to this request as it asks the Defendants to determine what evidence shows that an allegation is untrue, which would require showing the mental impression of counsel for the Defendants; therefore, is outside the scope of discovery. It also violates the work-product doctrine.

29

Lastly, Defendants object to this request as it asks for documents to disprove factual allegations; however, paragraph 43 to your Complaint did not contain any factual allegations. It contained legal conclusions. See Defendants' Answer to your Complaint. (DE 61)

**REQUEST FOR PRODUCTION NO. 46:** Produce all evidence in your possession to show that the factual allegations contained in Paragraph #44 of the Complaint and Jury Demand are untrue.

**RESPONSE NO. 46:** Defendants object to this request, as it does not comply with Fed.R.Civ.Pro. 34(b)(1)(A) which states "The request: must describe with reasonable particularity each item or category of items to be inspected." This request is not asking for a specific document, and is phrased more like an interrogatory. Further, Defendants object to this request as it asks the Defendants to determine what evidence shows that an allegation is untrue, which would require showing the mental impression of counsel for the Defendants; therefore, is outside the scope of discovery. It also violates the work-product doctrine.

Lastly, Defendants object to this request as it asks for documents to disprove factual allegations; however, paragraph 44 to your Complaint did not contain any factual allegations. It contained legal conclusions. See Defendants' Answer to your Complaint. (DE 61)

**REQUEST FOR PRODUCTION NO. 47:** Produce all evidence in your possession to show that the factual allegations contained in Paragraph #45 of the Complaint and Jury Demand are untrue.

**RESPONSE NO. 47**: Defendants object to this request, as it does not comply with Fed.R.Civ.Pro. 34(b)(1)(A) which states "The request: must describe with reasonable particularity each item or category of items to be inspected." This request is not asking for a specific document, and is phrased more like an interrogatory. Further, Defendants object to this request as it asks the Defendants to determine what evidence shows that an allegation is untrue, which would require showing the mental impression of counsel for the Defendants; therefore, is outside the scope of discovery. It also violates the work-product doctrine.

Lastly, Defendants object to this request as it asks for documents to disprove factual allegations; however, paragraph 45 to your Complaint did not contain any factual allegations. It contained legal conclusions. See Defendants' Answer to your Complaint. (DE 61)

**REQUEST FOR PRODUCTION NO. 48**: Produce all evidence in your possession to show that the factual allegations contained in Paragraph #46 of the Complaint and Jury Demand are untrue.

**RESPONSE NO. 48**: Defendants object to this request, as it does not comply with Fed.R.Civ.Pro. 34(b)(1)(A) which states "The request: must describe with reasonable particularity each item or category of items to be inspected." This request is not asking for a specific document, and is phrased more like an interrogatory. Further, Defendants object to this request as it asks the Defendants to determine what evidence shows that an allegation is untrue, which would require

31

showing the mental impression of counsel for the Defendants; therefore, is outside the scope of discovery. It also violates the work-product doctrine.

Lastly, Defendants object to this request as it asks for documents to disprove factual allegations; however, paragraph 46 to your Complaint did not contain any factual allegations. It contained legal conclusions. See Defendants' Answer to your Complaint. (DE 61)

**REQUEST FOR PRODUCTION NO. 49:** Produce all evidence in your possession to show that the factual allegations contained in Paragraph #47 of the Complaint and Jury Demand are untrue.

**RESPONSE NO. 49:** Defendants object to this request, as it does not comply with Fed.R.Civ.Pro. 34(b)(1)(A) which states "The request: must describe with reasonable particularity each item or category of items to be inspected." This request is not asking for a specific document, and is phrased more like an interrogatory. Further, Defendants object to this request as it asks the Defendants to determine what evidence shows that an allegation is untrue, which would require showing the mental impression of counsel for the Defendants; therefore, is outside the scope of discovery. It also violates the work-product doctrine.

Lastly, Defendants object to this request as it asks for documents to disprove factual allegations; however, paragraph 47 to your Complaint did not contain any factual allegations. It contained legal conclusions. See Defendants' Answer to your Complaint. (DE 61)

32

**REQUEST FOR PRODUCTION NO. 50**:   Produce all evidence in your possession to show that the factual allegations contained in Paragraph #48 of the Complaint and Jury Demand are untrue.

**RESPONSE NO. 50**:   Defendants object to this request, as it does not comply with Fed.R.Civ.Pro. 34(b)(1)(A) which states "The request: must describe with reasonable particularity each item or category of items to be inspected."  This request is not asking for a specific document, and is phrased more like an interrogatory.  Further, Defendants object to this request as it asks the Defendants to determine what evidence shows that an allegation is untrue, which would require showing the mental impression of counsel for the Defendants; therefore, is outside the scope of discovery.  It also violates the work-product doctrine.

Lastly, Defendants object to this request as it asks for documents to disprove factual allegations; however, paragraph 48 to your Complaint did not contain any factual allegations.  It contained legal conclusions.  See Defendants' Answer to your Complaint. (DE 61)

**REQUEST FOR PRODUCTION NO. 51**:   Produce all evidence in your possession to show that the factual allegations contained in Paragraph #49 of the Complaint and Jury Demand are untrue.

**RESPONSE NO. 51**: Defendants object to this request, as it does not comply with Fed.R.Civ.Pro. 34(b)(1)(A) which states "The request: must describe with reasonable particularity each item or category of items to be inspected."   This request is not asking for a specific document, and is phrased more like an

33

interrogatory.  Further, Defendants object to this request as it asks the Defendants to determine what evidence shows that an allegation is untrue, which would require showing the mental impression of counsel for the Defendants; therefore, is outside the scope of discovery.  It also violates the work-product doctrine.

Lastly, Defendants object to this request as it asks for documents to disprove factual allegations; however, paragraph 49 to your Complaint did not contain any factual allegations.  It contained legal conclusions.  See Defendants' Answer to your Complaint. (DE 61)

**REQUEST FOR PRODUCTION NO. 52**:  Produce all evidence in your possession to show that the factual allegations contained in Paragraph #50 of the Complaint and Jury Demand are untrue.

**RESPONSE NO. 52**:  Defendants object to this request, as it does not comply with Fed.R.Civ.Pro. 34(b)(1)(A) which states "The request: must describe with reasonable particularity each item or category of items to be inspected." This request is not asking for a specific document, and is phrased more like an interrogatory.  Further, Defendants object to this request as it asks the Defendants to determine what evidence shows that an allegation is untrue, which would require showing the mental impression of counsel for the Defendants; therefore, is outside the scope of discovery.  It also violates the work-product doctrine.

Lastly, Defendants object to this request as it asks for documents to disprove factual allegations; however, paragraph 50 to your Complaint did not contain any

factual allegations. It contained legal conclusions. See Defendants' Answer to your Complaint. (DE 61)

**REQUEST FOR PRODUCTION NO. 53:** Produce all evidence in your possession to show that the factual allegations contained in Paragraph #51 of the Complaint and Jury Demand are untrue.

**ANSWER NO. 53:** Defendants object to this request, as it does not comply with Fed.R.Civ.Pro. 34(b)(1)(A) which states "The request: must describe with reasonable particularity each item or category of items to be inspected." This request is not asking for a specific document, and is phrased more like an interrogatory. Further, Defendants object to this request as it asks the Defendants to determine what evidence shows that an allegation is untrue, which would require showing the mental impression of counsel for the Defendants; therefore, is outside the scope of discovery. It also violates the work-product doctrine.

Lastly, Defendants object to this request as it asks for documents to disprove factual allegations; however, paragraph 51 to your Complaint did not contain any factual allegations. It contained legal conclusions. See Defendants' Answer to your Complaint. (DE 61)

**REQUEST FOR PRODUCTION NO. 54:** Produce all evidence in your possession to show that the factual allegations contained in Paragraph #52 of the Complaint and Jury Demand are untrue.

**RESPONSE NO. 54:** Defendants object to this request, as it does not comply with Fed.R.Civ.Pro. 34(b)(1)(A) which states "The request: must describe

35

with reasonable particularity each item or category of items to be inspected." This request is not asking for a specific document, and is phrased more like an interrogatory. Further, Defendants object to this request as it asks the Defendants to determine what evidence shows that an allegation is untrue, which would require showing the mental impression of counsel for the Defendants; therefore, is outside the scope of discovery. It also violates the work-product doctrine.

Lastly, Defendants object to this request as it asks for documents to disprove factual allegations; however, paragraph 52 to your Complaint did not contain any factual allegations. It contained legal conclusions. See Defendants' Answer to your Complaint. (DE 61)

**REQUEST FOR PRODUCTION NO. 55**: Produce all evidence in your possession to show that the factual allegations contained in Paragraph #53 of the Complaint and Jury Demand are untrue.

**RESPONSE NO. 55**: Defendants object to this request, as it does not comply with Fed.R.Civ.Pro. 34(b)(1)(A) which states "The request: must describe with reasonable particularity each item or category of items to be inspected." This request is not asking for a specific document, and is phrased more like an interrogatory. Further, Defendants object to this request as it asks the Defendants to determine what evidence shows that an allegation is untrue, which would require showing the mental impression of counsel for the Defendants; therefore, is outside the scope of discovery. It also violates the work-product doctrine.

Lastly, Defendants object to this request as it asks for documents to disprove factual allegations; however, paragraph 53 to your Complaint did not contain any factual allegations. It contained legal conclusions. See Defendants' Answer to your Complaint. (DE 61)

**REQUEST FOR PRODUCTION NO. 56:** Produce all evidence in your possession to show that the factual allegations contained in Paragraph #54 of the Complaint and Jury Demand are untrue.

**RESPONSE NO. 56:** Defendants object to this request, as it does not comply with Fed.R.Civ.Pro. 34(b)(1)(A) which states "The request: must describe with reasonable particularity each item or category of items to be inspected." This request is not asking for a specific document, and is phrased more like an interrogatory. Further, Defendants object to this request as it asks the Defendants to determine what evidence shows that an allegation is untrue, which would require showing the mental impression of counsel for the Defendants; therefore, is outside the scope of discovery. It also violates the work-product doctrine.

Lastly, Defendants object to this request as it asks for documents to disprove factual allegations; however, paragraph 54 to your Complaint did not contain any factual allegations. It contained legal conclusions. See Defendants' Answer to your Complaint. (DE 61)

**REQUEST FOR PRODUCTION NO. 57:** Produce all evidence in your possession to show that the factual allegations contained in Paragraph #55 of the Complaint and Jury Demand are untrue.

**RESPONSE NO. 57**: Defendants object to this request, as it does not comply with Fed.R.Civ.Pro. 34(b)(1)(A) which states "The request: must describe with reasonable particularity each item or category of items to be inspected." This request is not asking for a specific document, and is phrased more like an interrogatory. Further, Defendants object to this request as it asks the Defendants to determine what evidence shows that an allegation is untrue, which would require showing the mental impression of counsel for the Defendants; therefore, is outside the scope of discovery. It also violates the work-product doctrine.

Lastly, Defendants object to this request as it asks for documents to disprove factual allegations; however, paragraph 55 to your Complaint did not contain any factual allegations. It contained legal conclusions. See Defendants' Answer to your Complaint. (DE 61)

**REQUEST FOR PRODUCTION NO. 58**: Produce all evidence in your possession to show that the factual allegations contained in Paragraph #56 of the Complaint and Jury Demand are untrue.

**RESPONSE NO. 58**: Defendants object to this request, as it does not comply with Fed.R.Civ.Pro. 34(b)(1)(A) which states "The request: must describe with reasonable particularity each item or category of items to be inspected." This request is not asking for a specific document, and is phrased more like an interrogatory. Further, Defendants object to this request as it asks the Defendants to determine what evidence shows that an allegation is untrue, which would require

38

showing the mental impression of counsel for the Defendants; therefore, is outside the scope of discovery.  It also violates the work-product doctrine.

Lastly, Defendants object to this request as it asks for documents to disprove factual allegations; however, paragraph 56 to your Complaint did not contain any factual allegations.  It contained legal conclusions.  See Defendants' Answer to your Complaint. (DE 61)

**REQUEST FOR PRODUCTION NO. 59**:  Produce all evidence in your possession to show that the factual allegations contained in Paragraph #57 of the Complaint and Jury Demand are untrue.

**RESPONSE NO. 59**: Defendants object to this request, as it does not comply with Fed.R.Civ.Pro. 34(b)(1)(A) which states "The request: must describe with reasonable particularity each item or category of items to be inspected."  This request is not asking for a specific document, and is phrased more like an interrogatory.  Further, Defendants object to this request as it asks the Defendants to determine what evidence shows that an allegation is untrue, which would require showing the mental impression of counsel for the Defendants; therefore, is outside the scope of discovery.  It also violates the work-product doctrine.

Lastly, Defendants object to this request as it asks for documents to disprove factual allegations; however, paragraph 57 to your Complaint did not contain any factual allegations.  It contained legal conclusions.  See Defendants' Answer to your Complaint. (DE 61)  See also, the documents produced in Response to Request No. 1.

**REQUEST FOR PRODUCTION NO. 60**:  Produce all evidence in your possession to show that the factual allegations contained in Paragraph #58 of the Complaint and Jury Demand are untrue.

**RESPONSE NO. 60**:  Defendants object to this request, as it does not comply with Fed.R.Civ.Pro. 34(b)(1)(A) which states "The request: must describe with reasonable particularity each item or category of items to be inspected." This request is not asking for a specific document, and is phrased more like an interrogatory.  Further, Defendants object to this request as it asks the Defendants to determine what evidence shows that an allegation is untrue, which would require showing the mental impression of counsel for the Defendants; therefore, is outside the scope of discovery.  It also violates the work-product doctrine.

Lastly, Defendants object to this request as it asks for documents to disprove factual allegations; however, paragraph 58 to your Complaint did not contain any factual allegations.  It contained legal conclusions.  See Defendants' Answer to your Complaint. (DE 61)

**REQUEST FOR PRODUCTION NO. 61**:  Produce all evidence in your possession to show that the factual allegations contained in Paragraph #59 of the Complaint and Jury Demand are untrue.

**RESPONSE NO. 61**:  Defendants object to this request, as it does not comply with Fed.R.Civ.Pro. 34(b)(1)(A) which states "The request: must describe with reasonable particularity each item or category of items to be inspected." This request is not asking for a specific document, and is phrased more like an

interrogatory.  Further, Defendants object to this request as it asks the Defendants to determine what evidence shows that an allegation is untrue, which would require showing the mental impression of counsel for the Defendants; therefore, is outside the scope of discovery.  It also violates the work-product doctrine.

Lastly, Defendants object to this request as it asks for documents to disprove factual allegations; however, paragraph 59 to your Complaint did not contain any factual allegations.  It contained legal conclusions.  See Defendants' Answer to your Complaint. (DE 61)

**REQUEST FOR PRODUCTION NO. 62**:  Produce all evidence in your possession to show that the factual allegations contained in Paragraph #60 of the Complaint and Jury Demand are untrue.

**RESPONSE NO. 62**:  Defendants object to this request, as it does not comply with Fed.R.Civ.Pro. 34(b)(1)(A) which states "The request: must describe with reasonable particularity each item or category of items to be inspected."  This request is not asking for a specific document, and is phrased more like an interrogatory.  Further, Defendants object to this request as it asks the Defendants to determine what evidence shows that an allegation is untrue, which would require showing the mental impression of counsel for the Defendants; therefore, is outside the scope of discovery.  It also violates the work-product doctrine.

Lastly, Defendants object to this request as it asks for documents to disprove factual allegations; however, paragraph 60 to your Complaint did not contain any

factual allegations. It contained legal conclusions. See Defendants' Answer to your Complaint. (DE 61)

**REQUEST FOR PRODUCTION NO. 63**: Produce all evidence in your possession to show that the factual allegations contained in Paragraph #61 of the Complaint and Jury Demand are untrue.

**RESPONSE NO. 63**: Defendants object to this request, as it does not comply with Fed.R.Civ.Pro. 34(b)(1)(A) which states "The request: must describe with reasonable particularity each item or category of items to be inspected." This request is not asking for a specific document, and is phrased more like an interrogatory. Further, Defendants object to this request as it asks the Defendants to determine what evidence shows that an allegation is untrue, which would require showing the mental impression of counsel for the Defendants; therefore, is outside the scope of discovery. It also violates the work-product doctrine.

Without waiving said objections, Defendants are unaware of any documents responsive to this request at this time.

**REQUEST FOR PRODUCTION NO. 64**: Produce all evidence in your possession to show that the factual allegations contained in Paragraph #62 of the Complaint and Jury Demand are untrue.

**RESPONSE NO. 64**: Defendants object to this request, as it does not comply with Fed.R.Civ.Pro. 34(b)(1)(A) which states "The request: must describe with reasonable particularity each item or category of items to be inspected." This request is not asking for a specific document, and is phrased more like an

interrogatory. Further, Defendants object to this request as it asks the Defendants to determine what evidence shows that an allegation is untrue, which would require showing the mental impression of counsel for the Defendants; therefore, is outside the scope of discovery. It also violates the work-product doctrine.

Lastly, Defendants object to this request as it asks for documents to disprove factual allegations; however, paragraph 62 to your Complaint did not contain any factual allegations. It contained legal conclusions. See Defendants' Answer to your Complaint. (DE 61)

**REQUEST FOR PRODUCTION NO. 65**: Produce all evidence in your possession to show that the factual allegations contained in Paragraph #63 of the Complaint and Jury Demand are untrue.

**RESPONSE NO. 65**: Defendants object to this request, as it does not comply with Fed.R.Civ.Pro. 34(b)(1)(A) which states "The request: must describe with reasonable particularity each item or category of items to be inspected." This request is not asking for a specific document, and is phrased more like an interrogatory. Further, Defendants object to this request as it asks the Defendants to determine what evidence shows that an allegation is untrue, which would require showing the mental impression of counsel for the Defendants; therefore, is outside the scope of discovery. It also violates the work-product doctrine.

Lastly, Defendants object to this request as it asks for documents to disprove factual allegations; however, paragraph 63 to your Complaint did not contain any

43

factual allegations. It contained legal conclusions. See Defendants' Answer to your Complaint. (DE 61)

**REQUEST FOR PRODUCTION NO. 66**: Produce all evidence in your possession to show that the factual allegations contained in Paragraph #64 of the Complaint and Jury Demand are untrue.

**RESPONSE NO. 66**: Defendants object to this request, as it does not comply with Fed.R.Civ.Pro. 34(b)(1)(A) which states "The request: must describe with reasonable particularity each item or category of items to be inspected." This request is not asking for a specific document, and is phrased more like an interrogatory. Further, Defendants object to this request as it asks the Defendants to determine what evidence shows that an allegation is untrue, which would require showing the mental impression of counsel for the Defendants; therefore, is outside the scope of discovery. It also violates the work-product doctrine.

Lastly, Defendants object to this request as it asks for documents to disprove factual allegations; however, paragraph 64 to your Complaint did not contain any factual allegations. It contained legal conclusions. See Defendants' Answer to your Complaint. (DE 61)

**REQUEST FOR PRODUCTION NO. 67**: Produce all evidence in your possession to show that Plaintiff's Requested Admission #1 is untrue.

**RESPONSE NO. 67**: Defendants did not deny Request for Admission No. 1; therefore, no response to this Request is necessary.

44

**REQUEST FOR PRODUCTION NO. 68**:   Produce  all  evidence  in  your possession to show that Plaintiff's Requested Admission #2 is untrue.

**RESPONSE NO. 68**:  Defendants did not deny Request for Admission No. 2; therefore, no response to this Request is necessary.

**REQUEST FOR PRODUCTION NO. 69**:   Produce  all  evidence  in  your possession to show that Plaintiff's Requested Admission #3 is untrue.

**RESPONSE NO. 69**:  Defendants did not deny Request for Admission No. 3; therefore, no response to this Request is necessary.

**REQUEST FOR PRODUCTION NO. 70**:   Produce  all  evidence  in  your possession to show that Plaintiff's Requested Admission #4 is untrue.

**RESPONSE NO. 70**:  Defendants did not deny Request for Admission No. 4; therefore, no response to this Request is necessary.

**REQUEST FOR PRODUCTION NO. 71**:   Produce  all  evidence  in  your possession to show that Plaintiff's Requested Admission #5 is untrue.

**RESPONSE NO. 71**:  See the documents produced in Response to Request No. 1.

**REQUEST FOR PRODUCTION NO. 72**:   Produce  all  evidence  in  your possession to show that Plaintiff's Requested Admission #6 is untrue.

**RESPONSE NO. 72**:  See the documents produced in Response to Request No. 1.

**REQUEST FOR PRODUCTION NO. 73**:   Produce  all  evidence  in  your possession to show that Plaintiff's Requested Admission #7 is untrue.

45

**ANSWER NO. 73**: See the documents produced in Response to Request No. 1.

**REQUEST FOR PRODUCTION NO. 74**: Produce all evidence in your possession to show that Plaintiff's Requested Admission #8 is untrue.

**RESPONSE NO. 74**: Defendants did not deny Request for Admission No. 4; therefore, no response to this Request is necessary.

**REQUEST FOR PRODUCTION NO. 75**: Produce all evidence in your possession to show that Plaintiff's Requested Admission #9 is untrue.

**RESPONSE NO. 75**: Defendants object to this request as it asks the Defendants to determine what evidence shows that an allegation is untrue, which would require showing the mental impression of counsel for the Defendants; therefore, is outside the scope of discovery. It also violates the work-product doctrine.

**REQUEST FOR PRODUCTION NO. 76**: Produce all evidence in your possession to show that Plaintiff's Requested Admission #10 is untrue.

**RESPONSE NO. 76**: Defendants do not have any documents responsive to this request. Plaintiff should be in possession of them.

**REQUEST FOR PRODUCTION NO. 77**: Produce all evidence in your possession to show that Plaintiff's Requested Admission #11 is untrue.

**RESPONSE NO. 77**: See the documents produced in Response to Request No. 1.

46

**REQUEST FOR PRODUCTION NO. 78**:   Produce all evidence in your possession to show that Plaintiff's Requested Admission #12 is untrue.

**RESPONSE NO. 78**:   Defendants object to this request as it asks the Defendants to determine what evidence shows that an allegation is untrue, which would require showing the mental impression of counsel for the Defendants; therefore, is outside the scope of discovery.   It also violates the work-product doctrine.

Without waiving said objection, see the documents produced in Response to Request for Production No. 1.

**REQUEST FOR PRODUCTION NO. 79**:   Produce all evidence in your possession to show that Plaintiff's Requested Admission #13 is untrue.

**RESPONSE NO. 79**:   Defendants do not have any documents responsive to this request.  If they exist, they should be in Plaintiff's possession.

**REQUEST FOR PRODUCTION NO. 80**:   Produce all evidence in your possession to show that Plaintiff's Requested Admission #14 is untrue.

**RESPONSE NO. 80**:   Defendants do not have any documents responsive to this request.  If they exist, they should be in Plaintiff's possession.

**REQUEST FOR PRODUCTION NO. 81**:   Produce all evidence in your possession to show that Plaintiff's Requested Admission #15 is untrue.

**RESPONSE NO. 81**:   Defendants object to this request as it asks the Defendants to determine what evidence shows that an allegation is untrue, which would require showing the mental impression of counsel for the Defendants;

therefore, is outside the scope of discovery.   It also violates the work-product doctrine.

**REQUEST FOR PRODUCTION NO. 82**:   Produce all evidence in your possession to show that Plaintiff's Requested Admission #16 is untrue.

**RESPONSE NO. 82**:   Defendants object to this request as it asks the Defendants to determine what evidence shows that an allegation is untrue, which would require showing the mental impression of counsel for the Defendants; therefore, is outside the scope of discovery.   It also violates the work-product doctrine.

**REQUEST FOR PRODUCTION NO. 83**:   Produce all evidence in your possession to show that Plaintiff's Requested Admission #17 is untrue.

**RESPONSE NO. 83**:   Defendants object to this request as it asks the Defendants to determine what evidence shows that an allegation is untrue, which would require showing the mental impression of counsel for the Defendants; therefore, is outside the scope of discovery.   It also violates the work-product doctrine.

**REQUEST FOR PRODUCTION NO. 84**:   Produce all evidence in your possession to show that Plaintiff's Requested Admission #18 is untrue.

**RESPONSE NO. 84**:   Defendants object to this request as it asks the Defendants to determine what evidence shows that an allegation is untrue, which would require showing the mental impression of counsel for the Defendants;

48

therefore, is outside the scope of discovery. It also violates the work-product doctrine.

Respectfully submitted,

LESLIE RUTLEDGE
Attorney General

By: _____

Christine A. Cryer
Ark. Bar No. 2001082
Senior Assistant Attorney General
Arkansas Attorney General's Office
323 Center Street, Suite 200
Little Rock, AR 72201
Phone: (501) 683-0958
Fax:    (501) 682-2591
Email: christine.cryer@arkansasag.gov

Attorneys for Defendants

49

## **CERTIFICATE OF SERVICE**

I, Christine A. Cryer, hereby certify that on 21st day of September, 2017, I mailed this document by U.S. Postal Service to the following non-CM/ECF participant:

David A. Stebbins
123 West Ridge Street, Apt. D
Harrison, AR 72601

Christine A. Cryer

50

Blank Letter - Stebbins, David (XXX XX-4148) (System 7)                    Page 1 of 1

## STATE OF ARKANSAS

Asa Hutchinson
Governor

Chanise Childers, Ph D
Director

Arkansas Career Education
Division of Rehabilitation Services
Alan McClain, Commissioner

405 NORTH COLLEGE ST
150.
FAYETTEVILLE AR 72703
(479)582-1286

http://www.arsub.org
An Equal Opportunity Employer

December 17, 2015

David Stebbins
123 W. Ridge
D
Harrison, AR 72601

Dear David Stebbins:

Your case and records have been carefully reviewed and assessed by ARS. It has been determined that vocational rehabilitation services are not appropriate at this time.

The Licensed Psychological examiner has reported that a referral to a local mental healthcare provider is strongly recommended. Mr. Stebbins would likely benefit from treatment and the support of a therapeutic relationship. Efforts to work with Mr. Stebbins should be coordinated with his treatment providers. His vocational success will depend on him stabilizing and effectively managing his psychiatric issues. In order for Mr. Stebbins to be appropriate for ARS services he should be able to demonstrate a period of stable functioning. He will also need to provide documentation from his mental healthcare providers that his symptoms are well-managed and they agree he is ready for training, school or work.

After you have meet the requirements for vocational rehabilitation services and can provide documentation of treatment, stability and recommendations from providers that you are ready for training, school or work, we will reassess your vocational service needs.

Best Regards,
AMY JONES CRC
District Manager

Exh. 8

IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
LITTLE ROCK DIVISION

DAVID A. STEBBINS                                    PLAINTIFF

v.                              CASE NO. 4:16CV545 JM

STATE OF ARKANSAS, ARKANSAS                          DEFENDANTS
REHABILITATION SERVICES, AND
AMY JONES

### DEFENDANTS' ANSWERS TO PLAINTIFF'S INTERROGATORIES

COME NOW Defendants State of Arkansas, Arkansas Rehabilitation Services, and Amy Jones, by and through their attorneys, Attorney General Leslie Rutledge and Senior Assistant Attorney General Christine A. Cryer, and for their Answer to Plaintiff's Interrogatories, states as follows:

**INTERROGATORY NO. 1:** State the names, addresses, phone numbers, and (if applicable) e-mail addresses of every person the Defendants intend to call as a witness or who may have relevant evidence.

**ANSWER NO. 1:** Defendants have not yet decided who they intend to call as witnesses at trial. Once a final decision has been made, they will supplement this response.

At a minimum, Defendants intend to call the following: (a) David Stebbins, 123 West Ridge Street, Apt. D, Harrison, AR 72601, unknown ph#, stebbinsd@yahoo.com.; (b) Amy Jones, M.S., CRC, AR Department of Career Education, Arkansas Rehabilitation Services, 715 W. Sherman, Suite E  Harrison,

$Exh. 9$

AR 72601, (870) 741-7153, amy.jones@arkansas.gov; (c) Kevin Cook,    AR
Department of Career Education, Arkansas Rehabilitation Services, 715 W.
Sherman, Suite E  Harrison, AR 72601, (870) 741-7153, kevin.cook@arkansas.gov;
(d) Leslie S. Johnson, MS, Licensed Psychological Examiner, 4058 North College
Avenue, Fayetteville, AR 72703, unknown ph# or email address.    Further,
Defendants will consider calling any witness identified by Plaintiff, or any
individuals identified in the documents produced in discovery or in any other
pleadings in this case.

**INTERROGATORY NO. 2:** State, in as much detail as possible, everything
you considered when denying Plaintiff's application for ARS funding.    Please
understand that this Interrogatory requests *absolutely everything* that was
considered; if something is not listed in response to this interrogatory, it will be
presumed that it was not a factor.

**ANSWER NO. 2:** Defendants object to the wording of this Interrogatory, and
assumed presumptions made at the end.  Without waiving said objection, Plaintiff
was not denied ARS funding.  Services are planned after an assessment has been
completed and eligibility determined. After eligibility is made, an individualized
plan for employment (IPE) is written.  All services planned are based on the specific
employment outcome.   Funding for services depends on availability of resources,
comparable benefits and other factors.   Plaintiff was determined ineligible for ARS
services.  This determination was based on Amy Jones' assessment of Plaintiff's
inappropriate and hostile interactions with the staff, his medical and psychological

reports and refusal for treatment. All of those factors lead Ms. Jones to believe that Plaintiff would not benefit in terms of an employment outcome from the provisions of VR services.

**INTERROGATORY NO. 3:** I am of the belief that the Defendants denied my application for ARS funding in whole, not just in part, because of my disabilities and statutorily protected activities. I am of the belief that the consideration of any other factors is truly impossible because the Defendant does not know anything else about me, except the fact that I am "the guy who files lawsuits," meaning that there is nothing else the Defendants could possibly consider, even if they wanted to.

To either prove or disprove this, please state everything the Defendants know about the Plaintiff, no matter how big or small. If nothing is listed in response to this interrogatory, it will be presumed that it was not a factor.

**ANSWER NO. 3:** Defendants object to the wording of this Interrogatory, and assumed presumptions made at the end. Without waiving said objection, ARS is required to conduct an assessment to determine eligibility and feasibility of VR services. We do not discriminate against anyone's race, religion, disability, age, gender, criminal background, or any other circumstance.

**INTERROGATORY NO. 4:** Please state, with as much detail as possible, the factual bases for each of the defenses listed in Paragraphs 25-35 of the Defendant's Answer to Complaint (Doc. 61).

**ANSWER NO. 4:** Discovery is still on-going at this time. Once discovery has been further developed, the Defendants will supplement this response. Defendants

3

would, however, refer Plaintiff to the documents provided in Response to Plaintiff's

First Set of Request for Production of Documents, as they will likely serve the basis

for one or more affirmative defenses.


Respectfully submitted,

LESLIE RUTLEDGE
Attorney General

By: _____

Christine A. Cryer
Ark. Bar No. 2001082
Senior Assistant Attorney General
Arkansas Attorney General's Office
323 Center Street, Suite 200
Little Rock, AR 72201
Phone: (501) 683-0958
Fax:    (501) 682-2591
Email: christine.cryer@arkansasag.gov

Attorneys for Defendants

## CERTIFICATE OF SERVICE

I, Christine A. Cryer, hereby certify that on 21st day of September, 2017, I
mailed this document by U.S. Postal Service to the following:

David A. Stebbins
123 West Ridge Street, Apt. D
Harrison, AR 72601


_____
Christine A. Cryer

4

Contact Note: 12/04/2015 01:53:32 PM - Client Contact (David Stebbins, XXX-XX-414.... Page 1 of 2

# Client Contact Note

**Client Name:**     David Stebbins

**Date:**     12/04/2015
**Description:**     Client Contact

**Whose Note:**     LORRAINE MILLER CRC

**For Program:**     VR
**Status:**     02

**Type of Contact:**     Phone

Flag this Contact Note?

**Note:**
I was asked to speak with David on this date. He was quite agitated, and (I assume) wanted to speak with a supervisor about his counselor. Our District Manager was not available and I was asked to talk to him. I was told by the person answering his call that he had been "yelling" at her. When I picked up the phone and asked him his name, and how to spell it, etc., he asked if he could give me his number so I could call him back, which I promptly did. He sounded very, very anxious, was breathing hard, talking very fast, etc. At one point, I counseled with him on trying to calm himself down. He was upset because he had requested an exception to the service provision policy so he could get his school expenses paid. He wants to go to Arkansas Tech in Russellville, and will need to live in the dorm, and go to summer school since he would have to give up his apartment in Harrison. I asked what he wants to study, and he said computers. I inquired about his taking some online classes, but he did not think there were many he could take. He asked if I thought his request for ARS spending more than the allowed amount would be approved, and I told him I had no idea about that. I told him I seldom ask for an exception, and the requests aren't always approved. He wanted a different counselor, and said he wanted one that would be in Harrison more. I told him there was only one other counselor and I was not certain how many days she was in the Harrison office, as a large territory was served out of that office. He was most upset because he said his counselor had told him he would let him know on Thursday about his request for services exceeding the

**ARS 62**

Exh. 10

Contact Note: 12/04/2015 01:53:32 PM - Client Contact (David Stebbins, XXX-XX-414.....    Page 2 of 2

allowed amount. He said it was unprofessional that his counselor had not let him know since he had said he would tell him on Thursday. I explained that maybe his counselor had not been able to discuss the situation with his supervisor yet. At any rate, I did tell him I would talk to his counselor and ask him to call him today, and if he could not, I would try to call and update him on his request. He said he wanted a phone call, not an email.    LM

Assign this as a task to:

ABS 63

# Client Contact Note

Client Name:   David Stebbins

Date:   12/08/2015
Description:   Client Contact

Whose Note:

For Program:   VR
Status:   02

Type of   Phone
Contact:

**Flag this Contact Note?**

Note:
aa McGehee Received call from client around 2:20 p.m. on 12/08/2015 and
he was very rude and yelling. He was insisting to talk to Kevin Cook and I
tried to explain Kevin was not in the office. He would get quite and start
whispering like he had someone else to talk to but it sounded very strange as
he was doing the whispering.I ask him to please calm down so I could explain
and he would not stop so I told him to hold please so I could possibly get him
help and he was still screaming as I put him on hold and I transferred the call
to Caterina at this point because he did not want to listen to me at all.

Assign this as a task to:   |   |

*Exh. 11*

Contact Note: 12/08/2015 04:21:38 PM - Client Contact (David Stebbins, XXX-XX-414.....   Page 1 of 1

# Client Contact Note

**Client Name.**     David Stebbins

**Date:**            12/08/2015
**Description:**     Client Contact

**Whose Note:**      CATERINA MATHENY

**For Program:**     VR
**Status:**          02

**Type of**          Phone
**Contact:**

                                          Flag this Contact Note?

**Note:**
David call looking for his Counselor Kevin Cook, and ask regarding
information did we receive the medical records. I told him we have not
received records. He ask who didn't send the information and I told who
didn't send yet and he would try to find out why at 2:20pm, then call back at
3:20pm in a high voice yelling and would not calm down, client state that he
call Crossroads Medical Clinic and was hand up on him, tried again his call
wouldn't go through, I had to forward the call to Alana Walls to help with the
client. ccm

Assign this as a task to:    | |

**ARS 65**

*Exh, 12*

Contact Note: 12/08/2015 04:39:04 PM - Case Note (David Stebbins, XXX-XX-4148)... (...  Page 1 of 1

# Client Contact Note

**Client Name:**   David Stebbins

**Date:**   12/08/2015
**Description:**   Case Note

**Whose Note:**   ALANA WALLS

**For Program:**   VR
**Status:**   02

**Type of**   Phone
**Contact:**

Flag this Contact Note?

**Note:**
CRC was transferred a phone call around 3:25 from Mr. Stebbins.  Mr.
Stebbins sounded short of breath and emotionally upset as was noticeable
from his rapid speech and volume.  Mr. Stebbins was questioning why Mr.
Cook has not made any progress in his case and what else he needed to
provide the agency to send him to a doctor for a diagnosis.  CRC explained to
him the need for a documented disability from a doctor in order to be
determined eligible.  Mr. Stebbins' verbal behavior and temper continued to
escalate and CRC told him that she did not have to listen to his abusive
language and that if he would calm down an attempt would be made to
explain our eligibility policy.  He continued to ask the same questions
regarding why the information he had already supplied was not enough.  He
began to yell and CRC told him that she was not going to continue the
conversation, wished him a good afternoon and hung up.  A call was made to
Amy Jones, District Manager, advising her of the telephone encounter.

Assign this as a task to:  |  |

**ARS 66**

*Exh. 13*

# Client Contact Note

**Client Name:**    David Stebbins

**Date:**    12/08/2015
**Description:**    case update- contact with client

**Whose Note:**    AMY JONES CRC

**For Program:**
**Status:**

**Type of
Contact:**

Flag this Contact Note?

**Note:**
I received a message from Anita on 12/4 to contact David. Anita stated that
David was screaming at her on the phone and very angry that he got my
voicemail. Anita then asked Lorraine Miller to take David's call. Lorraine
expressed her concern about David's conversation and she documented her
conversation in the ECF. I tried to return David's call and there was no
answer.
I received a call today from Alana Walls that David called the Harrison office
and she was very concerned about the safety of the staff because of David's
behavior on the phone and she wanted to call the police.
I called David and spoke to him today regarding his case and his behavior to
the staff.
David was yelling, angry and breathing very heavy and rapid. I tried to calm
him down and expressed my concern for his well being. David is angry
because he had not received a call back from Kevin. I explained that I was
unable to contact David, so it was possible that Kevin was also unable to. I
also explained our services and the process for collecting medical records, 60
days to determine eligibility and assessments necessary to develop the IPE.
David's application was 12/1 and ROI's have been sent. I asked David how
he was referred to ARS and he stated that Disability Rights referred him to us
because they could not help him sue the Government. David stated that the
government is harassing him and that is partially why he is so angry with our
agency- because we are a government agency.

*Exh. H*

Contact Note: 12/08/2015 05:17:17 PM - case update- contact with client (David St... (Sy...   Page 2 of 2

David wants to go to college and is requesting that our agency pay to move him, pay for housing and pay full tuition and fees. I explained our process for eligibility and plan development again. I asked David about college experience. He stated to Kevin that he has $40,000 in student loans but only a couple of credits. David stated that he was thrown out of the U of A in Fayetteville in the Fall of 20007 for making threats. I asked what threats he made and he stated he doesn't know it's a 20 page report. David stated he then went to NAC and teachers provided him accommodations by pulling him aside to explain his behavior was abusive rather than calling it out in class. However, David was unable to complete most of his semesters.

David stated that he was discharged from St. Bernard's last April and has not received any treatment or care since then. I asked about discharge report and recommendations and David said he was told to go somewhere and went one time but that was it.

I expressed my concern for David's well being and mental stability based on the conversation we were having, throughout the conversation David maintain his escalated voice and rapid breathing and extreme agitation. I asked about family and friends or any support system that I could contact regarding my concern and David stated he hated his f***ing family and that was a 2 hour story. I stated that I didn't want the 2 hour story, I just wanted to see if anyone was available to help him. David stated that if he called me a fucking bitch fagot he would understand why I would be offended or feel threatened. But if he is just expressing his anger that I should understand. He can't control his anger especially when he cant get any answers. I explained our system and answered all his questions. I stated that I would speak to Kevin and to our psych examiner and would try to call him back tomorrow.

I spoke to Leslie about the case and she did not think he needed to be scheduled in any office at this time due to his instability.

I called Carl to explain the situation and he stated that we needed to contact the police to let them know of the harassing calls and threatening behavior. He stated that we needed to call a psychiatric facility for mandated reporting regarding our concern for his well being. I also informed the Harrison Office staff to keep doors from lobby to office area locked at all times. If David comes to the office they need to notify the police immediately. If David calls the office he is to be directed only to me from now on. I will follow-up tomorrow with this situation. I will inform the Fayetteville Office first thing in the morning as the office is currently closed. AJ

Assign this as a task to:

Contact Note: 12/09/2015 12:46:36 PM - update on medical hx- client case file (Da.. (Sy...    Page 1 of 1

# Client Contact Note

**Client Name:**    David Stebbins

**Date:**            12/09/2015
**Description:**     update on medical hx- client case file

**Whose Note:**    AMY JONES CRC

**For Program:**
**Status:**

**Type of**
**Contact:**

**Flag this Contact Note?**

**Note:**
I spoke to David on this date regarding his case.  I explained that I had
reviewed his medical documentation again and I wanted to clarify where the
remained of his most recent records were.  He was in Jonesboro in April 2015
for medical treatment.  He was transported to the ER because of an
attempted suicide.  I asked David where he was treated / transferred to from
the ER.  David stated that he was treated for 1-2 weeks at St. Bernard's
Behavior Clinic.  David stated he was released from the clinic on April 30th.  I
explained that I would like to review those records because I believe they will
have the latest psych eval on file.  I also wanted to see what his discharge
papers recommend for further or ongoing treatment.  David stated that he
could not remember the name of the therapist he saw after treatment.  I
explained that it was possibly on the report that David lost when his computer
crashed.  David told me to send a ROI to St. Bernard's for his records.  I
stated that I would do just that and once I had the records I would notify
David. AJ

Assign this as a task to:

ARS 72

Exh. 15

Contact Note: 12/16/2015 05:47:13 PM - closure narrative (David Stebbins, XXX-XX-... ...    Page 1 of 1

# Client Contact Note

**Client Name:**     David Stebbins

**Date:**     12/16/2015
**Description:**     closure narrative

**Whose Note:**     AMY JONES CRC

**For Program:**
**Status:**

**Type of**
**Contact:**

**Flag this Contact Note?**

**Note:**
David's case was closed status 08 on this date after determining that he is not
feasible for VR services at this time. David's behavior to both Fayetteville and
Harrison staff has been hostile at every encounter. David did not want to
cooperate in giving his medical information but relented that we could send
an ROI to his last place of treatment, St. Bernard's Behavioral unit. Once
records were received the RIDAC examiner reviewed records and concluded
that David was not feasible for VR services at this time. Based on the Mr.
Stebbins interaction with myself and staff, past records and history, and Mr.
Stebbins refusal for treatment, I have determined him ineligible for services. I
will notify Mr. Stebbins of this decision. I will alert the Harrison office staff to
be on alert. AJ

**Assign this as a task to:**

Exh. 16

**Test (9)**

People · Yahoo

**Thomas Nichols** <TNichols@disabilityrightsar.org> 📎 12/22/15 at 9:06 AM
To David Stebbins

David,

Here is the record review I was reading. Let me know if you are going to go forward with an appeal and, if so, whether you will use our services.

--Thomas

› Show original message



Record R...pdf

↩ Reply      ↩ Reply to All      ➡ Forward      ••• More

| **David Stebbins** Mr. Nichols, I just reviewed tho | 📎 12/22/15 at 9:24 AM |
| **David Stebbins** Mr. Nichols, Sorry; I forgot to r | 📎 12/22/15 at 9:26 AM |
| **Thomas Nichols** No records are attached to yo | 📎 12/22/15 at 9:28 AM |
| **David Stebbins** ------- | 📎 12/22/15 at 9:50 AM |

Click to Reply, Reply All or Forward

---

REHABILITATION INITIAL DIAGNOSIS AND ASSESSMENT FOR CLIENTS
ARKANSAS REHABILITATION SERVICES
4058 NORTH COLLEGE AVENUE, SUITE 150, FAYETTEVILLE, AR 72703

****This confidential report is generated for Arkansas Rehabilitation Services use only for the purposes of determining eligibility and program planning. It is not to be utilized as a stand-alone document for treatment purposes, and is the property of Arkansas Rehabilitation Services. It is not to be released to any third party.****

**RECORDS REVIEW**

NAME: David Stebbins
SEX: Male                      COUNSELOR: Amy Jones
DATE OF BIRTH: 12-29-88    DATE OF REVIEW: 12-15-15
REASON FOR REVIEW: to assist in determining feasibility of VR services/training

**EVALUATION PROCEDURES**

Review of mental health treatment records from St. Bernard's Healthcare dated April 24-30, 2-15

**RECORDS REVIEW**

Records from St. Bernard's indicated Mr. Stebbins had been transferred to their facility from Northwest Arkansas Regional Medical Center after a suicide attempt. The client received inpatient treatment at St. Bernards from April 24 through April 30. Discharge diagnoses were reported as follows:

Major Depressive Disorder, recurrent, severe
Asperger's' Disorder
Delusional Disorder NOS
Cluster B personality disorder traits (narcissistic and antisocial)

Mr. Stebbins indicated he attempted suicide by drinking bleach after he sued his father and lost. Records indicated he was arrested in 2011 for assaulting his father. Records also indicated he was kicked out of the U of A for making threatening statements. The client reported frustration, anger and depression over his situation. He denied homicidal ideation, but continued to report death wishes if he could 'die without pain'. Treatment records indicated Mr. Stebbins was impulsive, lacked insight, paranoid, irritable and agitated.

Treatment records indicated Mr. Stebbins feels he is chronically targeted by the government and law enforcement because he 'has the brains to be a leader and change things'. He acknowledged perseverative thoughts regarding this issue. A search of public records revealed multiple lawsuits filed by Mr. Stebbins against his parents, Wal-Mart, the U of A, and federal judges. Causes of action were mainly civil rights and discrimination.

At discharge, Mr. Stebbins denied suicidal or homicidal ideation. Safety planning was done and he was discharged home. He has indicated to Amy Jones that he is not currently in treatment for his mental health issues.

Documents Review – David Stebbins                                          2

**DSM-5 DIAGNOSTIC IMPRESSIONS**

See client records

**VOCATIONAL IMPLICATIONS**

Following is a list of ways in which the individual's observed or reported problem areas are likely to be manifested in a vocational setting.

Exh. 17

# Explanation of Academic Transcript

**History:** North Arkansas College was founded in 1974 as North Arkansas Community College. North Arkansas Community College and Twin Lakes Vocational Technical College joined together to form North Arkansas Community/Technical College in 1993. July 1, 1997 renamed to North Arkansas College.

**Accreditation:** North Arkansas College is accredited by The Higher Learning Commission of the North Central Association of Colleges and Schools.

**Credit Hours:** Northark uses the semester hour credit system.

**Grading System:**

| | | |
|---|---|---|
| A | = | 4.00 |
| B | = | 3.00 |
| C | = | 2.00 |
| D | = | 1.00 |
| F | = | 0.00 |
| W | = | 0.00 |

The following grades are not used in the computation of grade point averages:

| | | |
|---|---|---|
| AU | = | Audit |
| CR | = | Credit Earned |
| I | = | Incomplete |
| IP | = | In Progress |
| NC | = | No Credit |
| P | = | Passing |
| W | = | Withdrawal |
| WP | = | Withdrawal Passing |
| Z | = | Participated in Course, no credit earned |

**Transcript Symbols:**
* means report of another course
( ) means course credit not counted
% means Academic Clemency granted
[ ] means remedial; counted in TERM totals only

**Academic Status:** Unless otherwise noted, a student is considered in good academic standing.

**Course Numbering System:**
0001 – 0999    Developmental: will not count toward a certificate or degree. Not counted academic honors.

1000 – 1999    Freshman level courses; may be counted toward requirements for certificates or degrees.

2000 – 2899    Sophomore level courses; may be counted toward the requirements for a certificate or degree.

2900 – 2999    Experimental Course; may be counted toward the requirements for a certificate or degree.

**Repeating Courses:** Only the grade earned during the most recent enrollment in residence is computed in the cumulative grade point average.

Questions concerning the attached transcript should be forwarded to:
Registrar
North Arkansas College
1515 Pioneer Drive
Harrison, AR 72601
(870) 391-3221

*This transcript has been forwarded to you at the request of the student with the understanding that it will not be released to other parties. The Family Education Rights and Privacy Act of 1974 prohibits release of this information without the student's written consent. Please return this material to us if you are unable to comply with this condition of release.*

## TRANSCRIPT AUTHENTICITY:

A transcript is official when it bears the seal in the background on the front side of transcript, the embossed North Arkansas College seal, and includes the facsimile signature of the Registrar, title, and date of issue.

When photocopied, the word COPY appears prominently across the face of the entire document. ALTERATION OR FORGERY OF THIS DOCUMENT MAY BE A CRIMINAL OFFENSE! A black and white document is not an original and should not be accepted as an official institutional document. This transcript cannot be released to a third party without the written consent of the student. This is in accordance with the Family Rights and Privacy Act of 1974.

The square to the right on an ORIGINAL TRANSCRIPT is printed in thermochromic INK. When rubbed or breathed upon, the ink will fade and then gradually return to normal.

Exh. 18

**NORTH ARKANSAS COLLEGE**
**1515 PIONEER DRIVE**
**HARRISON, ARKANSAS 72601**

Stebbins David A
1407 N Spring Road Apt 5
Harrison, AR  72601
Major: AAS, Business Admin-Management
Report Date: 09-Dec-15

Soc Sec Num: 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
High School Grad. Year: 2007
Sex: Male
Birth date: 29-Dec-XXXX
Page 1 of 1

| Course | Description | Grade | Hours | Points | Course | Description | Grade | Hours | Points |
|--------|-------------|-------|-------|--------|--------|-------------|-------|-------|--------|
| TRANSFER CREDIT-UNIVERSITY OF ARKANSAS | | | | | | | | | |
| HIST2013 | HIST AMER 1877-PRE | CR | 3.00 | | | | | | |
| WCOB1111 | FRESH BUS CONNECT | CR | 1.00 | | | | | | |

Undergrad  Attempt  Earned  Points  Divisor  GPA
Current Term   0.00    4.00    0.00    0.00    0.00
Cum Undergrad  0.00    4.00    0.00    0.00    0.00

TRANSFER CREDIT-UNIVERSITY OF PHOENIX

| Course | Description | Grade | Hours | Points |
|--------|-------------|-------|-------|--------|
| GEN 105 | SKLS FOR LRN INFO | CR | 3.00 | |

Undergrad  Attempt  Earned  Points  Divisor  GPA
Current Term   0.00    3.00    0.00    0.00    0.00
Cum Undergrad  0.00    7.00    0.00    0.00    0.00

Fall Semester 2008

| Course | Description | Grade | Hours | Points |
|--------|-------------|-------|-------|--------|
| BA 1041 | PROF IMAGE BUILDING | C | 1.00 | 2.00 |
| CIS 1103 | INTRO TO INFO TECH | B | 3.00 | 9.00 |
| ENGL1013 | ENGLISH COMP I HNRS | W | 0.00 | |
| MAT 1223 | COLLEGE ALGEBRA | B | 3.00 | 9.00 |
| PHSC1044 | INTRO TO ASTRONOMY | W | 0.00 | |

Undergrad  Attempt  Earned  Points  Divisor  GPA
Current Term   7.00    7.00   20.00    7.00    2.86
Cum Undergrad  7.00   14.00   20.00    7.00    2.86

Spring Semester 2009

| Course | Description | Grade | Hours | Points |
|--------|-------------|-------|-------|--------|
| BA 1003 | INTRO TO BUSINESS | A | 3.00 | 12.00 |
| BA 1103 | BUSINESS MATH | A | 3.00 | 12.00 |
| BA 2713 | LEGAL ENVIRON BUSINS | C | 3.00 | 6.00 |
| ENGL1013 | ENGLISH COMP I | C | 3.00 | 6.00 |
| MM 1303 | HUMAN RELATIONS | W | 0.00 | |
| SPCH1313 | FUND OF ORAL COMM | B | 3.00 | 9.00 |

Undergrad  Attempt  Earned  Points  Divisor  GPA
Current Term  15.00   15.00   45.00   15.00    3.00
Cum Undergrad  22.00   29.00   65.00   22.00    2.95

Fall Semester 2009

| Course | Description | Grade | Hours | Points |
|--------|-------------|-------|-------|--------|
| BA 2003 | ACCOUNTING PRIN I | W | 0.00 | |
| ECON2313 | PRIN OF MACROECON | W | 0.00 | |
| ECON2323 | PRIN MICROECONOMICS | W | 0.00 | |
| MM 1203 | PRIN OF MANAGEMENT | W | 0.00 | |
| MM 1303 | HUMAN RELATIONS | A | 3.00 | 12.00 |

Undergrad  Attempt  Earned  Points  Divisor  GPA
Current Term   3.00    3.00   12.00    3.00    4.00
Cum Undergrad  25.00   32.00   77.00   25.00    3.08

Spring Semester 2010

| Course | Description | Grade | Hours | Points |
|--------|-------------|-------|-------|--------|
| BIOL1304 | GENERAL BOTANY | W | 0.00 | |
| SOC 2013 | INTRO TO SOCIOLOGY | W | 0.00 | |

Undergrad  Attempt  Earned  Points  Divisor  GPA
Current Term   0.00    0.00    0.00    0.00    0.00
Cum Undergrad  25.00   32.00   77.00   25.00    3.08

Summer I Semester 2010

| Course | Description | Grade | Hours | Points |
|--------|-------------|-------|-------|--------|
| PE 2051 | AEROBICS | A | 1.00 | 4.00 |

Undergrad  Attempt  Earned  Points  Divisor  GPA
Current Term   1.00    1.00    4.00    1.00    4.00
Cum Undergrad  26.00   33.00   81.00   26.00    3.12

** END OF TRANSCRIPT **

\* means repeat of another course
() means course credit not counted

\$ means Academic Clemency granted
[] means remedial credit; counted in TERM totals only



REGISTRAR

VOID

 **U.S. Bureau of Labor Statistics**

# Computer and Information Technology Occupations

Employment of computer and information technology occupations is projected to grow 12 percent from 2014 to 2024, faster than the average for all occupations. These occupations are expected to add about 488,500 new jobs, from about 3.9 million jobs to about 4.4 million jobs from 2014 to 2024, in part due to a greater emphasis on cloud computing, the collection and storage of big data, more everyday items becoming connected to the Internet in what is commonly referred to as the "Internet of things," and the continued demand for mobile computing.

The median annual wage for computer and information technology occupations was $82,860 in May 2016, which was higher than the median annual wage for all occupations of $37,040.

| | Occupation | Job Summary | Entry-Level Education | 2014 MEDIAN PAY |
|---|---|---|---|---|
| | **Computer and Information Research Scientists** | Computer and information research scientists invent and design new approaches to computing technology and find innovative uses for existing technology. They study and solve complex problems in computing for business, medicine, science, and other fields. | Doctoral or professional degree | $111,840 |
| | **Computer Network Architects** | Computer network architects design and build data communication networks, including local area networks (LANs), wide area networks (WANs), and intranets. These networks range from small connections between two offices to next-generation networking capabilities such as a cloud infrastructure that serves multiple customers. | Bachelor's degree | $101,210 |
| | **Computer Programmers** | Computer programmers write and test code that allows computer applications and software programs to function properly. They turn the program designs created by software developers and engineers into instructions that a computer can follow. | Bachelor's degree | $79,840 |
| | **Computer Support Specialists** | Computer support specialists provide help and advice to people and organizations using computer software or equipment. Some, called computer network support specialists, support information technology (IT) employees within their organization. Others, called computer user support specialists, assist non-IT users who are having computer problems. | See How to Become One | $52,160 |
| | **Computer Systems Analysts** | Computer systems analysts study an organization's current computer systems and procedures and design information systems solutions | Bachelor's degree | $87,220 |

Exh. 19

9/25/2017, 8:28 PM

| Occupation | Job Summary | Entry-Level Education | 2014 MEDIAN PAY |
|---|---|---|---|
| | to help the organization operate more efficiently and effectively. They bring business and information technology (IT) together by understanding the needs and limitations of both. | | |
| Database Administrators | Database administrators (DBAs) use specialized software to store and organize data, such as financial information and customer shipping records. They make sure that data are available to users and are secure from unauthorized access. | Bachelor's degree | $84,950 |
| Information Security Analysts | Information security analysts plan and carry out security measures to protect an organization's computer networks and systems. Their responsibilities are continually expanding as the number of cyberattacks increases. | Bachelor's degree | $92,600 |
| Network and Computer Systems Administrators | Computer networks are critical parts of almost every organization. Network and computer systems administrators are responsible for the day-to-day operation of these networks. | Bachelor's degree | $79,700 |
| Software Developers | Software developers are the creative minds behind computer programs. Some develop the applications that allow people to do specific tasks on a computer or another device. Others develop the underlying systems that run the devices or that control networks. | Bachelor's degree | $102,280 |
| Web Developers | Web developers design and create websites. They are responsible for the look of the site. They are also responsible for the site's technical aspects, such as its performance and capacity, which are measures of a website's speed and how much traffic the site can handle. In addition, web developers may create content for the site. | Associate's degree | $66,130 |

**Publish Date:** Thursday, December 17, 2015

---

U.S. Bureau of Labor Statistics | Office of Occupational Statistics and Employment Projections, PSB Suite 2135, 2 Massachusetts Avenue, NE Washington, DC 20212-0001

www.bls.gov/ooh | Telephone: 1-202-691-5700 | Contact OOH