UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF ARKANSAS
LITTLE ROCK DIVISION

DAVID A. STEBBINS                                                                    PLAINTIFF

VS.                               CASE NO. 4:16CV00545-JM

STATE OF ARKANSAS, ARKANSAS
REHABILITATION SERVICES, AND AMY JONES                        DEFENDANTS

## SUPPLEMENT TO PLAINTIFF'S SECOND MOTION FOR SUMMARY JUDGMENT

Comes now, *pro se* Plaintiff David Stebbins, who hereby submits the following Supplement to my Second Motion for Summary Judgment.

1. I am suing the State of Arkansas and ARS for the torts of Title II disability discrimination and ADA retaliation. I am also suing Amy Jones for an act of First Amendment Retaliation.

2. I have moved for summary judgment on all three counts, showing that the essential elements of the torts were established either by the Defendant's own admission or by the Defendant's own records. The only material fact that was not proven by either of those two things is the calculation of damages, and that is still judicially noticeable because it comes from the United States Bureau of Labor Statistics, so it is still not subject to genuine dispute.

3. For the tort of Title II disability discrimination, I maintain that the essential element of "causal connection" was proven beyond genuine dispute because the Defendants admit, in their response to one of my interrogatories, that their decision to deny me funding for college was made, at least in part, on my "medical and psychological reports and refusal for treatment." See Undisputed Fact No. 7.

4. I also maintained that this determination that my disabilities prohibited me from succeeding in the workforce was not based on personal knowledge, but rather, on speculation and conjecture. See Undisputed Fact No. 5.

5. On the same day that the Second Motion for Summary Judgment got uploaded to PACER – September 28, 2017 – I received in the mail the Defendant's Response to Motion in Limine (Doc. 78). This document contained even more language unequivocally confessing to the essential elements of Title II disability discrimination.

6. On Page 2 of their Response, Paragraph 7, it says, plain as day ...

> "In his Complaint, Stebbins alleges he is capable of attending school, completing his coursework, and becoming a productive employee in the workforce. Defendants do not currently know this to be true or untrue."

7. There it is in black and white. The Defendants, by their own admission, denied me funding solely on the *possibility* that my disabilities might interfere with my vocational rehabilitation! They did not base this on personal knowledge gained from a thorough, individualized assessment of my physical or mental abilities; by their own admission, it was pure speculation!

8. Initially, they acted like the presence of my symptoms was all the evidence they needed that I could not succeed in the workforce. See Doc. 16 ("[T]hese symptoms are illustrative of why Plaintiff could not ... succeed in the workforce"). Now the Defendants appear to be completely switching horses, admitting that they don't know if I can succeed or not.

9. This Court has already determined that it is insufficient, as a matter of law, to discriminate on the basis of the disability solely on the possibility that the disability might render the plaintiff unqualified. See Doc. 51. Despite this, the Defendants freely admit that this is in fact what they did.

10. Remember that, because I receive SSI benefits, that automatically makes me qualified for ARS funding regardless of any other factors. See Undisputed Facts Nos. 14 & 15. If you continue to read that exhibit, you will also find the following:

> "The individual who is presumed eligible as a recipient of SSI/SSDI and who intends to achieve an employment outcome is eligible unless clear and convincing

evidence demonstrate that the individual is incapable of benefiting from vocational services in terms of achieving an employment outcome due to the severity of the disability.

11. In other words, when denying my application for funding, the ARS did not even comply with *their own policies*! I was singled out for special treatment because they don't like me! What more do you need?!

12. This case is getting more cut and dry every day. It seems that every time the Defendants open their mouths, they issue more and more confessions to their torts. Now, they have freely admitted that their finding that I would not benefit from their services was based almost entirely on speculation rather than personal knowledge. They keep confessing to the torts; why they do not offer a settlement agreement to me at this point is anyone's guess.

13. Wherefore, premises considered, I respectfully request that this Court issue summary judgment in my favor, issue injunctions to Amy Jones and the ARS to pay for all my college expenses that I cannot obtain funding for otherwise, issue an injunction to the State of Arkansas to never again use my litigation history as a factor in any of their decisions, award me compensatory damages in the amount of $1,724.73 per week from December 17, 2015 until I begin college, award punitive damages of four times that amount, and any other relief to which I may be entitled.

So requested on this, the 28th day of September, 2017.

/s/ David Stebbins
David Stebbins
123 W. Ridge St.,
APT D
Harrison, AR 72601
870-204-6516
stebbinsd@yahoo.com