UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
WESTERN DIVISION

DAVID A. STEBBINS                                                                                      PLAINTIFF

V.                                      No. 4:16CV00545-JM-JTR

STATE OF ARKANSAS,
ARKANSAS REHABILITATION SERVICES,
and AMY JONES                                                                                         DEFENDANTS

## ORDER

On August 7, 2017, Defendants filed their Answer to Plaintiff's Complaint. (*Doc. 61.*) In ¶ 35 of their Answer, Defendants request to transfer this case to the United States District Court for the Western District of Arkansas. Plaintiff, David Stebbins ("Stebbins"), has filed a Motion to Strike and for Sanctions (*Doc. 63*) and a Brief in Support (*Doc. 64 ¶¶ 37-41*), in which he objects to transfer. The Court will construe Defendants' request as a Motion to Transfer under 28 U.S.C. § 1404(a).

Defendants assert that the case should be transferred to the Western District of Arkansas because: (1) all of the alleged events occurred in the Western District; (2) Stebbins is a resident of Harrison, Arkansas, located in Boone County in the Western District; and (3) Defendant Jones is employed by Arkansas Rehabilitation Services and is stationed in its Northwest Arkansas division, which is located in the Western District. (*Doc. 61 ¶ 35; see Doc. 2 ¶¶ 7 & 13.*)

Stebbins asserts that venue is "equally proper" in both the Western and Eastern Districts because Defendant State of Arkansas is "headquartered in Little Rock," in the Eastern District.[1]

---

[1] The federal venue statute provides that, in a case that is not based on diversity jurisdiction, venue is proper in the judicial district where "any defendant resides" or "a substantial part of the events or omissions giving rise to the claim occurred." 28 U.S.C. § 1391(b).

(*Doc. 64 ¶¶ 37, 40-41; see also Doc. 2 ¶ 2.*)  He argues that, unless Defendants can establish more than "residency status" as a basis for transfer, the Court should defer to his choice as the Plaintiff. (*Doc. 64 ¶¶ 39-41.*)

Defendants' request to transfer is governed by 28 U.S.C. § 1404(a), which provides: "For the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought." In considering a request to transfer, courts should "weigh any 'case-specific' factors relevant to convenience and fairness to determine whether transfer is warranted." *In re Apple, Inc.,* 602 F.3d 909, 912 (8th Cir. 2010).

In balancing the convenience factor under § 1404(a), courts should consider: (1) the convenience of the parties; (2) the convenience of the potential witnesses; (3) the accessibility to records and documents, (4) the location where the conduct complained of occurred; and (5) the applicability of each forum's substantive law. *Terra Int'l, Inc. v. Mississippi Chemical Corp.,* 119 F.3d 688, 696 (8th Cir. 1997). Here, the convenience of the parties and witnesses strongly weigh in favor of transfer to the Western District: (1) All of the events giving rise to Stebbins's claims occurred in the Western District; (2) All of the fact witnesses appear to reside in the Western District; (3) The relevant records and documents are located there; and (4) Stebbins and Defendant Jones reside in the Western District, which is also the location of the Northwest Arkansas division of Defendant Arkansas Rehabilitation Services, which had all of the relevant contacts with Stebbins.

In deciding whether transfer is in the "interest of justice," courts consider factors such as: (1) judicial economy; (2) the plaintiff's initial forum choice; (3) the comparative costs to both parties of litigating in the different forums; (4) enforceability issues for any resulting judgment;

2

(5) obstacles to a fair trial; (6) conflict of law concerns; and (7) the advantage of having a local court determine questions of local law. *Terra Int'l*, 119 F.3d at 696.

Most of these factors are either neutral or weigh strongly in favor of transfer. Stebbins has made it clear that he wants to litigate this case in the Eastern District of Arkansas. He is also correct that federal courts should give some deference to a plaintiff's initial choice of forum. *In re Apple, Inc.*, 602 F.3d at 913. However, the general practice of affording deference "is based on the assumption that the plaintiff's choice will be a convenient one." *Id.* Courts have held "when the conduct central to the complaint occurred outside the chosen forum," the plaintiff's initial choice is entitled to less weight. *Petty v. Cancer Treatment Centers of America Professional Corp. of Oklahoma, Inc.*, 2017 WL 4181353, *6 (W.D. Ark. Sept. 21, 2017). Accordingly, while Stebbins's choice of the Eastern District is entitled to some deference, it is not dispositive and must be balanced against the other factors outlined in 28 U.S.C. § 1404(a). .

Thus, the Court concludes that the convenience of the parties and the witnesses, and the relevant interests of justice, favor transfer of this case from the Eastern District of Arkansas to the Western District. Accordingly, Defendants' request for transfer is GRANTED. The Clerk is directed to immediately transfer Stebbins's case file to the Western District of Arkansas, Harrison Division.

IT IS SO ORDERED this 13th day of October, 2017.

_____
UNITED STATES DISTRICT JUDGE